UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE
                    Petitioner,

    -against-

LEEWARD CONSTRUCTION COMPANY, LTD.

                   Respondents.
----------------------------------------------------------X

Case No. 14CV8410(LAK)

**(ECF Case)**

Hon.

**VERIFIED PETITION**

Petitioner American University of Antigua College of Medicine (hereafter "AUA") petitions and moves this court pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 et seq., for an order confirming a Partial Final Arbitration Award, certified September 18, 2014 and for entry of a money judgment against the Respondent and in favor of Petitioner for the amount stated in the Award: to wit, EC$3,614,522.41/US $1,344,588.35[1]:\

## THE PARTIES

1. Petitioner AUA is a corporation duly organized and existing under the laws of Antigua and Barbuda, with office and principal place of business at University Park, Jabberwock Beach Road, Coolidge, Antigua, W.I.

2. Respondent Leeward Construction Company, Ltd. (hereinafter, "Leeward") has asserted that it is a corporation organized and existing under the laws of Antigua and Barbuda, with an office and principal place of business at All Saints Road, St. Johns, Antigua, W.I. (, hereafter "Respondent").

---

[1] The Arbitration Tribunal awarded damages in Eastern Caribbean Dollars ("EC"). As of September 18, 2014, the conversion rate for Eastern Caribbean dollars to United States dollars is 0.3704 United States dollars for each Eastern Caribbean dollar, and United States dollar to Eastern Caribbean dollar is 2.700 Eastern Caribbean dollars for each United States dollar. See http://www.likeforex.com. For purposes of this Petition/Motion, the Petitioner will reference the award going forward in both United States Dollars and Eastern Caribbean Dollars.

## JURISDITIONAL STATEMENT

3. This Court has jurisdiction over this proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §203 (the "Convention").

4. This Court also has jurisdiction over the proceeding pursuant to 28 U.S.C. §1331 in that this action arises under a treaty of the United States; to wit, the Convention.

## VENUE

5. Pursuant to 9 U.S.C. §204 and 28 U.S.C. §139l(b)(2) and (3), venue is proper in the United States District Court for the Southern District of New York because there is no district in which this action otherwise may be brought and Leeward is subject to the Court's personal jurisdiction over it in this action, having availed itself of this Court in a related arbitration and having retained counsel in this District to represent it in both that and the instant arbitration and because a substantial part of the monies in controversy in this action are located in this District.

## FACTS

6. On September 25, 2008, Leeward, as contractor, and the AUA, as owner, executed a contract for the construction of a medical school in Coolidge, Antigua (the "Contract"). Section 4.6 of the General Conditions to the Contract contains an arbitration agreement that reads as follows:

> §4.6 ARBITRATION
>
> § 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after

> submission of the Claim to the Architect, be subject to arbitration.

> § 4.6.2 Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any Arbitration will be Antigua.

7. A copy the Contract containing the above quoted arbitration agreement is annexed hereto as Exhibit A.

8. On February 7, 2013, Leeward commenced an arbitration proceeding with the American Arbitration Association International Center for Dispute Resolution (hereinafter the "AAA") for the arbitration of claims that it asserted against AUA arising out of and related to the Contract. Pursuant to the Construction Industry Rules of American Arbitration Association, the AAA appointed a panel of three arbitrators to hear and determine the claims.

9. Through its Statement of Claim in the arbitration (Exhibit B), Leeward sought an award from AUA of EC$83,059.56/US$30,762, which sum Leeward claims was owed it as a result of an alleged "mis-tabulation" of monies due it from AUA as Antigua and Barbuda Sales Tax ("ABST") in connection with its work as general contractor on the construction of AUA's medical school.

10. On February 27, 2013, AUA served and filed its Answer and Counterclaims to Leeward's Statement of Claim through which AUA denied that Leeward was entitled to the sums it

sought and, itself, sought an award against Leeward in the sum of E C $3,614,522.41/ US$1,344,588.35 for reimbursement of ABST that it had remitted to Leeward during the construction of the school and to which AUA asserted Leeward had no entitlement or right to collect or receive from AUA.

11. Subsequently, with the permission of the arbitrator, AUA amended its Answer and Counterclaims to include counterclaims for damages based on defects in Leeward's work (the "Construction Defects Claims").

12. Copies of AUA's Answer and Counterclaims and Amended Counterclaims are annexed to hereto as Exhibits C and D respectively.

13. Thereafter, both parties moved the Arbitrators for, essentially, summary judgment. Leeward sought to have AUA's defenses to its claim and all of AUA's counterclaims stricken on various grounds including res judicata and waiver; AUA sought an award striking both Leeward's claim against AUA and Leeward's defenses to AUA's counterclaims for reimbursement of ABST and directing that Leeward pay AUA the sums that it had paid Leeward as ABST as above set forth.

14. Initially, the Arbitrators denied both motions on the ground that there existed issues of fact that could not be resolved through motion practice (A copy of the Arbitrators' "Decision on the Parties' Dispositive Motions and Related Counterclaims" pursuant to which the respective motions of the parties were initially denied is annexed to the Petition herein as Exhibit E).

15. Thereafter, the Arbitrators conducted additional proceedings, and with the consent of the parties, reviewed their initial Decision and, based on them, determined to

reconsider their initial Decision.

16. By Partial Final Award certified September 18, 2014, ultimately, the Arbitrators denied Leeward's dispositive motion and granted AUA's motion. Pursuant to the Partial Final Award, the Arbitrators found that there was no merit to Leeward's claim against AUA or to Leeward's defenses to AUA's counterclaims for reimbursement of ABST that it had paid to Leeward and directed Leeward to pay damages to AUA in the amount of EC$3,614,522.41/US$1,344,588.35.

17. A copy of the Partial Final Arbitration Award certified on September 18, 2014, is annexed herein as Exhibit F.

18. As a result, there remains to be arbitrated only AUA's Construction Defects Claims against Leeward and the parties' respective claims for costs of the arbitration.

19. Pursuant to the Partial Final Award and the Convention on the Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 et seq., AUA is entitled to Judgment against the Respondent, Leeward, in amount of EC$3,614,522.41/US$1,344,588.25, no part of which has been paid, although duly demanded.

**WHEREFORE**, for reasons set forth herein, Petitioner AUA petitions and moves this Court to confirm the Final Arbitration Award and enter a judgment against the Respondent in the sum of US$1,344,588.35.

Dated: September 30, 2014
New York, New York

_____
Leonard A. Sclafani, Esq.
Law Offices of Leonard A. Sclafani, Esq.
1 Battery Park Plaza, 33rd Floor
New York, NY 10004
Telephone: (212) 696-9880

## VERIFICATION

Neal Simon, being first duly sworn, deposes and says:

I am president of petitioner named in the Petition herein. I have reviewed the Petition herein and know the contents thereof. The allegations set forth therein are true to my knowledge, information and belief based upon my personal knowledge and upon my review of the relevant books and records of the Petitioner.

Neal Simon

Sworn to before me this 16th
Day of October 16, 2014

Notary Public

LEONARD A. SCLAFANI
Notary Public, State of New York
No. 02SC6120579
Qualified in Westchester County
Commission Expires December 20, 2016