**American Arbitration Association**
*Dispute Resolution Services Worldwide*

**CONSTRUCTION INDUSTRY ARBITRATION RULES**
**Demand for Arbitration**

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box. ☐ There is no additional administrative fee for this service.*

| Name of Respondent | Name of Representative (if known) |
|---|---|
| American University of Antigua - College of Medicine | Leonard Sclafani, Esq. |
| Address: | Name of Firm (if applicable) |
| c/o Manipal Education Americas, LLC, Agent for AUA | American University of Antigua - College of Medicine |
| | Representative's Address: |
| One Battery Park Plaza, 33rd Floor | One Battery Park Plaza, 33rd Floor |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| New York | NY | 10004 | New York | NY | 10004 |
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| 212-661-8849 | | | 212-661-8849 | | |
| Email Address: | | | Email Address: | | |

The named claimant, a party to an arbitration agreement dated September 25, 2008, which provides for arbitration under the Construction Industry Rules of the American Arbitration Association, hereby demands arbitration.

ARBITRATION CLAUSE: Please indicate whether the contract containing the dispute resolution clause governing this dispute is a standard industry form contract (such as AIA, ConsensusDOCS or AGC) or a customized contract for the specific project.
Contract Form: AIA Document 201-1997

**THE NATURE OF THE DISPUTE**
See attached.

| Dollar Amount of Claim $ | Other Relief Sought: ☒ Attorneys Fees ☒ Interest |
|---|---|
| EC $83,059.56 / US $30,762.80 | ☒ Arbitration Costs ☐ Punitive/ Exemplary ☐ Other |

Amount Enclosed $ 975.00    In accordance with Fee Schedule: ☐ Flexible Fee Schedule ☒ Standard Fee Schedule

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Jorge R. Jimenez, Esq.; Hector M. Varela, PE, MBA, FASCE; or Jose Rafael Capo Lopez, Esq.

| Hearing locale requested San Juan, Puerto Rico | Project site AUA College of Medicine, Antigua |
|---|---|
| Estimated time needed for hearings overall: ___ hours or 1.00 days | Specify type of business: Claimant General Contractor / Respondent Medical School |

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

| Signature (may be signed by a representative)   Date: 2/7/2013 | Name of Representative |
|---|---|
| | J. Scott Greer, Esq. |
| Name of Claimant | Name of Firm (if applicable) |
| Leeward Construction Company Limited | Lewis & Greer, P.C. |
| Address (to be used in connection with this case) | Representative's Address |
| All Saints Road, PO Box 1400 | 510 Haight Avenue, Suite 202 |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| St. Johns, Antigua | | | Poughkeepsie | NY | 12603 |
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| 268-462-0071 | | | 845-454-1200 | | 845-454-3315 |
| Email Address: | | | Email Address: | | |
| info@leeward.ag | | | jsgreer@lewisgreer.com | | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Case Filing Services can be reached at 877-495-4185.

AMERICAN ARBITRATION ASSOCIATION
CONSTRUCTION INDUSTRY ARBITRATION RULES
DEMAND FOR ARBITRATION

Date: February 7, 2013

TO:   Neal S. Simon, President
      American University of Antigua, College of Medicine
      c/o Manipal Education Americas, LLC,
      Agent for American University of Antigua, College of Medicine
      Kasturba Medical College International Center
      One Battery Park Plaza, 33rd Floor
      New York, NY 10004

**PLEASE TAKE NOTICE THAT** Leeward Construction Company, Ltd. ("Leeward"), a party to a written agreement dated September 25, 2008 (the "Contract"), which, *inter alias* provides that:

§ 4.6 ARBITRATION

§ 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.

§ 4.6.2 Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any Arbitration will be Antigua.

(A copy of the "Agreement to Arbitrate" as set forth in the General Conditions to the Contract, is annexed hereto) hereby demands arbitration of the following disputes, which are subject to arbitration thereunder:

This dispute arises out of the construction of a medical school in St. Johns, Antigua. On September 25, 2008, Leeward, as general contractor, entered into a Contract with the Respondent, American University of Antigua — College of Medicine (the "AUA"), as owner, for the construction of the medical school for the fixed price of EC $27,436,824.00, subject to additions and deductions as provided in the contract documents.

**CLAIMANT** seeks recovery of contract funds in the amount of EC$83,059.56/US$30,762.80[1] that were inadvertently mis-tabulated as Antigua and Barbuda Sales Tax during the requisition process. The Respondent admitted owing these funds at a prior related arbitration proceeding entitled *Leeward Construction Company, Inc. v. American University of Antigua, College of Medicine*, Case No. 50 110 T 00075 11, Jose R. Capo, Esq., Jorge R. Jimenez, Esq. and Hector M. Varela, PE, MBA, FASCE. The relevant facts as previously determined by the Arbitration Tribunal are set forth in the Arbitration Award dated June 22, 2012, as modified by The Final Arbitration Award dated August 8, 2012. The issue concerning the ABST is set forth on pages 11-12 and 27-28 of the Award. (A copy of the award as modified is attached hereto and incorporated herein.)

CLAIMANT seeks cost of arbitration

CLAIMANT seeks attorneys fees.

---

[1] The Arbitration Tribunal awarded damages in Eastern Carribean Dollars ("EC"). As of June 22, 2012 and August 8, 2012, the conversion rate for Eastern Caribbean dollars to United States dollars is 0.3704 United States dollars for each Eastern Caribbean dollar, and United States dollar to Eastern Caribbean dollar is 2.700 Eastern Caribbean dollars for each United States dollar. *See* http://www.likeforex.com. For purposes of this Petition/Motion, the Petitioner will reference the award going forward in both United States Dollars and Eastern Caribbean Dollars.

