<53">

On December 12, 2011, Leeward filed a Statement objecting AUA's claims for liquidated damages and delay damages, arguing that such claims have been presented untimely. On December 23, 2011, AUA's filed a Statement in opposition to the motion presented by Leeward to dismiss AUA's counterclaims, asserting the timeliness of its claims.

Afterwards both parties commenced discovery proceedings and filed numerous motions including dispositive motions, the resolution of which the Panel held in abeyance until the holding of the Hearings to be decided as part of the Final Award. We will discuss same in detail in *Section III* of this Award. The Hearings were held in the Marriott Courtyard in Isla Verde, Puerto Rico, from March 5th through March 9th, 2012. On April 11, 2012, AUA withdrew from its Answering Statement and Counterclaim the portion that sought actual damages and left only those claims for liquidated damages in the amount of US $117,000 and for attorneys' fees and expenses. As per their request, the parties submitted their Proposed Findings of Facts and Conclusions of Law on April 20, 2012. The parties also submitted rebuttal briefs on May 4th, 2012.



The Panel declared the hearings closed and the case submitted for resolution on May 22, 2012.



This case was administered under the AAA Construction Industry Arbitration Rules ("CIAR") as amended and in effect October 1, 2009.

## II.   UNCONTESTED FACTS:

1.   Leeward is a corporation duly organized and existing under the laws of the Commonwealth of Antigua and Barbuda, with office and principal place of business at All Saints Road, St. Johns, Antigua.

2.   AUA is owned by the GCLR, LLC, a limited liability company organized and existing under the laws of the State of New York, with office and principal place of business at 1 Battery Park Plaza, 33rd Floor, New York, New York, U.S.A.

3.   In the Spring of 2008, AUA and Leeward began to negotiate the terms of a contract to construct the structural works portion of the AUA's new medical school campus in Antigua.

4.   AUA and Leeward entered into a Letter of Intent on or about April 21, 2008 which was signed by Neal Simon, President of AUA, and Andy Green, Managing Director of Leeward. A copy of the April 21, 2008 Letter of Intent was marked as LC 69.

5.   AUA and Leeward entered into a second Letter of Intent on or about May 10, 2008, which was signed by Corey Greenberg, Chief Operating Officer of AUA, and Andy Green, Managing Director of Leeward. A copy of the May 10, 2008 Letter of Intent was marked as LC 70.

6.   On September 25, 2008, Leeward (as contractor) and AUA (as project owner) executed a contract for the construction of the College of Medicine in St. John's

2

Antigua for the fixed price of EC $27,436,824.00, subject to additions and deductions as provided in the Contract Documents, under the AIA Contract Document (A101-1997).

7. The parties agreed that the commencement date for the works was May 1, 2008.

8. Leeward had to achieve substantial completion of the entire work in 364 calendar days or as follows:

| Portion of the work | Substantial Completion Date |
|---|---|
| Classroom block | 29/01/2009 |
| Lab Block | 06/03/2009 |
| Service Block | 29/01/2009 |
| Library and Admin. Block | 30/04/2009 |

9. Lt. Colonel Roche Antony was AUA's representative for the project and signed the Contract Documents on AUA's behalf.

10. Neil Dickinson was Leeward's Project Manager for the project and signed the Contract Documents on Leeward's behalf.

11. Sundaram Architects Pvt., Ltd. ("SAPL" or the Architect") was the architect that designed AUA's new Medical School Campus. A.S. Nagesh served as the Architect's representative.

12. Leeward and AUA also entered into a number of Separate Contracts, including a contract to install the doors and windows dated July 13, 2009 (marked as LC 228) and a contract of laying floor tiles dated July 13, 2009 (marked as LC 229).

13. On February 3, 2011, Leeward filed a Demand for Arbitration seeking EC$13,161,137.00 in damages.

14. On October 14, 2011, Leeward filed an Amended Demand for Arbitration seeking EC$6,800,572.28 in damages.

III. **TRIAL EXHIBITS:**

A) Leeward's Trial Exhibits

*Exhibit list 1-245 as amended by the Joint Post-Hearing Motion, dated April 12, 2012*

B) AUA's Trial Exhibits

*Exhibit list 1-71 as amended by the Joint Post-Hearing Motion, dated April 12, 2012*



3

IV. **WITNESSES:**

A) Leeward's Witnesses

1. Robert Winwood-Senior Quantity Surveyor for Leeward, from Sept. 1, 2008-August 14, 2009. He was responsible for administration and surveying of the work with respect to the Construction of the AUA Project.

2. Eric Linde-Director of Leeward. Over 45 years of hands on experience in the Construction Industry in Antigua and US.

3. Neil Dickinson-Projects Director for Leeward from March 1, 2007 to Feb. 17, 2009, then managing director until Oct. 9, 2009, and was responsible for contract negotiations and administration of the works with respect to the Construction of the AUA Project.

