UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF NEW YORK

----------------------------------------------------------------------X

AMERICAN UNIVERSITY OF ANTIGUA

                       Petitioner,

Case No. 14 CV 8410 LAK

               -against-

LEEWARD CONSTRUCTION COMPANY, LTD.

                   Respondents

----------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION/MOTION TO CONFIRM ARBITRATION AWARD


DATED: New York, NY
        October 16, 2014

Respectfully submitted:

Leonard A. Sclafani, Esq.
Law Offices of Leonard A. Sclafani, Esq.
1 Battery Park Plaza, 33rd Floor
New York, NY 10004
Telephone: (212) 696-9880

PRELIMINARY STATEMENT

These proceedings arises out of a contract between the Petitioner, American University of Antigua College of Medicine (hereinafter "AUA"), and Respondent, Leeward Construction Company, Ltd (hereinafter "Leeward"), under which Leeward was retained by AUA to construct a medical school for AUA in Coolidge, Antigua. On September 18, 2014, a panel of three arbitrators appointed by the American Arbitration Association in an arbitration commenced by Leeward against AUA pursuant to the dispute resolution provisions of the contract, and in which AUA counterclaimed against Leeward, certified a Partial Final Award in favor of AUA denying on the merits Leeward's claim against AUA and determining in AUA's favor and against Leeward some of its counterclaims in the amount of $EC$3,614,522.41/US$1,344,588.35[1], leaving only other counterclaims of AUA to be arbitrated. A copy of the Partial Final Award is annexed to the Petition herein as Exhibit F.

Through these proceedings, AUA petitions and moves this Court pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 et seq., for an order confirming the Partial Final Arbitration Award and for entry of a money judgment against the Respondent for the amount stated therein.

---

[1] The Arbitration Tribunal awarded damages in Eastern Caribbean Dollars ("EC"). As of September 18, 2014, the conversion rate for Eastern Caribbean dollars to United States dollars is 0.3704 United States dollars for each Eastern Caribbean dollar, and United States dollar to Eastern Caribbean dollar is 2.700 Eastern Caribbean dollars for each United States dollar. *See* http://www.likeforex.com. For purposes of this Petition/Motion, the Petitioner will reference the award going forward in both United States Dollars and Eastern Caribbean Dollars.

## STATEMENT OF FACTS

Petitioner, AUA, is a corporation duly organized and existing under the laws of Antigua and Barbuda, with office and principal place of business at University Park, Jabberwock Beach Road, Coolidge, Antigua, W.I._Respondent Leeward has asserted that it is a corporation organized and existing under the laws of Antigua and Barbuda, with an office and principal place of business at All Saints Road, St. Johns, Antigua, W.I.

On September 25, 2008, Leeward, as contractor, and the AUA, as owner, executed a contract for the construction of a medical school in Coolidge, Antigua (the "Contract"). Section 4.6 of the General Conditions to the Contract contains an arbitration agreement that reads as follows:

§4.6 ARBITRATION

§ 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.

§ 4.6.2 Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any Arbitration

will be Antigua.

(A copy the Contract containing the arbitration agreement is annexed to AUA's Petition herein as Exhibit A).

On February 7, 2013, Leeward commenced an arbitration proceeding with the American Arbitration Association International Center for Dispute Resolution (hereinafter the "AAA") for the arbitration of claims that it had asserted as against AUA arising out of and related to the Contract. Pursuant to the Construction Industry Rules of American Arbitration Association, the AAA appointed a panel of three arbitrators to hear and determine the claims.

Through its Statement of Claim in the arbitration (Exhibit B to AUA's Petition herein), Leeward sought an award from AUA of ED$83,059.56/US$30,762, which sum Leeward claims was owed it as a result of an alleged "mis-tabulation" of monies due it from AUA as Antigua and Barbuda Sales Tax ("ABST") in connection with its work as general contractor on the construction of AUA's medical school.

On February 27, 2013, AUA served and filed its Answer and Counterclaims to Leeward's Statement of Claim through which AUA denied that Leeward was entitled to the sums it sought and, itself, sought an award against Leeward in the sum of EC$3,614,522.41/US$1,344,588.35 for reimbursement of ABST that it had paid to Leeward during the construction of the school to which AUA asserted Leeward was not entitled to be paid.

Subsequently, with the permission of the arbitrators, AUA amended its Answer and Counterclaims to include counterclaims for damages based on defects in Leeward's work (the "Construction Defects Claims"). Copies of AUA's Answer and Counterclaims and Amended Counterclaims are annexed to AUA's Petition herein as

Exhibits C and D respectively.

Thereafter, both parties moved the Arbitrators for, essentially, summary judgment. Leeward sought to have AUA's defenses to its claim and all of AUA's counterclaims stricken on various grounds including res judicata and waiver; AUA sought an award striking both Leeward's claim against AUA and Leeward's defenses to AUA's counterclaims for reimbursement of ABST, finding on the merits on AUA's counterclaims for reimbursement of ABST and directing that Leeward pay AUA on those counterclaims the sums that it had paid Leeward as ABST as above set forth.

Initially, the Arbitrators denied both motions on the ground that there existed issues of fact that could not be resolved through motion practice (A copy of the Arbitrators' "Decision on the Parties' Dispositive Motions and Related Counterclaims" pursuant to which the respective motions of the parties were initially denied is annexed to the Petition herein as Exhibit E.)

Thereafter, the Arbitrators conducted additional proceedings, and with the consent of the parties, reviewed their initial Decision and, based on them, determined to reconsider their initial Decision.

