UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------x
AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE

                           Petitioner,

       -against-

LEEWARD CONSTRUCTION COMPANY, LTD.

                        Respondents.
---------------------------------------------------------------------------------x

INDEX NO: 14-CV 8410 (DLC)

AFFIRMATION OF LEONARD A. SCLAFANI IN SUPPORT OF THE PETITION/MOTION FOR CONFIRMATION OF, AND FOR JUDGMENT ON, AN ARBITRATION AWARD

     LEONARD A. SCLAFANI, being duly sworn, deposes and says:

     1.    I am the principal of the law firm of Leonard A. Sclafani, Esq., counsel for the Petitioner, American University of Antigua College of Medicine (hereinafter sometimes referred to as "AUA"), and am fully familiar with all the facts and circumstances set forth herein.

     2.    I submit this declaration in further support of the within Petition/Motion of AUA to confirm a "Partial Final Arbitration Award" certified by the American Arbitration Association Center for International Dispute Resolution (hereinafter the "AAA") on September 18, 2014 and filed with the court on October 21, 2014.

The Parties

     3.    Petitioner is a corporation duly organized and existing under the laws of the Antigua and Barbuda, with office and principal place of business at University Park, Jabberwock Beach Road, Coolidge, Antigua, WI.

4. The Respondent contends that it is also a corporation organized and existing under the laws of Antigua and Barbuda.

## The Arbitration Proceeding

5. On September 25, 2008, Leeward, as contractor, and the AUA, as owner, executed a contract for the construction of a medical school in Coolidge, Antigua (the "Contract"). Section 4.6 of the General Conditions to the Contract contains an arbitration agreement that reads as follows:

> § 4.6 ARBITRATION
>
> § 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.
>
> § 4.6.2 Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any Arbitration will be Antigua.

(A copy the Contract containing the arbitration agreement is annexed to the Petition as Exhibit A).

6. On February 7, 2013, Leeward commenced an arbitration proceeding with the American Arbitration Association International Center for Dispute Resolution to arbitrate claims arising out of or related to the Contract. Pursuant to the Construction Industry

Rules of American Arbitration Association, the AAA appointed a panel of three arbitrators to hear and determine the claims.

7. Through its Statement of Claim in the arbitration (Exhibit B), Leeward sought an award from AUA of ED$83,059.56/US$30,762, which sum Leeward claims was owed it as a result of an alleged "mis-tabulation" of monies due it from AUA as Antigua and Barbuda Sales Tax ("ABST") in connection with its work as general contractor on the construction of AUA's medical school.

8. On February 27, 2013, AUA served and filed its Answer and Counterclaims to Leeward's Statement of Claim through which AUA denied that Leeward was entitled to the sums it sought and, itself sought an award against Leeward in the sum of EC$3,614,522.41/US$1,344,588.35 for reimbursement of ABST that it had paid to Leeward during the construction of the school to which AUA asserted Leeward was not entitled to be paid (hereinafter "AUA's ABST Counterclaims."

9. Subsequently, with the permission of the arbitrator, AUA amended its Answer and Counterclaims to include counterclaims for damages based on defects in Leeward's work (the "Construction Defects Claims").

10. Copies of AUA's Answer and Counterclaims and AUA's Amended Counterclaims are annexed to the Petition herein as Exhibits C and D respectively.

11. Thereafter, both parties moved the arbitrators for, essentially, summary judgment. Leeward sought to have AUA's counterclaims stricken on various grounds including res judicata and waiver; AUA sought an award denying Leeward's claim against

AUA, striking all of Leeward's defenses to AUA's ABST Counterclaims, finding in favor of AUA on AUA's ABST Counterclaims on their merits and directing that Leeward pay AUA the sums that it had paid Leeward as ABST as above set forth.

12. Submitted herewith as Exhibit A is a copy of Leeward's motion. Exhibit B submitted herewith consists of the 65 exhibits that Leeward submitted in support of its motion.

13. In opposition to Leeward's motion and in support of its own cross-motion, AUA submitted a Memorandum of Law, a copy of which is submitted herewith as Exhibit C.

