# EXHIBIT 42

**LEEWARD STATEMENT OF CLAIM**

1.      **The Claim.**  This dispute arises out of the construction of a medical school in St. Johns, Antigua.  On September 25, 2008, Leeward Construction Company, Ltd.,, as general contractor, entered into a Contract with the Respondent, American University of Antigua — College of Medicine (the "AUA"), as owner, for the construction of the medical school for the fixed price of EC $27,436,824.00/US $10,162,599.61, subject to additions and deductions as provided in the contract documents.

Leeward seeks recovery of contract funds in the amount of EC $83,059.56/US $30,762.80[1] that were inadvertently misclassified as Antigua and Barbuda Sales Tax ("ABST") during the requisition process, rather than a payment due Leeward against the contract balance.  The AUA admitted owing these funds at a prior related arbitration proceeding entitled *Leeward Construction Company, Inc. v. American University of Antigua, College of Medicine*, AAA Case No. 50 110 T 00075 11 (Jose R. Capo, Esq., Jorge R. Jimenez, Esq. and Hector M. Varela, PE, MBA, FASCE, Arbitrators)(the "prior arbitration").  As the AUA's attorney, Mark S. Olinsky, Esq. readily conceded during his opening statement:

> Now, the last one is something we figured out. I don't think they're aware of it. This is an error in their favor. When we looked at the different applications, we found that there was ABST. That was money that was -- it was an $83,000 that was accounted for as being due as ABST, but was really due to them.  We just found this out in going through these numbers and trying to deconstruct their claims for 6.7 that they didn't fully explain. ***That money is due to them, it's no question***. It was a mutual mistake by both sides. They just put it in the tax column and it was supposed to be due to them.  I don't think anybody realized it until we discovered it in preparing.  I doubt any of the principals here are even aware of it.  It's just a matter of arithmetic that we figured out in the applications. Are they entitled to that money? Yeah, but not as a reward in arbitration. That can be straightened out separately.

(Tr. 72:4 – 73:2 [emphasis added].)  Indeed, in its Proposed Findings of Fact and Conclusions of Law in the prior arbitration, the AUA again acknowledged the error and again promised to correct the mistake and pay Leeward the undisputed amount due:

> 78.      As AUA noted in its opening statement at trial, the Payment Applications reflect that at the very end of the Project, the parties made a mutual calculation error, resulting in Leeward getting credit for receiving EC $83,059.56 more than it did.  Specifically, AUA approved EC $553,888.27 for payment on September 26, 2009 (exclusive of ABST). AUA Ex. 19.  However, when Leeward submitted its Draft Final Account, it claimed that it had been paid EC $ 636,947.83 as and for this payment.  AUA Ex. 30 at AUA 000264 (Payment 25).  The difference is EC $83,059.56, roughly the ABST amount associated with Payment 25.
>
> 79.      Neither party noticed the error. *See* AUA Exs. 21 and 22.
>
> 80.      While ***Leeward is entitled to this money***, because it never notified AUA of the

---

[1] The Arbitration Tribunal awarded damages in Eastern Caribbean Dollars ("EC").  As of June 22, 2012, August 8, 2012, and June 24, 2013, the conversion rate for Eastern Caribbean dollars to United States dollars is 0.3704 United States dollars for each Eastern Caribbean dollar, and United States dollar to Eastern Caribbean dollar is 2.700 Eastern Caribbean dollars for each United States dollar.  *See* http://www.likeforex.com.

      error, specifically demanded payment, or asserted any Claim to recover this amount, Leeward is not entitled to an "award" of this amount.  ***AUA will arrange to pay Leeward to correct this small mutual mistake outside the context of this arbitration.***

(AUA Proposed Findings of Fact and Conclusions of Law, dated April 20, 2012, p. 59, ¶78-80 [emphasis added].)  Apparently in response to the AUA's admission and promise to pay Leeward the shorted amount, the Arbitrators ruled that "the ABST error was mutually acknowledged by both parties, and not having been originally claimed and submitted as a controversy in this Arbitration and having been discovered and in good faith informed by AUA representatives during the Hearings, the Panel concludes that this claim should be corrected outside of the context of this Arbitration."  (Arbitration Award dated June 22, 2012, as modified by The Final Arbitration Award, dated August 8, 2012, p. 11-12.)  But when Leeward requested payment after the prior arbitration, the AUA broke its promise and as a result, Leeward commenced this arbitration.

2.  **Legal Basis for Claim**.  The legal basis for Leeward's claim is the AUA's acknowledgment and admission of a mutual mistake that resulted in an underpayment to Leeward in the amount of EC $83,059.56/US $30,762.80.

3.  **The Petition**.  Leeward seeks an award in the amount of US $30,762.80, interest on the award at the rate of 7% per annum (the rate of interest awarded in the prior arbitration) running from the date that the AUA acknowledged owing the money (March 5, 2012); the cost and expense of this arbitration, including all administrative and arbitration fees; and attorneys' fees.

4.  **The Law Applicable to the Claim.**  Pursuant to ¶21 of the Supplementary Conditions to the Contract, the Contract is governed by and construed in accordance with the laws of Antigua.  Upon information and belief, the laws of Antigua with respect an unequivocal promise to pay a sum of money to correct a mutual mistake are the same as the laws generally in force in the United States.