# EXHIBIT E

ANTIGUA AND BARBUDA
REGISTERED LAND ACT, CAP. 374





## L E A S E

| REGISTRATION SECTION | BLOCK | PARCEL |
|---|---|---|
| Barnes Hill & Coolidge | 41 2296 A | 44 |

WE, THE FREETRADE AND PROCESSING ZONE a statutory body created pursuant to the Free Trade and Processing Zone Act, 1994 having its principal office at Coolidge, in the Parish of St. George, in the State of Antigua and Barbuda (hereinafter called "the Lessor") HEREBY LEASE to AMERICAN UNIVERSITY OF ANTIGUA INC., a company duly registered under the Companies Act of Antigua and Barbuda with its registered office at 60 Nevis Street, St. John's, Antigua (hereinafter called "the Lessee" which expression where the context so admits shall include its successors in title and assigns) the parcel of land comprised in the abovementioned title constituting 17.34 acres (hereinafter called "the demised premises") for a term of 25 years (hereinafter called "the demised term") from the 1st day of May, 2007 at the following rent -

(a)     a premium rent of US$1,800,000.00 (One Million Eight Hundred Thousand Dollars United States Currency) to be paid as follows -

    (i)     US$600,000.00 (Six Hundred Thousand United States Dollars) on the due execution of the lease;

    (ii)    US$250,000.00 at the end of the second year of the Lessee's occupancy of the demised premises;

    (iii)   US$250,000.00 shall be paid at the end of the third year of the Lessee's occupation of the demised premises;

    (iv)    US$350,000.00 shall be paid at the end of the fourth year of the Lessee's occupancy of the demised premises;

    (v)     US$350,000.00 shall be paid at the end of the fifth year of the Lessee's occupancy of the demised premises;

(b)     in addition a peppercorn rent of US$1,500.00 (One Thousand Five Hundred United States Dollars) per year thereafter, payable on the 1st day of May of each year from 2012.

1.   **The Lessee to the intent that the obligations hereby created shall continue throughout the demised term hereby covenants with the Lessor as follows:**

    (i)    To pay the rent reserved at the times and the manner aforesaid.

2.   To use the demised premises for the sole purpose of building, developing and maintaining a state-of-the-art medical school facility including an administration building, auditorium, classrooms, library, multipurpose laboratory, faculty and student housing, parking facilities, and athletic sports fields as shown on the site plan attached; and to provide a Centre for Tropical Diseases and training for nurses within the facilities.

3.   To erect and construct or cause to be erected and constructed upon the demised premises the facilities outlined in the Second Schedule and in conformity with the general development guidelines stated therein at a cost of at least One Hundred Million Eastern Caribbean Dollars (EC$100,000,000.00) and in a manner consistent with the ecological character of the surrounding environs and the environmental impact assessment of the proposed development prepared by the Environmental Division.

4.   To commence construction of the medical school facilities on the demised premises only after approval of plans and specifications by the Development Control Authority (DCA) or any other regulatory agency and in accordance with building regulations. For the avoidance of doubt the College of Medicine Campus Proposal dated March 30 2006 and prepared for the Lessee by Miles Associates represents only the initial and preliminary artiste's general impression of the medical school facilities.

5.   To commence construction of the medical school facilities within sixty (60) days of the granting of planning permission from the Development Control Authority said permission to be made subject to the requirements of an official environmental impact assessment and Environmental Division oversight.

6.   To construct at its own cost a ground level parking lot for at least 200 cars to be used primarily by the students and faculty members but with access to members of the public on such terms and conditions (if any) as approved by the Transport Board.

7.   To construct and maintain a football field, a cricket field, two (2) state-of-the-art tennis courts, and a basket ball court for use by the students and faculty members and which shall be open to public membership on such terms and conditions as approved by the Ministry of Sports; said sports facilities to be constructed on Crown lands situate on the northeast section of the adjoining parcel 47 as indicated on the Site Plans attached.

8.   To erect a boundary fence or wall along the eastern boundary of the demised premises

3

adjoining the Antigua and Barbuda Defence Force Headquarters said wall to be constructed of suitable material and erected to specifications approved by the Ministry responsible for National Security and to maintain a no-building buffer zone to within at least 8 feet of the said boundary fence/wall.

9.    To construct at its own cost on the Lessor's land south of and adjacent to the demised premises a vendors' court with buildings occupying a floor space of at least 2000 square feet and in accordance with plans and specifications approved by the Ministry of Works and which shall be controlled and maintained by the Lessor.

10.    To conduct and operate the business of the Lessee on the demised premises in a proper and businesslike manner and in a manner likely to enhance the environmental and ecological character of the area and to promote the interests and development of the surrounding lands.

