# EXHIBIT F

No. 12 of 1994.     *The Free Trade and Processing*     1     ANTIGUA
*Zone Act, 1994.*                              *AND*
                                              BARBUDA



[ **L.S.** ]

I Assent,

James B. **Carlisle,**
*Governor-General.*

10th November, 1994.

## ANTIGUA AND BARBUDA

No. 12 of 1994

AN ACT to provide for the establishment of a free trade and processing zone in Antigua and Barbuda and to make provision for the administration and management thereof.

[ *24th November, 1994* ]

ENACTMENT by the Parliament of Antigua and Barbuda as follows —

1. This Act may be cited as the Free Trade and Processing Zone Act, 1994 and comes into operation on the day appointed by the Minister by notice published in the *Gazette.*

Short title and commencement.

2. **In this Act** —

Interpretation.

"CARICOM" means Caribbean Common Market;

"Commission" means the Commission established under section 3;

"Free Trade and Processing Zone" means an area declared a free trade and processing zone in accordance with section 6;

"House" means the House of Representatives;

"Licence" means a licence issued by the Commission under section 11;

ANTIGUA
*AND*
BARBUDA

2

*The Free Trade and Processing Zone
Act, 1994.*

No. 12 of 1994.

"Minister" means Minister responsible for trade;

"prescribed means prescribed by the Commission.

**Establishment of Commission.**

**3.** (1) For the purposes of this Act there is established a Commission to be known as the Free Trade and Processing Zone Commission.

(2) The Commission shall be a body corporate with perpetual succession and a common seal, having capacity to acquire, hold, mortgage and dispose of property, to enter into contracts, to sue and be sued in its corporate name and to do all things necessary for the purposes of this Act.

(3) The service on the Commission of any legal process and notices shall be effected by delivery at the principal office of the Commission.

**Seal and procedure for sealing documents.**

**4.** (1) The Commission shall have a common seal which shall be affixed to all deeds, documents and other instruments requiring the seal of the Commission.

(2) Any document requiring the seal of the Commission shall be made in the presence of the Commissioner or in his absence the person appointed by the Minister to act as Commissioner and one other member of the Commission authorized to act in that behalf, who shall both sign every such document to which the seal is affixed and such signing shall be sufficient evidence that such seal was duly and properly affixed and that the same is lawful seal of the Commission.

**Acquisition of land for free trade area.**

**5.** For the purpose of establishing a free trade and processing zone, the Governor-General may convey to the Commission a leasehold interest in any vacant Crown land; provided that the interest so conveyed shall not exceed ninety nine (99) years.

**Declaration of a free trade and processing zone**

**6.** The Minister may, with the approval of the Cabinet and by notice published in the *Gazette,* declare area acquired by the Commission as a free trade and processing zone for the purposes of this Act.

**Functions and powers of the Commission.**

**7.** (1) Subject to the provisions of this Act the Commission may develop and maintain or may cause to be developed and maintained any land declared to be a free trade and processing zone for use by persons licensed in accordance with section 11.

No. 12 of 1994.    *The Free Trade and Processing*      3       ANTIGUA
                   *Zone Act, 1994.*                            AND
                                                            BARBUDA

(2) The Commission may, with the approval of the appropriate Ministry, cause such infrastructure as may be required, to be constructed, installed or delivered in or to the free trade and processing zone. Such infrastructure shall include the following—

(a) the construction of roads and highways sufficient to give the free trade and processing zone access to existing international seaports and airports;

(b) the construction of electric generating plant and power lines;

(c) the installation and maintenance of lines of telecommunications essential for the operation of the free trade and processing zone;

(d) the installation and maintenance of water lines and facilities of sewerage;

(e) the provision for installation and maintenance of a port and the establishment of customs and excise posts.

(3) The Commission may with the approval of the appropriate Ministry enter into contracts with third parties for carrying out the functions set out under this section.

(4) The Commission may in carrying out its functions under this Act issue licences to any approved person  to operate businesses in the Free Trade and Processing Zone.

(5) The Minister may, by  writing, give such directions as he considers necessary to the implementation of this Act to the Commission and, the Commission shall carry out such directions.

**8.** The Commission shall consist of the following persons —    Composition and administration of the Commission.

(a)  the Commissioner appointed under section 10;

(b)  a chairman appointed by the Minister with the approval of Cabinet

(c)  four other persons appointed by the Minister with the approval of the Cabinet.

