AMERICAN ARBITRATION ASSOCATION
CONSTRUCTION INDUSTRY ARBITRATION RULES

| | |
|---|---|
| LEEWARD CONSTRUCTION COMPANY, Ltd.<br><br>Claimant,<br><br>v.<br><br>AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE C/O GCLR, INC.<br><br>Respondent. | Case No. 50 110 T 00118 13<br><br>SUPPLEMENTAL AFFIRMATION OF NEAL SIMON<br><br>IN OPPOSITION TO THE CLAIMANT'S MOTION FOR DISMISSAL OF AUA'S ABST RELATED CLAIMS ON VARIOUS GROUNDS<br><br>AND IN SUPPORT OF AUA'S<br><br>CROSS-MOTION FOR AN ORDER STRIKING CLAIMANT'S STATED DEFENSES AND AWARDING SUMMARY JUDGMENT TO RESPONDENT ON ITS ABST RELATED CLAIMS |

NEAL SIMON, hereby affirms under penalty of perjury as follows: I am, and have been since its inception, President of Respondent American University of Antigua College of Medicine (hereinafter "AUA.") As such, I am fully familiar with the facts and circumstances surrounding this matter and hereinafter set forth.

1. I submit this affirmation in opposition to that aspect of the motion of Claimant, the Leeward Construction Company, Ltd, (hereinafter, "the Leeward") that seeks

dismissal of AUA's construction defects claim on the ground that timely notice of the claims was not given as required by the parties Contract.

2. Section 3.5 of the Contract provides, in pertinent part:

> The Contractor warrants to the Owner and Architect that materials and equipment furnished under the Contract will be of good quality and new unless otherwise required or permitted by the Contract Documents, that the Work will be free form defects not inherent in the quality of required or permitted, and that the Work will conform to the requirements of the Contract Documents. Work not confirming to these requirements, including substitutions not properly approved and authorized, may be considered defective.

3. Nowhere in this Section is there any limitation on the duration of the warranty provided to the Owner thereunder, in general, or a one-year limitation on the warranty provided to the Owner thereunder, in particular. The Section applies to all defects regardless of when they are discovered.

4. Section 12.2.2.1 of the General Conditions of the Contract, the section on which the Leeward's claims herein is based provides, is much narrower in its application. This Section provided in pertinent part:

> In addition to the Contactor's obligations under Section 3.5, if, within one year after the date of Substantial Completion of the Work or designated portion thereof or after the date for commencement of warranties established under Section 9.9.1f, or by terms of an applicable special warranty required by the Contract Documents, any of the Work is found to be not in accordance with the requirements of the Contract Documents, the Contractor shall promptly correct it after receipt of written notice from the Owner to do so unless the Owner has previously given the Contractor a written acceptance of such condition. The Owner shall give such notice promptly after discovery of the condition. During the one-year period for correction of Work, if the Owner fails to notify the Contractor and give the Contractor an opportunity to make the correction, the Owner waives the right to require correction by the Contractor and to make a claim for breach of warranty.

5. The Section, by its express terms, is applicable only to defects in the Contractor's Work that are discovered within one year of the date of Substantial Completion. It is only in such cases that the Owner is required under the Section to provide the Contractor with an opportunity to cure the defects by notice to it.

6. In other cases, and, in particular, where a defect in the Contractor's Work is discovered later than one year after the date of Substantial Completion, Section 4.3.2 of the General Conditions of the Contract is applicable.

7. That Section provides:

> Time Limits on Claims. Claims by either party must be initialed within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is the later. Claims must be initiated by written notice to the Architect and the other party.

8. None of the defects that underlie AUA's claim herein, with the exception of the height of the stair risers, was discovered within one year after Substantial Completion. AUA raised its claims herein within one year of the date of discovery of the defects.

9. Moreover, the Tribunal in the prior arbitration expressly determined that the parties had, by their conduct, waived the time limit set forth in Section 4.3.2 for providing notices of claims. In such cases, as was the case with the defects in construction for which AUA seeks redress herein (with the exception of the height of the stair risers), the warranty provision of Section 3.5 of the Contract would apply.

10. Thus, in its Final Award (Exhibit BB), the Tribunal in the prior arbitration found:

> <u>Controversy:</u>

> Whether Leeward substantially complied with the notice of claim provision in the Contract?
>
> Panel's Decision:
>
> By reason of the conduct of the parties during the development, construction and liquidation of the Project, the Panel concludes that the time limit for notice of claims stipulated in Section 4.3.2 of the General Conditions was waived, as well as Section 4.6.3 of the General Conditions referring to the initiation of an arbitration process. This decision is applicable to both parties.

11. The Leeward has relied on this ruling in order to bring its own claims herein; were it not for the ruling, the Leeward's claims herein would have been subject to dismissal as untimely.

12. Even were it the case that the provision relied on by the Leeward herein was otherwise applicable to AUA's construction defects claims herein, nevertheless, the claims should not be stricken.

13. The Leeward has advised that its offices in Antigua are closed and that, as a result, it cannot produce much of the documentation that AUA requested in discovery herein.

14. In fact, the offices were closed and the Leeward ceased to do business shortly after the date that the Leeward alleges as the date of Substantial Completion herein.

15. As a result, providing the Leeward with the opportunity to cure the defects involved herein would have been a futile act.

16. The Leeward had no ability to cure any of the defects.

17. The law does not require a party to a contract to perform a futile act.

18. AUA's only remedy was to make the repairs itself or live with the defective conditions and, in either case, to seek money damages from the Leeward through arbitration.

Wherefore, your affirmant, on behalf of AUA, respectfully submits that the Leeward's motion insofar as it seeks dismissal of AUA's construction defects claims must be denied, and AUA awarded its costs and attorneys fees together with such other relief as the Tribunal deems just and equitable.

Dated November 12, 2013

*[signature]*

Neal Simon