# STATEMENT OF WITNESS

Statement of : Douglas James McLaren

| | |
|---|---|
| Age of Witness (Date Of Birth): | 54 (21 September 1959) |
| Occupation of Witness: | Deputy Commissioner of Inland Revenue |
| Address and Telephone Number: | Inland Revenue Department, Woods Centre, Friars Hill Road, St. John's, Antigua and Barbuda  1 268 468 9485 |

This statement, consisting of 2 pages each signed by me, is true to the best of my knowledge and belief, and I make it knowing that, if it is tendered in evidence, I shall be liable to prosecution if I wilfully stated anything which I know to be false or do not believe to be true.

Dated the 9th day of December 2013.

Signed _[signature]_

Signature Witnessed _[signature]_

by

I am employed by the Ministry of Finance of the Government of Antigua and Barbuda and currently hold the post of Deputy Commissioner of Inland Revenue. At the time of my involvement in this matter I then held the post of Director of ABST implementation within the Inland Revenue Department.

I have been informed that Leeward have disputed my interpretation of the ABST Act in relation to the requirement to issue a credit note and return the incorrectly charged amount to AUA.

The section in question is section 34 of the Antigua and Barbuda Sales Tax Act which I again reproduce herein

*34. (1) If*
*(a) a registered supplier has made a taxable supply to a registered recipient;*
*(b) an ABST adjustment event has occurred in relation to the supply;*
*(c) at the time of the supply, the supplier issued an original ABST invoice to the recipient; and*
*(d) the amount shown on that invoice as the ABST charged exceeds the ABST properly chargeable in respect of the supply ,the supplier must provide the recipient with an original ABST credit note.*

This makes it clear that whether the recipient is registered for ABST or not, where an original ABST invoice has been issued as per section 34 subsection 1 (c), then as per subsection 1(d), a credit note must be issued.

Leeward are correct in their submission that the ABST Act does not directly state that any amounts wrongly charged should be refunded by the supplier. This is because the Act only deals with the treatment of ABST. In this case since the original supply was not liable to the application of ABST at the standard rate then the amount charged is not ABST despite what the original invoice stated. The amount therefore becomes an overcharge under the principle contractual terms which immediately becomes repayable.

Any assertion that the Government of Antigua and Barbuda should refund any party in this matter is entirely fallacious, as no ABST has been charged, accordingly AUA's only remedy in this case is to seek repayment of amounts wrongly charged from the person who charged them namely Leeward.

Further as previously stated Leeward has at no time met its legal requirement to submit monthly ABST remittances covering any transactions and this department has received no funds of any description from Leeward who remain a delinquent trader under our records.

All of the foregoing was explained to AUA's counsel when he requested my statement of 4th November 2013.

Signed _____     Signature witnessed by _____

Page no 2 of 2

Continuation of witness statement of : Douglas James McLaren

AMERICAN ARBITRATION ASSOCATION
CONSTRUCTION INDUSTRY ARBITRATION RULES

| LEEWARD CONSTRUCTION COMPANY, Ltd.<br><br>Claimant,<br><br>v.<br><br>AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE C/O GCLR, INC.<br><br>Respondent. | Case No. 50 110 T 00118 13<br><br>SUPPLEMENTAL AFFIRMATION OF DOUGLAS JAMES MCLAREN IN FURTHER SUPPORT OF AUA'S CROSS-MOTION FOR AN ORDER STRIKING CLAIMANT'S DEFENSES AND AWARDING SUMMARY JUDGMENT TO RESPONDENT ON ITS ABST RELATED CLAIMS AND IN FURTHER OPPOSITION TO CLAIMANT'S MOTION TO DISMISS |
|---|---|

Respectfully submitted:
Leonard A. Sclafani, Esq.
Law Offices of Leonard A. Sclafani, Esq.
One Battery Park Plaza, 33rd Fl.
New York, New York 10004
212-696-9880
las@lasattorneys.com