**PLEASE TAKE FURTHER NOTICE** that in accordance with §4.61 of the General Conditions to the Contract, a written claim, dated November 20, 2012 and supplemented on December 21, 2012, upon which this demand for arbitration is founded, was served upon Sundaram Architects Pvt. Ltd. ("Sundaram Architects") and the AUA, and that the AUA having the power to pay the claims have neglected or refused to make payment thereof for more than thirty (30) days after such presentment.

**YOU ARE HEREBY NOTIFIED** that a copy of this Demand for Arbitration with a copy of the agreement to arbitrate will be filed with the International Center for Dispute Resolution, American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043, USA location, with a request that it commence administration of the arbitration pursuant to the Construction Industry Rules. Under the rules, you may file a Statement of Defense within the time specified in the rules after notice from the administrator.

Dated: February 7, 2013
Poughkeepsie, New York

Leeward Construction Co. Ltd.

By: _____
J. Scott Greer, Esq.
**Lewis & Greer, P.C.**
*Attorney for Claimant,*
*Leeward Construction Co. Ltd.*
510 Haight Avenue, P.O. Box 5990
Poughkeepsie, New York 12603
Tel: (845) 454-1200
email: jsgreer@lewisgreer.com

cc: Eric Linde, Chairman
Leeward Construction Co. Ltd.
All Saints Road, P.O. Box 1400
St. Johns, Antigua
Tel: (268) 462-0071
email: info@leeward.ag

§ 4.4.5 The Architect will approve or reject Claims by written decision, which shall state the reasons therefor and which shall notify the parties of any change in the Contract Sum or Contract Time or both. The approval or rejection of a Claim by the Architect shall be final and binding on the parties but subject to mediation and arbitration.

§ 4.4.6 When a written decision of the Architect states that (1) the decision is final but subject to mediation and arbitration and (2) a demand for arbitration of a Claim covered by such decision must be made within 30 days after the date on which the party making the demand receives the final written decision, then failure to demand arbitration within said 30 days' period shall result in the Architect's decision becoming final and binding upon the Owner and Contractor. If the Architect renders a decision after arbitration proceedings have been initiated, such decision may be entered as evidence, but shall not supersede arbitration proceedings unless the decision is acceptable to all parties concerned.

§ 4.4.7 Upon receipt of a Claim against the Contractor or at any time thereafter, the Architect or the Owner may, but is not obligated to, notify the surety, if any, of the nature and amount of the Claim. If the Claim relates to a possibility of a Contractor's default, the Architect or the Owner may, but is not obligated to, notify the surety and request the surety's assistance in resolving the controversy.

§ 4.4.8 If a Claim relates to or is the subject of a mechanic's lien, the party asserting such Claim may proceed in accordance with applicable law to comply with the lien notice or filing deadlines prior to resolution of the Claim by the Architect, by mediation or by arbitration.

### § 4.5 MEDIATION

§ 4.5.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5 shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.

§ 4.5.2 The parties shall endeavor to resolve their Claims by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to the Contract and with the American Arbitration Association. The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.

§ 4.5.3 The parties shall share the mediator's fee and any filing fees equally. The mediation shall be held in the place where the Project is located, unless another location is mutually agreed upon. Agreements reached in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof.

### § 4.6 ARBITRATION

§ 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5.

§ 4.6.2 Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any Arbitration will be Antigua.

§ 4.6.3 A demand for arbitration shall be made within the time limits specified in Sections 4.4.6 and 4.6.1 as applicable, and in other cases within a reasonable time after the Claim has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such Claim would be barred by the applicable statute of limitations as determined pursuant to Section 13.7.

Init. / 

AIA Document A201™ – 1997. Copyright © 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1970, 1976, 1987 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:26:35 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes: (2404291990)

21

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| LEEWARD CONSTRUCTION COMPANY, LTD., <br><br> Claimant, <br><br> vs. <br><br> AMERICAN UNIVERSITY OF ANTIGUA – COLLEGE OF MEDICINE, <br><br> Respondent. | Case No.: 50 110 T 00075 11 |

## FINAL AWARD



We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the Arbitration Agreement entered into between the above named parties and dated September 25, 2008, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and the parties having agreed that the Arbitrators need to render a reasoned award, do hereby, AWARD, as follows:

I.   BRIEF PROCEDURAL BACKGROUND:

The present case was brought on February 3, 2011 by Leeward Construction Company, LTD. ("Leeward") against American University of Antigua – College of Medicine ("AUA"), claiming the amount of EC $13,161,137[1] from a dispute that arose out of the construction of a medical school in St. Johns, Antigua. Leeward claimed that AUA breached their contract and sought remedies under § 4.6 of the Contract, henceforth, demanded arbitration for the disputes set forth in their claim.

AUA filed a response on March 4, 2011, stating that Leeward's claim was so vague, confusing and contradictory that AUA was not in the position to understand the basis for the claims.

The Panel was selected and sworn on July 6th, 2011, comprised by Attorneys José R. Capó, Jorge R. Jiménez and Professional Engineer Héctor M. Varela. Attorney Jiménez was designated Chair of the Panel.

On October 14, 2011, Leeward filed an Amended Demand for Arbitration seeking EC $6,800,572.28 in damages. AUA filed its Answering Statement and Counterclaim on November 30, 2011.

---

[1] Whenever reference is made to a monetary sum, same shall be understood to be represented in Eastern Caribbean (EC) dollars, unless otherwise stated.