4. Andy Green-Managing Director of Leeward.

B) AUA's Witnesses

1. Prabhu Marudheri-Executive Director of Finance for GCLE, LLC, an agent for AUA.

2. Peter McLeod-Partner with DHP Associates, a firm of Chartered Quantity Surveyors and Project Managers located in the Bahamas.

3. A.S.Nagesh-Architects' representative.

4. Lt. Col. Roche Antony-General Manager on behalf of AUA, for the project.

V. **INTERLOCUTORY MATTERS:**

1. <u>Controversy:</u>

Leeward's request to strike the testimony of AUA's witness Peter McLeod based on the fact that same is expert testimony, which AUA had represented it would not be using. The Panel must decide if said testimony is factual or expert testimony.

<u>Panel's Decision:</u>

*Refer to the Panel's Decision in section VI. (A-25).*

2. <u>Controversy:</u>

AUA's motion requesting dismissal of Leeward's claims for amounts unpaid or due under the contracts for additional work. The Panel must decide if: (1) Leeward's claim for unpaid

4

balances and monies owed for additional works was included in the Amended Demand for Arbitration, henceforth, providing AUA with due process; and (2) if the parties submitted to arbitration said claims in this proceeding.

Panel's Decision:

After reviewing both parties' arguments and careful analysis of the questions posed, this Panel finds that all claims arising from the Separate Contracts are not subject to this Arbitration. We find in favor of AUA and conclude that the arbitration clause that both parties agreed to, only reached claims arising out of or relating to the original Contract. Nothing in the Separate Contracts evidence intent from the parties to subject same to arbitration, nor does the record show that AUA agreed to arbitrate disputes under the Separate Contracts.

3. Controversy:

AUA's motion requesting that Leeward's claims be dismissed for untimely filing. This Panel must decide if dismissal is appropriate against Leeward, because Leeward's claim for final payment was initiated in violation of the 21 day notice requirement, and because Leeward's 16-20 month delay in commencing arbitration was unreasonable.

Panel's Decision:

After due analysis, this Panel denies AUA's motion requesting that Leeward's claims be dismissed for untimely filing.

4. Controversy:

Leeward's motion requesting that AUA's counterclaim be dismissed for untimely filing. This Panel must determine if AUA filed the counterclaim within the time period stated under Section R-4(c)(ii) of the AAA's CIAR.

3. <u>Controversy</u>:

Whether AUA breached the Contract by failing to timely pay the amount due on payment requisitions?

<u>Panel's Decision</u>:

This Panel finds that AUA did breach the Contract on this matter. In many instances AUA had concerns regarding the quantities invoiced, however, there were reasonable alternatives in case the parties did not reach an agreement to issue the partial payments, as stated in Article 9.5.1 of the Contract. This Panel rules that holding the entire amount was far from reasonable and fair.

4. <u>Controversy</u>:

If AUA breached the Contract by failing to timely pay the amount due on payment requisitions, is Leeward entitled to interest on the late payments at the legal rate under the laws of Antigua and if so, whether 10% per annum is the proper rate?

<u>Panel's Decision</u>:

This Panel finds that Leeward is entitled to interest on the payments due and unpaid as set forth under sections 7.2 and 13.6.1 of the Contract and General Conditions. However, this Panel agrees with AUA in that the interest agreed upon by the parties was the "legal rate" and therefore interest shall be calculated at 7% per annum.

5. <u>Controversy</u>:

If the Contract was for a fixed price, is Leeward entitled to payment for work that AUA omitted, deleted or modified from the Contract's original scope of work?

<u>Panel's Decision</u>:

No. Leeward is only entitled to payment for work performed. However, this Panel finds that Leeward is entitled to damages in the amount of EC $ 232,670.13 for work that was deleted

7

from the Contract and then assigned to Leeward under Separate Contracts, under the bad faith doctrine.

6. <u>Controversy</u>:

If the Contract price is based upon measured works, what adjustments should be made to the Contract sum for work omitted, deleted or modified from the Contract's original scope of work despite the AUA's failure and refusal to issue change orders?

<u>Panel's Decision</u>:

The amount of credit to be allowed by the Contractor to the Owner for a deletion or change which results in a decrease in the Contract Sum shall be the actual net cost.

7. <u>Controversy</u>:

If the Contract was based upon measured works, is Leeward entitled to overhead and/or profit for work omitted, deleted or modified from the Contract's original scope of work and if so, what amount is Leeward entitled to for overhead and/or profit on omitted, deleted or modified work?

<u>Panel's Decision</u>:

The amount of credit to be allowed by the Contractor to the Owner for a deletion or change which results in a decrease in the Contract Sum shall be the actual net cost. When both additions and credits covering related work or substitutions are involved in a change, the allowance for overhead and profit shall be figured on the basis of net increase, if any, with respect to that change, i.e., AIA Document A201-1997 General Conditions of the Contract for Construction, Section 7.3.7. Therefore, Leeward is entitled to overhead and profit for work omitted, deleted or modified as claimed, except for the $185,425.07 of overhead and profit for the Doors & Windows and Flooring works that were deleted from the Contract's original scope of work and then given to Leeward under a Separate Contract.