By Partial Final Award certified September 18, 2014, the Arbitrators denied Leeward's motion and granted AUA's motion. The Arbitrators found that there was no merit to Leeward's claim against AUA or to Leeward'sdefenses to AUA's counterclaims for reimbursement of ABST that it had paid to Leeward and directed Leeward to pay damages to AUA in the amount of EC$3,614,522.41/US$1,344,588.35. A copy of the Partial Final Arbitration Award in AUA's favor is annexed to the Petition herein as Exhibit F.

Remaining in the Arbitration is only AUA's Construction Defects Claims against Leeward and the parties' respective claims for costs of the arbitration.

Pursuant to the Partial Final Award, AUA is entitled to Judgment against the Respondent, Leeward, in amount of EC$3,614,522.41/US$1,344,588.25, no part of which has been paid, although duly demanded.

## ARGUMENT

As above set forth, AUA seeks confirmation of the arbitration award and entry of judgment in accordance therewith pursuant to the Convention on the Recognition and Reinforcement of Foreign Arbitral Awards, June 10, 1958 (the "Convention"), 21 U.S.T. 2517, as incorporated in to the Federal Arbitration Act, 9 U.S.C. §§201-208 (the "FAA").[2]

Under the Convention, which applies to international arbitrations, arbitrations between citizens of signatory states must be confirmed except when the court finds one of the grounds for refusal of recognition or enforcement specified in the Convention." See 9 U.S.C. §207; Zeiler v. Deitsch, 500 F.3d 157, 164 (2d Cir. 2007); *Commercial Risk Reinsurance Company Limited. v. Security Insurance Company of Hartford,* 526 F. Supp. 2d 424, 427 (SDNY 2007). The Convention governs confirmation of the arbitration award because both AUA and Leeward are incorporated under the laws of Antigua and Barbuda. Both parties' principal offices and places of business are located in Antigua, the underlying dispute concerns the construction of a medical school in Antigua, and the contract between Leeward and AUA for the construction of the medical school specifically provides that Antigua and

---

[2] The Convention, also known as the "New York Convention" and the "1958 Convention" was enacted on June 10, 1958 and ratified by the United States on December 29, 1970. See Yusuf Ahmed Alghanim & sons, W.L.L. v. Toys "R" Us, Inc., 126 F.3d 15 - 18 n.l. (2d Cir. 1997). The Commonwealth of Antigua and Barbuda ratified the Convention on February 2, 1989. See http://www.uncitral.or g/uncitra lien/un citral texts/arbitration/ NYConvention status.html.

Barbuda Law shall apply to the interpretation of the Contract. *See Zeiler*, 500 F3d at 164

("though the arbitration took place in New York it is international arbitration for the

purposes of the FAA and subject to the Convention given the fact that the parties chose a

foreign law to govern the arbitration and the commercial transactions issued in the

arbitration had a clear international character"); *See Yusuf Ahmed Alghanim & Sons, WL.L. v.

Toys "R " Us, Inc.*, 126 F.3d at 19 (2d Cir. 1997), (the Convention applies to a domestic

arbitration between two non-domestic parties and a United States corporation with respect

to the performance of a contract in the Middle East); Commercial, 526 F. Supp 2d at

427 (the Convention applies to arbitration proceedings involving at least one party that is

not a United States citizen).

The confirmation of an arbitration award pursuant to the Convention and the FAA is

a summary proceeding that merely converts what is already a final arbitration award

into an enforceable judgment of the Court. See, *Yusuf*, 126 F.3d at 23 (*citing Florasynth,

Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). The primary goal of arbitration is to

resolve disputes efficiently without long and expensive litigation, and in furtherance of that

goal, review of arbitration awards is extremely limited and the showing required to avoid

summary confirmation is extremely high. *Id.* The Court must summarily confirm an

arbitration award governed by the Convention unless the party opposing confirmation

meets its heavy burden of proving one of the seven defenses for vacating the award under

Article V(I) of the Convention. *See Zieler* 500 F.3d at 164; *Yusuf* 126 F.3d at 19.

Under Article V of the Convention, the grounds for vacating an arbitration award are: (a)

incapacity of a party to the Arbitration Agreement; (b) failure to provide proper notice of

the appointment of the arbitrator or of the arbitration proceeding; (c) the award exceeds

the scope of the arbitration agreement; (d) the composition of the arbitral authority or

procedure was not in accordance with the arbitration agreement; or (e) "the award has not

yet become binding on the patties, or has been satisfied or suspended by a competent authority of the country in which, or under the law of which, that award was made."

Article V(2) of the Convention further provides that a court may refuse to enforce an arbitration award if the subject matter of the dispute is not capable of resolution by arbitration or if recognition or enforcement of the award would be contrary to public policy. See Yusuf, 126 F.3d at 19.

Annexed as Exhibit "A" to the Petition and Motion to Confirm the Partial Final Arbitration Award is a signed copy of the Contract containing the Arbitration Agreement. Also annexed to the Petition and Motion as Exhibit "F" is a copy of the Partial Final Award, certified on September 18, 2014.

Pursuant to the Partial Final Award, AUA is entitled to Judgment in amount of US$1,344,588.35/EC$3,614,522.41, OF which no part has been paid, although duly demanded.

## CONCLUSION

For the reasons set forth herein, we respectfully request that this Court confirm the arbitration award in favor of the Petitioner, American University of Antigua College of Medicine, and against the Respondent, Leeward Construction Company, Ltd. and t enter judgment in favor of AUA against the Respondent Leeward accordingly.

Dated: October 16, 2014
      New York, New York

Leonard A. Sclafani, Esq.
Law Offices of Leonard A. Sclafani, Esq.
1 Battery Park Plaza, 33rd Floor
New York, NY 10004
Telephone: (212) 696-9880