14. Notably, in opposition to Leeward's motion and in support of its own cross-motion, AUA relied on and cited the same authorities as Leeward cited in support of its motion. As set forth more fully in AUA's papers in opposition to Leeward's motion and in support of its own cross motion, AUA contended that the authorities accurately set forth the law applicable to the issues before the arbitrators and that, despite that it was Leeward who initially cited these authorities, they both fail support Leeward's claims and defenses and provide affirmative support for the claims and defenses of AUA.

15. AUA also submitted the affidavit of its President, Neal Simon, in support of its cross motion, a copy of which is submitted herewith as Exhibit D. AUA also submitted a supplemental affirmation of Mr. Simon, a copy of which is submitted herewith as Exhibit E.

16. AUA also submitted to the arbitrators the affirmation of Douglas McLaren dated November 4, 2013. As of that date, Mr. McLaren was Deputy Commissioner of the Ministry of Finance if Antigua and Barbuda's Department of Inland Revenue. As of the times relevant to the events underlying the arbitration, he was the Director Antigua and Barbuda Sales Tax Implementation of the Department of Inland Revenue. A copy of Deputy Director McLaren's affirmation is submitted herewith as Exhibit F.

17. Leeward thereafter submitted a Reply Memorandum to AUA's cross-motion, a copy of which is submitted herewith as Exhibit G (sans exhibits, which are the same as those that Leeward submitted as exhibits to its Memorandum of Law in support of its motion.)

18. AUA, in turn, submitted as its Reply Memorandum in Further Support of its Cross-Motion and in Further Opposition to Leeward's Motion (Exhibit H) and a supplemental affirmation of Deputy Director McLaren (Exhibit I submitted herewith),

1. Initially, the Arbitrators denied both motions finding that the laws that should apply to the issues presented was not clear to them and that there existed issues of fact that could not be resolved through motion practice (A copy of the Arbitrators' "Decision on the Parties' Dispositive Motions and Related Counterclaims" pursuant to which the respective motions of the parties was initially denied is annexed to the Petition herein as Exhibit E.

2. The parties through their counsel jointly disagreed, and so advised the arbitrators of their position in a teleconference call. Essentially, both sides advised the arbitrators that they had each relied on the same laws and legal authorizes in support of their respective positions, that the parties believed that those authorities controlled, that the parties had already agreed, and the arbitrators had already ruled that the laws of Antigua and Barbuda were to be applied and that there were not disputes as to the essential facts that the arbitrators needed to consider in determining the matters before them.

3. Accordingly, the arbitrators, with the consent of the parties, conducted additional proceedings, which consisted of an entire day of oral argument, reviewed their initial Decision and, upon that review and the position of the parties did, in fact, reconsider and amended their initial determinations on the parties' respective motions.

4. By Partial Final Award certified September 18, 2014 the Arbitrators ultimately denied Leeward's motion and granted AUA's motion. The Arbitrators found that there was no merit to Leeward's claim against AUA or defenses to AUA's counterclaims for reimbursement of ABST that it had paid to Leeward and directed Leeward to pay damages to AUA in the amount of EC$3,614,522.41/US$1,344,588.35.

5. A copy of the Partial Final Arbitration Award certified on September 18, 2014, is annexed to the Petition as Exhibit F.)

6.      As a result, remaining in the Arbitration is only AUA's Construction Defects Claims against Leeward and the parties' respective claims for costs of the arbitration.

7.      On October 16, 2014, AUA filed its Petition herein.

8.      AUA respectfully submits that the ultimate determination of the arbitrators as set forth in the Partial Final Award are supported by the record before the arbitrators and the applicable law, are not arbitrary and capricious, are not the product of fraud, are within the arbitrator's authority and jurisdiction to determine and, therefore, must be confirmed by this Court.

Dated: November 20, 2014
       Coolidge, Antigua, W.I.

                                            _____
                                            Leonard A. Sclafani, Esq.
                                            Law Offices of Leonard A. Sclafani, Esq.
                                            1 Battery Park Plaza, 33rd Floor
                                            New York, NY 10004
                                            Telephone: (212) 696-9880