11.    To pay and discharge all rates taxes assessments public utility charges and meter rent and all other outgoings assessed or imposed or charged in respect of the demised premises or payable by the occupier thereof when the same shall become due;

12.    At all times during the demised term to keep and maintain all buildings and erections, parking facilities, pathways, roadways, gardens and sports facilities on the demised premises including drains and sanitary and water apparatus and all fixtures and fittings thereto in good tenantable repair and state of decoration and to landscape and maintain in a professional manner the portions of the demised premises not used for building purposes;

13.    At all times during the demised term to keep all buildings and other erections forming part of the demised premises and all machinery equipment fixtures furnishing and things of an insurable nature insured in the joint names of the Lessor and the Lessee with some reputable insurance company or with underwriters approved by the Lessor to the full insurable value thereof against loss or damage by fire, earthquake, civil commotion, flood, malicious damage, burglary, theft and allied risks and produce to the Lessor copies of the receipts for the premiums paid and a copy of the policy of insurance within 30 days of obtaining same.

14.    At all times during the demised term to keep and maintain in force Workmen's Compensation insurance as provided by law and public liability insurance in respect of the demised premises in a reasonable and satisfactory amount but not less than a EC$1,000,000.00 combined limit for injury to or the death of one or more persons in any one accident. The Lessee shall name the Lessor as an additional insured under the public liability insurance policy and the Lessee shall pay the premium on such policy promptly

4

when due and will whenever required produce to the Lessor a certificate of insurance evidencing such cover and receipt of the last premium thereof.

15.   At least once every year and at all other reasonable times during the demised term to permit the Lessor and/or his duly authorized representatives servants or agents to enter upon and examine the condition of the demised premises and all buildings and appurtenances erected thereon the performance and observance by the Lessee of the Lessee's covenants herein contained and the extent and performance of the business and other operations carried on thereon. The Lessor and/or his agent(s) may serve upon the Lessee a notice in writing specifying any matter to be done and require the Lessee forthwith to execute the same and if the Lessee fails or refuses within sixty (60) days after service of such notice to proceed diligently with the execution of such matters then the Lessor may enter upon the demised premises and execute or remedy such matters and the cost thereof and all expenses incurred by the Lessor shall be a debt due from the Lessee and shall be forthwith recoverable by action; PROVIDED HOWEVER that in the event of any default or non-performance by the Lessee of any of the Lessee's covenants that would reasonably give rise to a determination of the demised term hereby granted the Lessor shall grant to the Lessee at least ninety (90) days to cure any such breach.

16.   Not to transfer, charge, sublease, assign or otherwise part with possession of the demised or any part thereof without the **previous written consent** of the Lessor and the Government of Antigua and Barbuda through Cabinet (provided that such consent shall not be unreasonably withheld), in the case of a reputable person, company or institution in respect of whom due diligence has been conducted, and on such terms and conditions to be agreed by the parties.

17.   Not to do or cause or permit or suffer to be done on the demised premises or on any adjacent vacant Crown Lands anything which may be illegal or whereby any nuisance annoyance or disturbance may be caused to the occupiers of any neighbouring or adjoining premises or the public in its use of the adjoining public road, and the waterfront and beach area.

18.   Not to commit or suffer any willful or voluntary waste or spoil or destruction on the demised premises and not to cause or permit the pollution of any water stored on or running through the demised premises;

19.   Not to sell or dispose of any earth clay gravel sand or natural resources from the demised premises nor to excavate same except so far as may be necessary for the construction of the said medical school facilities and with the consent of the requisite government agency;



20.   To comply at all times with conditions and issue of all contractual rights, licences, permits and permissions granted in relation to the conduct of its business on the demised premises and to comply with all relevant statutes bye-laws and regulations in the conduct of its said business;

21.   At the expiration or sooner determination of the demised term hereby granted the Lessee shall peaceably surrender and yield up to the Lessor the demised premises with all buildings and fixtures erected thereon during the said term in such good and proper repair and condition as shall be in accordance with the covenants hereinbefore contained on the part of the Lessee to be performed and without a claim for compensation in respect of any such buildings and fixtures.

2.   **The Lessor to the intent that the obligations hereby created shall continue throughout the demised hereby covenants with the Lessee as follows:**

(1)   That the Lessee paying the rent hereby reserved and performing and observing the several covenants and conditions on its part herein contained shall peaceably and quietly possess hold and enjoy the demised premises during the demised term without any interruption or disturbance from or by the Lessor or any person rightfully claiming through under or in trust for the Government of Antigua and Barbuda.

(2)   To permit the Lessee to erect or construct or cause to be erected or constructed upon the demised premises all necessary buildings and structures including but not limited to the facilities set out in the Second Schedule and in accordance with specifications and plans approved in writing by DCA.