**9.** (1) The procedures and meetings of the Commission shall    Meetings and procedures of the Commission.
be in accordance with the rules set out in the Schedule.

ANTIGUA
AND
BARBUDA

4     *The Free Trade and Processing Zone*     No. 12 of 1994.
*Act, 1994.*

(2) The Minister may, with the approval of the Cabinet, by regulation, amend the Schedule.

**Appointment and duties of Commissioner.**

**10.** (1) For the purposes of this Act, there shall be a Commissioner who shall be appointed by the Minister with the approval of the Cabinet.

(2) The Commissioner shall be the administrative head of the Commission and subject to this Act, perform other duties directed in writing by the Commission.

(3) Where the Commissioner is absent or for any reason is unable to perform his duties the Minister may, with the approval of the Cabinet, appoint some other person to act as Commissioner.

**Procedure for application and grant of licence.**

**11.** (1) Subject to section 12 (1) any person or company may apply on the prescribed form to the Commissioner to establish and operate any industry or engage in any commercial activity in a free trade and processing zone.

(2) The Commissioner shall, within fourteen days of the receipt of any application under this section, submit the application to the Commission for examination and approval.

(3) The Commission may, in the performance of its duties under this section, employ the services of any consultant.

(4) Where the Commission is satisfied that the business or enterprise described in the application is not specifically prohibited by law, it shall, subject to section 17 (3) and upon payment of the prescribed fee, approve the application and issue to the applicant within fourteen days of such payment, a **licence**, authorizing the **applicant** to establish and operate within the free trade and processing zone the business or enterprise specified in the licence.

(5) Where the Commission refuses to approve an application, it shall, within fourteen days of such decision, inform the applicant by writing .

(6) There may be attached to every licence such conditions as the Commission may consider necessary including —

(i)  the time within which the person or company shall commence operation;

(ii)  the minimum amount of investment to be made in the free trade and processing zone; and

(iii) a provision in any contract of employment to remunerate any person employed in the free trade and processing zone in a currency approved by the Commission.

(7) The Minister shall publish in the *Gazette* the name of any person to whom a licence has been granted under this Act.

**12.** (1) Any person licenced to operate in a free trade and processing zone is entitled to engage in any industrial or commercial activity not specifically prohibited by law.

*Licences.*

(2) Such industrial or commercial acitivity may include —

(a) the provision to offer free trade and processing zone companies of services such as financing, maintenance, supplying and other services that may promote the efficient conduct of industrial and commercial transactions within the free trade and processing zone;

(b) the sale and exchange of goods and services amongst themselves within the free trade and processing zone.

**13.** (1) The Commission shall in considering the application for a licence under section 11 ensure that no industrial or commercial activity prohibited by any law is approved.

*Commission not to approve unlawful activity.*

(2) No person shall carry on any industrial or commercial activity within a free trade and processing zone except under and in accordance with a licence issued by the Commission.

(3) The Commission may revoke the licence of any licencee who contravenes the provisions of this section or any regulations made to give effect thereunder or any condition attached to a licence.

(4) In deciding to grant a licence, the Commission shall have regard, in particular, to the extent to which the trade, business or manufacture in respect of which the licence is sought is carried on in the free trade and processing zone.

(5) Any person who contravenes subsection (2) is guilty of an offence and is liable on summary conviction to a fine of one hundred thousand dollars and in addition the court may order any property, machinery, or goods of that person within the free trade and processing zone to be forfeited to the Commission.

ANTIGUA
AND
BARBUDA

6    *The Free Trade and Processing Zone*    No. *12* of 1994.
*Act, 1994.*

Incentives to
licensed industries.

**14.** Notwithstanding any law to the contrary, and subject only to this Act, a licencee shall, during the currency of his licence be—

(*a*)   entitled to establish and engage in the industrial or commercial activity specified in the licence without having to obtain any permit or other licences in respect thereof;

(*b*)   exempted from the payment of taxes or levies imposed by the Government in respect of any industrial and commercial activity being carried on within the free trade and processing zone.

(*c*)   exempted from the payment of taxes and other duties on the importation of machinery, equipment, spare parts, construction material and other items needed to construct and operate facilities within the free trade and processing zone;

(*d*)   exempted from payment of duty and other taxes on the importation of raw materials and other goods to be incorporated in the products produced or assembled within or to be utilized in the performance of services within the free trade and processing zone.