(3)   To deliver vacant possession of the demised premises.

(4)   To deliver within three months of the execution hereof a survey plan and Land Register in respect of the demised premises free from all incumbrances.

(5)   To use its best effort to have Government waive all stamp duties payable by the Lessee in respect of the registration of this lease.

(6)   To use its best efforts to facilitate and/or grant best available concessionary rates where possible in respect of any services or utilities provided by or under the control of the Government.

(7)   To refrain from erecting, allowing or causing the erection of any building or structure on the parcel of land adjoining the demised premises on its north-eastern boundary within 400 feet from high water mark or such other distance as stipulated by the environmental



impact assessment report and to observe all other stipulations therein as the owner of the adjoining land.

3.  **PROVIDED ALWAYS AND IT IS HEREBY EXPRESSLY AGREED AND DECLARED AS FOLLOWS:**

(1)   That if the rent hereby reserved or any part thereof shall be unpaid for ninety (90) days after becoming due and payable (whether formally demanded or not) or if any covenant on the Lessee's part herein contain shall not be performed or observed or if the Lessee fails to make significant progress towards the construction and maintenance of the medical school facility following notice under clause 1 (15) hereof or if the Lessee shall commit any serious or persistent breaches of any of its obligations hereunder or if the Lessee shall become bankrupt or go into liquidation - voluntary or compulsorily - or have a receiver appointed of the whole or substantially the whole of its assets then in any such case it shall be lawful for the Lessor or anyone acting for the Crown at any time thereafter to re-enter upon the demised premises or any part thereof in the name of the whole and thereupon this lease shall absolutely cease and determine but without prejudice to any right of action or remedy of the Lessor in respect of any arrears of rent or any antecedent breach of covenant by the Lessee;

(2)   Should the Lessee fail to substantially develop and establish the medical school facility in the manner herein provided or on the terms under which this lease is granted or fail to make significant progress towards the development of the same following an adverse report on any of the periodic reviews hereinbefore mentioned or fail to perform any of its obligations within a reasonable period mutually agreed by the parties and advised in writing to the Lessee (in respect of which time will be of the essence) then the Lessor shall have the right to seek the revocation of any or all concessions granted to the Lessee by the Government of Antigua and Barbuda in respect of the construction and/or maintenance and/or operation of the said medical school facility;

(3)   That the Lessor will grant to the Lessee on the written request of the Lessee made not less than six (6) months and not more than twelve (12) months before the expiration of the demised term and if there shall not at the time of such written request be any existing breach or non-observance of any of the covenants contained on the part of the Lessee, another lease of the demised premises for a further term of twenty-five (25) years from the expiration of the demised term at a concessionary annual rent to be negotiated and agreed upon and containing like covenants and provisos as are herein contained **with the exception** of the covenants for construction and this option for renewal;

(4)   If the Lessee shall be desirous of purchasing the demised premises and shall give to the Lessor notice in writing not more than eighteen (18) months and not less than (12) months prior to the expiration of the demised term and if the Lessee shall have paid the

rent hereby reserved and shall have dutifully observed and totally performed the several stipulations herein contained on the Lessees part to be observed and performed then the Lessor shall prior to the expiration of the demised term sell the demised premises to the Lessee at its then current value as vacant lands discounted by the aggregate rent paid during the first five (5) years of the demised term;

(5)    The Lessee shall pay to the Lessor at the date of execution of this lease the sum of One Thousand Dollars (US$1,000.00) as good and valuable consideration for the enforceable exercise of the option to renew and the option to purchase herein contained which the Lessee will acknowledge failing which there shall be no enforceable agreement for the renewal of the lease or agreement for the sale of the demised premises;

(6)    The Commissioner of the Free Trade & Processing Zone and the Permanent Secretary in the Ministry of Public Works are hereby appointed severally as the authorized agents of the Lessor for the purpose of this lease;

(7)    Before the construction of any additional structures or facilities not being part of the plans and specifications initially presented to and approved by DCA the Lessee shall first obtain the written consent of the Lessor and approval of the new plans by DCA and the Lessor's consent may be made subject to such terms and conditions as to public or other use as may reasonably be agreed by the parties;

(8)    All disputes and/or differences whatsoever which shall arise between the parties hereto touching or concerning this lease shall be referred to arbitration under the provisions of the Arbitration Act Cap.33 or alternatively shall be initiated by legal action filed in the High Court of Justice at the absolute discretion of the complainant party;

(9)    This lease and all provisions hereof shall be construed and have effect in all respects in accordance with the Laws of Antigua and Barbuda;

(10)   The provisions of Section 52-55 of the Registered Land Act, Cap. 374 shall apply to this lease with such modifications, adaptations, qualifications and exceptions as may appear from the covenants hereof.