(*e*)   exempted from the payment of income and other taxes of any kind other than Social Security payments and Medical Benefits contributions and the education levy on the earnings accruing to any person by virtue of carrying on of his employment in any industrial or commercial activity within the free trade and processing zone;

(*f*)   exempted from the payment of export taxes or levies on the exportation from a free trade and processing zone to any place outside Antigua and Barbuda of any goods, articles or things that are produced or manufactured by a licencee within the free trade and processing zone.

(*g*)   exempted from the payment of taxes of any kind on the repatriation of profits earned in the free-trade and processing zone.

Conditions for
employment in free
trade and
processing zone.

**15.** (1) Subject to this section, every person who is not a citizen of Antigua and Barbuda requires a special work permit to work in the Free Trade and Processing Zone.

No. 12 of 1994.     *The Free* Trade *and Processing*     7     ANTIGUA
Zone *Act,* 1994.                                     AND
                                                    BARBUDA

(2) An application to employ a non-citizen shall be submitted to the Commission on a prescribed form and accompanied by such particulars as the Minister may by regulation prescribe.

(3) If the Minister is satisfied that there is no suitable person in Antigua and Barbuda with the kind of skill or expertise required, he may approve the application and obtain the required work permit for the proposed employee.

(4) Notwithstanding subsection (3) the Cabinet may approve the application of any other person;

(5) All employers and employees in a free trade and processing zone shall be subject to the laws in force in Antigua and Barbuda.

(6) Any licencee employing any person from outside Antigua and Barbuda shall, at the expiration of the contract of such employee, be responsible for his repatriation, and shall, at the reqest of the Commission or the Government, repatriate such employee.

**16.** (1) Except as specifically exempted by this Act, every licensee, shall comply with this Act, any regulations or by-laws made thereunder or any conditions attached to a licence.

Licensee to comply with the Act or regulations etc.

(2) Without prejudice to subsection (1) or to any regulations made under this Act, every licensee shall —

    *(a)*   take reasonable measures to protect the health and safety of its employees;

    *(b)*   undertake to hold the Commission free and harmless for any loss incurred by the licensee by reason of or ensuing from the failure in any service to the free trade and processing zone pertaining to the supply of water, electricity, sewerage, telecommunication or other services that are normally provided to or within the free trade and processing zone and not under the control of the Commission;

    *(c)*   secure and maintain insurance in the prescribed amount relating to any liability for injury or damage occasioned by or to any person and his property in a free trade and processing zone while that person is on the premises whereon the licensee is conducting business operations or utilizing the common approaches contiguous to those premises;

ANTIGUA    8    *The Free Trade and Processing Zone*    No. 12 of 1994.
AND                        *Act, 1994.*
BARBUDA

(d)   undertake to hold the Commission free and harmless for any loss or damage to the goods, articles, machinery and things upon the premises occupied by the licensee in the free trade and processing zone for any loss or damage arising from any acts or omission of other licensees;

(e)   secure and maintain in respect of his employees in a free trade and processing zone workmen's compensation insurance and further to ensure that all agents or contractors engaged by him to carry out work for his benefit within the free trade and processing zone effect similar insurance.

**Environmental protection.**

**17.** (1) The Minister in consultation with the Minister responsible for the environment may, with the approval of the Cabinet, make regulations prescribing guidelines for the protection and preservation of the environment.

(2) Any regulations made under this section may include the requirement for the provision of adequate facilities by licencees for the disposal of industrial and commercial waste in a free trade and processing zone.

(3) The Commission shall not approve any application for a licence under this Act unless it is satisfied that the applicant has made adequate provision for the disposal of any waste material that may be produced from activities to be undertaken by him.

(4) Every licencee shall before commencing operation in a free trade and processing zone undertake to comply with any regulations made under this section

**Movement of goods in and out of free trade and processing zone.**

**18.** (1) The Minister responsible for customs and excise may, after consultation with the Commission, make regulations relating to —

(a)   to the entry, removal, importation and exportation of goods, articles, machinery or other things into or out of a free trade and processing zone;

(b)   the seizure and forfeiture of goods, articles, machinery or other things intended for or brought into or taken out of a free trade and processing zone in breach of Customs regulations.

(2) For the purposes of this section —

   *(a)*   goods, articles, machinery or other things manufactured, processed, assembled by a licensee and exported out of the free trade and processing zone into a non-free trade and processing zone in Antigua and Barbuda shall be considered as—

      (i)   exports from a non CARICOM country into Antigua and Barbuda; and

      (ii)  imports into Antigua and Barbuda from a non CARICOM country.