4.    **NOTICES**

(a)    Any notice made pursuant to this lease shall be sent by registered post, facsimile or electronic mail and shall be deemed to have been received by the addressee within 72 hours of posting or 24 hours if sent by facsimile or electronic mail to the correct number and electronic mail address;



8

(b)     Notices to the Lessor shall be sent to:

|  |  |  |  |
|---|---|---|---|
| (i) | The Commissioner                     and | (ii) | Crown Solicitor |
|  | Free Trade & Processing Zone |  | Ministry of Legal Affairs |
|  | P.O. Box 187 |  | Government Office Complex |
|  | Coolidge, Antigua |  | St. John's, Antigua |
|  | Fax:  (268) 481-1672 |  | Fax:  (268) 462-2465 |

(c)     Notices to the Lessee shall unless notified otherwise be sent to:

American University of Antigua Inc.

| (i) c/o Roberts & Co. | (ii) c/o Neal Simon |
|---|---|
| 60 Nevis Street | Jasmine Court, Friars Hill Road |
| St. John's, Antigua | St. John's, Antigua |

**IN WITNESS WHEREOF** the parties have hereunto subscribed their respective names and affixed their seals the day and year set forth in the attestation clause hereunder.

Dated this 4ᵗʰ day of September 2008.

SIGNED, SEALED AND DELIVERED          )
by **NEAL S. SIMON**, a Director of           )
**AMERICAN UNIVERSITY OF**           )
**ANTIGUA INC**, the Lessee, under written      )
Authority of its Board of Directors,         )
in the presence of:                  )
                          )
                          )
                          )
       Attorney General

The Common Seal of the **Free Trade and**       )
**Processing Zone** was affixed by Lisa Mitchell   )
the Secretary (Ag.) in the presence of          )
**Maurice Vere Murphy**, the Commissioner who   )
signed and the said Secretary countersigned     )
in the presence of:                  )
                          )
                          )
                          )
       Crown Solicitor

unCertified Copy

# ANTIGUA
# LAND REGISTER

## A—PROPERTY SECTION

No.......... 41  2296A .......... 44

Registration Section .......... BARNES  HILL  & COOLIDGE

Block and Parcel No. .......... 41  2296A .......... 44 ..........

Name of Parcel ..........

Approx. area .......... 17.34. Acres. ..........

| Edition | 1. | | APPURTENANCES |
|---|---|---|---|
| Opened | 20/7/2007 | | |

Nature of title: ABSOLUTE/PROVISIONAL

Particulars recorded in para 6 of adjudication record (provisional title only)

Origin of title:
FIRST REGISTRATION .......... 20/7/2007
MUTATION No. .......... RLNC2007.00239 ..........

See Mutation RLNC2007.00239 (41 2296A  21 & 23).

## B—PROPRIETORSHIP SECTION

| ENTRY NO. | DATE | INSTRUMENT NO | NAME AND ADDRESS OF PROPRIETOR(S) | SIGNATURE OF REGISTRAR |
|---|---|---|---|---|
| 1. | 20/7/07 | RLNC2007.00239 | FREE TRADE AND PROCESSING ZONE, a body corporate with perpetual succession incorporated under the Laws of Antigua and Barbuda and having its general office situate at Coolidge in the Parish of Saint George in the Island of Antigua. | |

## VERIFICATION OF THE EXECUTION
## OF THE FOREGOING INSTRUMENT

I the undersigned HEREBY CERTIFY that the within-named **LISA MITCHELL** and **MAURICE VERE MURPHY** appeared before me on the 4th day of **September, 2008** and after being properly identified acknowledged the above signatures to be theirs and that they had freely and voluntarily executed this Instrument of Lease on behalf of the Free Trade and Processing Zone, and understood its contents.

Martin Camacho
Crown Solicitor

## VERIFICATION OF THE EXECUTION
## OF THE FOREGOING INSTRUMENT

I the undersigned HEREBY CERTIFY that the within-named **NEAL S. SIMON** appeared before me on the 21st day of **August, 2008** and being known personally by me acknowledged the above signature to be his and that he had freely and voluntarily executed this Instrument of lease on behalf of the American University of Antigua Inc. and understood its contents.

Justin L. Simon QC
Attorney General



SURVEY OF LANDS LOCATED AT COOLIDGE
Sheet Number 41 2296A  Portion Of Parcel No 21 & 23

Surveyor: AYO KENTISH L.S.   Date: 18th April, 2007
Asst. Surveyor: ARNOLD LLOYD
Draftsman: STEPHEN JARVIS
Scale: 1/5000