(3) Any goods and services sold by companies within Antigua and Barbuda and sent into the Free Trade and Processing Zones shall be considered as imports into the Free Trade and Processing Zone as exports from Antigua and Barbuda.

(4) Except as specifically exempted by the Act any exports and imports in relation to any of the goods, articles, machinery, or other things referred to in this section shall be subject to any law relating to the exportation and importation of such goods, articles, machinery or other things.

19. (1) The Minister responsible for customs and excise may, after consultation with the Commission, cause to be established a customs post in a Free Trade and Processing Zone and assign to such post, customs officers as he thinks fit.

                                  *Establishment of Customs posts in free trade and processing zone.*

(2) Customs officers assigned to a customs post in a Free Trade and Processing Zone shall carry out such duties as are assigned to them and in particular —

   *(a)*   inspect, monitor and record the entry of all goods into free trade and processing zones, including —

      (i)   the names of the importer and the exporter;

      (ii)  the description of the goods and the declared value of such goods; and

      (iii) the country of origin of the goods.

ANTIGUA
AND
BARBUDA

10     *The Free Trade and Processing Zone*     No. 12 of 1994.
*Act, 1994.*

(*b*)   inspect, monitor and record the exit of all goods from
a free trade and processing zone including —

(i)    the name of the exporter and the importer or
consignee;

(ii)   the description of the goods or services ex-
ported or consigned and the declared value of
such goods.

(iii)  the destination of the goods.

(3) The officer in charge of customs post in the free trade and
processing zone shall, at the end of every month, submit to the
Minister responsible for customs and excise and the Commission,
a report in respect of the information recorded pursuant to
subsection (2).

(4) The Minister responsible for customs and excise may, after
consultation with the Commission, charge such fees as he may
consider appropriate for handling and for other Customs services
provided in the free trade and processing zone.

Commission to
charge royalties.

20. (1) The Commission shall charge —

(*a*)   any person with whom it has contracted to develop
and maintain any area or area for use as a Free Trade and
Processing Zone;

(*b*)   any licencee engaged in industrial or commercial
activities in a Free Trade and Processing Zone;

such royalties as the Commission may determine.

(2) The Commission may, from time to time, review any
agreement made under this section after consultation with the
Minister, but such agreement shall, in any case, be reviewed every
five years.

(3) Where any royalty remains unpaid on the due date, the
licencee shall pay interest on day to day basis at the rate of 1%
above the bank rate on all amounts in arrears.

No. 12 of 1994.    *The Free Trade and Processing*    *11*    **ANTIGUA**
*Zone Act, 1994.*    **AND**
**BARBUDA**

(4) Any contractor or licencee who defaults in the payment of any royalty determined in respect of his business by the Commission on the due date, shall be deemed to be in breach of a condition of his license and the Commission may revoke his licence.

(5) Any licence revoked under this section shall not be restored until all arrears of royalties and any interests accruing for non payment of such royalties are fully settled.

21. The revenues of the Commission shall be used for the following purposes —    Investments.

    (a)   for the payment of the expenses of the commission;

    *(b)*   for such investment as may be approval by Cabinet,

    *(c)*   for payment into the reserve fund; and

    *(d)*   for the payment of the balance into the Consolidated Fund

22. The Commission shall establish a reserve fund to be utilized for such purposes as the Minister responsible for Finance may approve.    Reserve Fund.

23. (1) The Commission shall keep accounts of its transactions to the satisfaction of the Minister responsible for Finance and such accounts shall be audited annually by the Director of Audit or some other suitable person appointed by the Minister for the purpose.    Accounts and audit.

(2) The members, officers and servants of the Commission shall grant to the Director of Audit or any other person appointed under this section to audit its accounts access to all books, documents, cash and securities of the Commission and shall give to him on request all such information as may be within their knowledge in relation to the operation of the Commission.

24. (1) The Laws of Antigua and Barbuda shall apply to any contract between the Commission and a licencee as well as the conduct and operations of any business or enterprise, and generally for good order and management in a free trade and processing zone.    Law and legal proceedings.

(2) Any person who is not satisfied by a decision of the Commission may first appeal to the Minister against that decision.

ANTIGUA
AND
BARBUDA

12    *The Free Trade and Processing Zone*      No. 12 of 1994.
                    *Act, 1994.*

(3) Where any licencee is aggrieved by —

(a)   a decision of the Minister; or

(b)   any action taken by the Minister or the Government in contravention of this Act or agreement entered into between the Commission and the licencee or a condition attached to a licence;

he may appeal to the High Court against that decision or action within thirty days after the receipt of the decision, or notice of the action, and serve the Commissioner with a written notice signed by him or his attorney that an appeal against the decision has been lodged.

(4) The Commissioner shall upon receipt of such notice of appeal transmit to the High Court a copy of the decision or notice of action taken and all documents relating thereto.

(5) Upon the hearing of the appeal, the Court may make such order, including an order for cost as it thinks fit.

(6) Unless the Court otherwise decides, a decision revoking a licence shall remain in force until varied by an order of the court.

Preservation of secrecy and non disclosure of information to unauthorised person.

**25.** (1) Except with the consent of a licencee or as authorized by law, no officer, agent, consultant or attorney of the Commission, or any customs or immigration officer assigned to a free trade and processing zone shall disclose any information that may have come to his knowledge in the course of his duty to a third party.

(2) Any person who contravenes this section is guilty of an offence and is liable on conviction to a fine of fifty thousand dollars or to imprisonment for five years or to both.

Annual report.

**26.** The Commission shall prepare and present to the Minister within three months, or such longer period as the Minister may allow, after the expiration of each financial year of the Commission a report —

(a)   dealing generally with the activities of the Commission during its last financial year;

(b)   containing such information relating to the proceedings and policy of the Commission as in its opinion can be made public without detriment to the interest of the Commission; and

(c)    include a statement of its account audited in accordance with the provisions of section 23.

(2) The Minister shall cause a copy of the report together with the annual statement of accounts and the report of the person who audited the accounts on that statement and on the accounts of the Commission to be laid on the table of the House.

(3) Copies of the Commission's report together with the annual statement of accounts and the report of the person who audited the accounts on that statement and on the accounts of the Commission shall be published in such manner as the Minister may direct.

27. (1) The Minister may, with the approval of the Cabinet,    Regulation.
make regulations relating to —

(a)    the management, supervison, control and operation of a free trade and processing zone;

(b)    the terms and conditions subject to which licencees may operate within a free trade and processing zone;

(c)    the reimbursement of the Commission by a licencee or any person with whom the Commission has contracted to develop, maintain and operate a free trade and processing zone of expenses incurred by the Commission in the provision of services in the free trade and processing zone;

(d)    measures that may be taken to ensure the payment of royalties and fees;

(e)    measures that may be taken to enforce the compliance of this Act, any regulation or by-laws made thereunder or any condition included in a licence;

(f)    the conveyance, storage, labelling, packing of goods for or from a free trade and processing zone;

(g)    the granting of permits, licences and approvals; and

(h)    the better administration and implementation of this Act.

(2) The Commission may with the approval of the Minister make by-laws with respect to the following —

ANTIGUA      14      *The Free Trade and Processing Zone*      No. 12 of 1994.
AND                              *Act, 1994.*
BARBUDA

    (*a*)  the construction of buildings, factories, ports and
        other structures required in the free trade and pro-
        cessing zone;

    (*b*)  the provision of utilities and the rates that may be
        charged for the services provided;

    (*c*)  the construction, use and maintenance of roads, ports
        and other facilities provided within a free trade and
        processing zone.

## SCHEDULE                              Section 9

Meeting of the    1. The Commission may meet at such times and at such places
Commission.       as the Chairman may determine.

    2. *All* meetings shall be presided over by the Commissioner, but
       where the Commissioner is absent or for any reason unable to
       attend any meeting of the Commission, the person appointed
       by the Minister shall preside.

    **3.** All decisions of the Council shall be by a majority of the votes
       of the members present and voting.

    4. For the proper conduct of the business of the Commission, the
       Commissioner and two other members shall constitute a
       quorum.

    5. The Commissioner shall appoint one of his staff to perform the
       duties of Secretary to the Commission.

    6. The Secretary shall keep a minutes book in which he shall
       record all the decisions of hte Commission.

    7. All decisions of the Commission shall be signed by the
       Commissioner or in his absence by the person appointed by the
       Cabinet to act in his place.

    8. The Commission may in its discretion communicate any
       decision of a general nature to all **licencees**, but may commu-
       nicate a decision of a specific nature affecting any **person** to
       such person within fourteen days.

    9. The Commission may determine its own rules and procedures.

No. 12 of 1994.   *The Free Trade and Processing*   15   ANTIGUA
                  *Zone Act, 1994.*                        AND
                                                          BARBUDA

Passed the House of Representatives this         Passed the Senate this 4th
29th day of August, 1994.                        day of October, 1994.

**B. Harris,**                                   **M. Percival,**
*Speaker.*                                       *Speaker.*

**S. Walker,**                                   **S. Walker,**
*Acting Clerk to the House of Representatives.*  *Acting Clerk to the Senate.*

Printed at the Government Printing Office, Antigua and Barbuda,
by Rupert Charity, Government Printer
— By Authority, 1994.

800—11.94                                        *[ Price $6.45 ]*

No. 1 of 2000.    *Law Revision (Miscellaneous)*    1    ANTIGUA
                *(Amendments) Act, 2000.*              AND
                                                      BARBUDA



[  L.S.  ]

I Assent,

**James B. Carlisle,**
*Governor-General.*

10th February, 2000.

## ANTIGUA AND BARBUDA

### No. 1 of 2000

AN ACT to amend the provisions of certain Acts of Parliament.

### [ *17th February, 2000* ]

ENACTED by the Parliament of Antigua and Barbuda as follows:

**1.** This Act may be cited as the Law Revision (Miscellaneous) (Amendments) Act, 2000.

Short title.

**2.** Section **2** of the Distribution and Price of Goods Act is amended as follows:

Amendment of section 2 of the Distribution and Price of Goods Act. Cap. 138.

   *(a)*    by repealing the definition of "authorised officer" and substituting the following:

            "authorised officer" includes any person appointed by the Governor-General under section 16A to an authorised officer and any police officer of or above the rank of sergeant"; and

   *(b)*    by inserting after section 16 the following:

"Appoinhnent of    16A. (1) For the purposes of section
authorised officer.    16 the Governor-General may by Order published in the *Gazette* appoint a price control officer to be an authorised officer.

*Law Revision (Miscellaneous)
(Amendments) Act, 2000.*

No. 1 of 2000.

(2) Appointments made under section 2 of the principal Act, before the coming into force of this Act are deemed to have been validly made.".

Amendment of the Eastern Caribbean Supreme Court Act Cap. 143.

**3.** Section 23 of the Eastern Caribbean Supreme Court Act is amended by repealing section **23** and substituting the following:

"Mode of trial.

**23.** Any civil proceedings commenced by a writ or in such other manner as may be prescribed by rules of court shall be tried by a judge without a jury."

Amendment of the Intoxicating Liquor (Price Control) Act Cap. **226.**

**4.** Section 2 of the Intoxicating Liquor (Price Control) Act is amended as follows:

(a) by repealing the definition of "authorised officer" and substituting the following:

" "authorised officer" includes any person appointed by the Governor-General under section 9A to be an authorised officer for the purposes of this Act and any police officer of or above the rank of sergeant"; and

*(b)* by inserting after section 9 the following:

"Appointment of authorised officer.

**9A.** (1) For the purposes of section 9 the Governor-General may by Order published in the *Gazette* appoint a price control officer to be an authorised officer.

(2) Appointments made under section 2, before the coming into force of this Act, are deemed to have been validly made."

Amendment of Medical Benefits Act Cap 271.

**5.** The Medical Benefits Act is amended by the repeal of section 3(2) and the substitution of the following:

"(2) The Scheme shall be funded by a contribution of every insured person equivalent to three and one half percentum of his wages and the contribution of every employer equivalent to three and one half percentum of the wages of every person employed by him."

No. 1 of 2000.     *Law Revision (Miscellaneous)*     3     ANTIGUA
                   *(Amendments) Act, 2000.*                 *AND*
                                                          BARBUDA

**6.** The Prison Act is amended by the insertion after section 26     Amendment of
of the following new sections:                                         the Prison Act
                                                                       Cap. 341.

Prison Welfare              27. (1) For the purpose of enabling officers
Association.            of the Prison Service below the rank of senior
                        prison officers to consider and bring to the
                        notice of the Superintendent and the Minister
                        matters affecting their general welfare and
                        efficiency there shall be established an
                        organisation to be known as the Prison Welfare
                        Association which shall act through a Board as
                        provided by rules made under section 28.

                           (2) No representation shall be made by the
                        Prison Welfare Association in relation to any
                        question of discipline, promotion, transfer or
                        leave unless some question of principle is
                        involved.

                           (3) The Prison Welfare Association shall be
                        entirely independent of and unassociated with
                        any body outside the Service.

Prison Associa-            28. The Association may make rules pro-
tion Rules.             viding for the good government of the Associa-
                        tion and for carrying out the object of the
                        Association and such rules shall contain provi-
                        sions in respect of any matters which the
                        Minister may prescribe.

Prison officers **not**    29. (1) It shall not be lawful for any prison
to join prohibited      officer to be or become a member of any
associations.           prohibited association.

                           (2) If any prison officer becomes a member
                        of a prohibited association, such prison officer
                        commits an offence and is liable on summary
                        conviction to a fine of five hundred dollars and
                        such member shall be dismissed from the
                        Service.

                           (3) Any prison officer who on the com-
                        mencement of this Act is a member of any
                        prohibited association shall terminate his mem-
                        bership forthwith and by writing addressed to
                        the Superintendent inform him of such termi-
                        nation.

ANTIGUA   4    *Law Revision (Miscellaneous)*          No. *1* of 2000.
AND           *(Amendments) Act, 2000.*
BARBUDA

(4) Any prison officer who, on the com-
mencement of this Act continues to be a mem-
ber of a prohibited association commits an
offence and is liable on summary conviction to
a fine of five hundred dollars and such member
shall be dismissed from the service.

(5) For the purpose of this Act "prohibited
association" has the meaning as is defined in
section 64(3) of the Police Act, Cap. 330."

Amendment of        7. The Small Charges Act is amended in section 12 as follows:
the Small Charges
Act Cap. 405.

*(a)*  by renumbering section 12 as section 12(1); and

*(b)*  by adding the following new subsections:

(2) No person shall **carry** a knife, cutlass,
bludgeon or other offensive weapon to any
place where people are gathered for entertain-
ment or any other purpose.

(3) The proprietor or the person in charge of
any such place mentioned in subsection (2)
shall

*(a)*  post up at the entrance of any such
place a notice prohibiting any per-
son entering therein from carrying
on his person, a knife, cutlass,
bludgeon or any offensive weapon
and the penalty for contravening
the prohibition; and

*(b)*  make provision for persons enter-
ing any such place to hand over for
safe custody such knife, bludgeon
or offensive weapon which they
may have in their possession.

(4) Any person who contravenes subsection
(2) commits an offence and is liable on convic-
tion to a fine of one thousand dollars.

(5) It shall be lawful for any police officer
after identifying **himself** to search without
warrant any person entering into any such
place mentioned in subsection (2) and to seize
any knife, cutlass, bludgeon or other offensive
weapon found on such person.

No. 1 of 2000.      *Law Revision (Miscellaneous)*      5      ANTIGUA
                        *(Amendments) Act,* 2000.                    *AND*
                                                          BARBUDA

(6) For the purposes of this Act "offensive weapon" has the same meaning as defined in section 35(5) of the Firearms Act, Cap. 171."

8. The Free Trade and Processing Zone Act is amended as follows:

*(a)*   by the repeal of section 10(3) and the substitution of the following:

"(3) There shall also be appointed by the Minister a Deputy Commissioner whose appointment shall be approved by the Cabinet.

(4) The Deputy Commissioner shall, perform such duties as may be assigned to him by the Commissioner or as directed by the Commission and to perform the functions of the Commissioner during his absence.";

*(b)*   by the repeal of section 27(g) and the substitution of the following:

"(g)   to the granting of permits, appro       and the licensing of               here l approved under this Act may temporarily be accommodated.";and

*(c)*   paragraph 2 of the Schedule is repealed and the following substituted:

"2. All meetings of the Commission shall be presided by the chairman and in the absence of the chairman the members present shall elect one of their number to preside.".

*Amendment of the Free Trade and Processing Zone Act No. 12 of 1994.*

Passed the House of Representatives this 6th day of January, 2000.

Passed the Senate this 17th day of January, 2000.

**B. Harris,**
*Speaker.*

**M. Percival,**
*President.*

**S. Walker,**
*Clerk to the House of Representatives.*

**S. Walker,**
*Clerk to the Senate.*

Printed at the Government Printing Office, Antigua and Barbuda, by Donovan Southwell, Government Printer
—By Authority, 2000.

800—2.00                                          *[ Price $2.60 ]*