UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LEEWARD CONSTRUCTION COMPANY, LTD.

                          Petitioner,

-against-

AMERICAN UNIVERSITY OF ANTIGUA --
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC

                          Respondents.
-------------------------------------------------------------------x

Case No. 14-CV-8410-DLC/GWG
(ECF CASE)

**DECLARATION OF**
**VERONICA A. MCMILLAN**

**VERONICA A. MCMILLAN**, being duly sworn, deposes and says:

1.     I am a member of the law firm of Lewis & Greer, P.C., counsel for the Respondent, Leeward Construction Company, Ltd. ("Respondent" or "Leeward"), and am fully familiar with all the facts and circumstances set forth herein.

2.     I submit this declaration in support of Respondent's Notice of Cross-Motion for an Order denying enforcement, vacating or modifying the Final Partial Award, dated September 18, 2014, and reinstating Respondent's claim pursuant to the Federal Arbitration Act, 9 U.S.C. §§1, *et seq.* and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and for such other relief as the Court deems just and proper.

**The Parties**

3.     Leeward is a corporation duly organized and existing under the laws of the Commonwealth of Antigua and Barbuda, with office and principal place of business at All Saints Road, St. John's, Antigua.

4.     The Petitioner, American University of Antigua – College of Medicine ("Petitioner" or "AUA") is a corporation organized and existing under the of Antigua and

Barbuda, with office and principal place of business at University Park, Jabberwock Beach Road,

Coolidge, Antigua.  The AUA also has an office in New York State through its principal/agent.

### The First Arbitration Proceeding

5.      On September 25, 2008, Leeward, as contractor, and the AUA, as owner, executed

a contract for the construction of a medical school in St. Johns, Antigua (the "Contract").  Section

4.6 of the General Conditions to the Contract contained an arbitration agreement that reads as

follows:

§ 4.6 ARBITRATION

§ 4.6.1  Any Claim arising out of or related to the Contract, except
Claims relating to aesthetic effect and except those waived as
provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after
decision by the Architect or 30 days after submission of the Claim to
the Architect, be subject to arbitration.

§ 4.6.2  Claims shall be decided by arbitration which, unless the
parties mutually agree otherwise, shall be in accordance with the
Construction Industry Arbitration Rules of the American Arbitration
Association currently in effect.  The demand for arbitration shall be
filed in writing with the other party to the Contract and with the
American Arbitration Association, and a copy shall be filed with the
Architect.  Location of any Arbitration will be Antigua.

(A copy the Contract containing the arbitration agreement is annexed to the AUA's Petition as

Exhibit A.)

6.      On February 3, 2011, Leeward commenced the an arbitration proceeding with the

American Arbitration Association International Center for Dispute Resolution ("AAA") to

arbitrate claims arising out of or related to the Contract (the "First Arbitration Proceeding").  On

or about October 14, 2011, Leeward served and filed an Amended Demand for Arbitration

requesting an award for breach of contract in the amount of US $2,518,931.97/EC $6,800,572.28[1]; interest on late payments as provided in the Contract from the date the payments were due until the date the payments were made at the legal rate of interest in Antigua as determined by the Arbitrators; and legal fees and expenses, including the cost and expense of arbitration, as determined by the Arbitrators in accordance with the laws of Antigua. (A copy of Leeward's Amended Demand for Arbitration in the First Arbitration Proceeding is annexed hereto as Exhibit 1.)

7.      On or about November 30, 2011, the AUA filed a reply to the Amended Demand that included counterclaims for liquidated delay damages in the amount of US $117,000.00 and in the alternative, actual delay damages in the amount of US $371,955.31/EC $1,004,199.00. (The AUA withdrew its counterclaim for actual delay damages on April 11, 2012.) (A copy of the AUA's November 30, 2011 reply in the First Arbitration Proceeding is annexed hereto as Exhibit 2.)

8.      In March, 2012, the Tribunal conducted evidentiary hearings in San Juan, Puerto Rico.  On May 22, 2012, the hearings were closed following the submission of the parties' lengthy post-hearing findings of fact and conclusions of law. The Tribunal issued the First Arbitration Award certified June 22, 2012 and modified August 8, 2012, in which the Arbitrators directed the AUA to pay damages to Leeward in the amount of $976,421.37, plus interest at the rate of seven percent (7%) per annum as provided in the Award.  The First Arbitration Award also granted the

---

[1]Leeward's breach of contract claim alleged that the AUA repeatedly breached the contract by failing to issue change orders/change directives for additional contract work; failing to pay for additional work that the AUA authorized and directed Leeward to perform; failing to pay Leeward's payment applications in accordance with the terms of the Contract; failing to certify the Project as substantially complete; failing to issue a final certificate of payment; failing to make final payment to Leeward in accordance with the terms of the Contract; failing to pay the mobilization fee as provided in the Contract; failing to authorize overtime as provided in the Contract; failing to coordinate the work of other contractors as required in the Contract; and failing to properly administer the Contract as provided in the Contract documents. (McMillan Declaration, Exhibit 1)

AUA damages in the amount of $58,500.00, plus interest at the rate of 7% per annum as provided in the Award.  (A copy of the Final Arbitration Award certified on June 22, 2012, and the August 8, 2012 modified Final Award is annexed hereto as Exhibit 3.)

      9.      On August 16, 2012, Leeward commenced a proceeding in this Court styled *Leeward Construction Company, Ltd. v. American University of Antigua – College of Medicine, et ano.*, 12-CV-062080-LAK/GWG, for an order confirming the First Arbitration Award and for the entry of a money judgment against AUA in the amounts stated in the First Arbitration Award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards as codified at 9 U.S.C. §201 *et seq*. (the "Convention").[2]  On September 25, 2012, AUA cross-moved to dismiss pursuant to the *Forum Non Conveniens* Doctrine and Fed. R. Civ. P. 12(b)(6) or in the alternative, to vacate or modify the award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq*.  On March 26, 2013, the Court entered a Memorandum Opinion which, *inter alia*, granted Leeward's petition. *See Leeward Constr. Co. v. Am. Univ. of Antigua*, 2013 U.S. Dist. LEXIS 43350 (SDNY 2013) (A copy of the opinion is annexed hereto as Exhibit 4.)   On June 11, 2013, the Court's Clerk entered the Corrected Amended Judgment. (A copy of the June 11, 2013 Corrected Amended Judgment is annexed hereto as Exhibit 5.)

      10.      On April 29, 2013, AUA filed a Notice of Appeal and thereafter, moved the Court for a stay of enforcement of the First Judgment pending the outcome of its appeal.  On August 9, 2013, AUA filed a *supersedeas* bond in the amount of $1,073,000.  On August 16, 2013, the Court entered a Stipulation and Consent Order staying the enforcement of the First Judgment pending

---

[2] The Convention, also known as the "New York Convention" and the "1958 Convention," was enacted on June 10, 1958 and ratified by the United States on December 29, 1970.  See *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15-18 n.1. (2d Cir. 1997).  The Commonwealth of Antigua and Barbuda ratified the Convention on February 2, 1989.  *See* http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention_status.html.

the outcome of AUA's appeal. (A copy of the Court's August 16, 2013 Stipulation and Consent Order is annexed hereto as Exhibit 6.)    Pursuant to subsequent Local 42.1 stipulations between the parties, AUA now has until February 2, 2015 to reinstate and perfect its appeal. (A copy of the parties' November 18, 2014 stipulation extending the AUA's deadline to reinstate and perfect its appeal is annexed hereto as Exhibit 10.)

### The Second Arbitration Proceeding

11.    On February 7, 2013, Leeward commenced a second arbitration proceeding against AUA with the American Arbitration Association International Center for Dispute Resolution to arbitrate a small amount of money ($30,762.00) outstanding after the First Arbitration Proceeding (the "Second Arbitration Proceeding"). (A copy of Leeward's February 7, 2011 Demand for Arbitration is annexed to the AUA's Petition to Confirm as Exhibit B.)    During the First Arbitration Proceeding, the AUA admitted it was liable to pay to Leeward the outstanding amount as a result of a mis-tabulation during invoicing on the project. (Exhibit 3, pp. 11-12)  Neither party was aware of the outstanding amount until the AUA pointed it out during the hearings.  Thus, the First Arbitration Proceeding Tribunal held that it could not award the amount to Leeward because it was not part of the First Arbitration Proceeding. (Exhibit 3)    Leeward attempted to obtain payment from the AUA for this amount but was refused.

12.    The AUA has pled its answer and counterclaims in this matter several times.  In its initial Answer and Counterclaim, dated February 27, 2013, the AUA denied that it owes Leeward the monies for the invoice mis-tabulation (despite admitting the liability on multiple occasions during the First Arbitration Proceeding (Exhibit 3)) and, as a counterclaim, the AUA asserted, for the very first time, that it is entitled to a refund of all of the ABST that it paid to Leeward on the project, in the amount of EC $3,614,522.41/US$1,338,723.00 (the "ABST claim").    (A copy of

AUA's Answer and Counterclaim is annexed to the AUA's Petition to Confirm as Exhibit C.) Subsequently, the AUA amended its answer to assert an additional counterclaim alleging various construction defect claims in the amount of EC$2,642,450.00/US$978,685.00 (the "Defective Work claims"). The AUA's Defective Work claims allege defects with respect to the staircases, wall surfaces, roof, scuppers and pipes, windows, tracery and fascia, elevator shafts, and concrete installed on the Project. (A copy of the AUA's Revised Statement of Counterclaims is annexed to the AUA's Petition to Confirm as Exhibit D.) Thereafter, the AUA served an Amended Answer and Counterclaims dated August 1, 2013. The AUA failed to include a copy of this final pleading with its petition. (A copy of the AUA's August 1, 2013 Amended Answer and Counterclaims is annexed hereto as Exhibit 13.) The AUA has admitted herein that these claims were known to the AUA at the time of the First Arbitration Proceeding. (A copy of Leeward's moving papers before the Tribunal is annexed to the Sclafani Affirmation, dated November 20, 2014 at Exhibits A and B; *see* Leeward Exhibits 46, 50, 60-65 as annexed to the Sclafani Affirmation, Exhibit B)

13.     The parties agreed to submit their claims to the Tribunal for decision in the nature of motions for summary judgment. In its motion, Leeward argued that AUA's ABST claim should be dismissed because (a) the AUA was required under the Contract, read in conjunction with the ABST Act, to pay Leeward ABST; (b) the doctrine of *res judicata* bars the ABST claim; (c) the AUA lacks standing to bring the ABST claim; (d) the doctrines of waiver and/or modification bar the ABST claim; and (e) the ABST claim does not arise under the Contract and, therefore, is not subject to arbitration. With regard to the AUA's defective work claims, Leeward argued that the claims were subject to dismissal because (a) the doctrine of *res judicata* bars the Defective Work claims; (b) the AUA failed to comply with the required notice provision under the Contract and, as a result, the Defective Work claims are untimely; and (c) the windows portion of the Defective Work

claims is not subject to arbitration because the windows work was performed under a separate contract.  The AUA moved for summary judgment on its ABST claim and for dismissal of several of Leeward's defenses.  (Copies of the parties' submissions to the Tribunal are annexed to the Affirmation of Leonard Sclafani, dated November 20, 2014 as Exhibits A through I.  A copy of Leeward's moving papers is annexed thereto as Exhibits A and B.  Leeward's reply in further support of its motion to dismiss was not included and is annexed hereto as Exhibit 12.)

14.     On February 6, 2014, the Tribunal issued a decision which failed to resolve any of the major issues in the proceeding. (A copy of the Decision on the Parties' Dispositive Motions and Related Cross-Motions is annexed to the AUA's Petition to Confirm as Exhibit E.)  On April 28, 2014, at the joint request of the parties, the Tribunal conducted a day-long oral argument in Miami, Florida in which it heard from counsel for both parties.  On September 18, 2014, the Tribunal issued a Partial Final Award which, *inter alia*, dismissed Leeward's claim and granted AUA's ABST claim.  (A copy of the Partial Final Award is annexed to the AUA's Petition to Confirm as Exhibit F.)  The Partial Final Award contained a lengthy dissenting opinion which detailed the errors in the Partial Final Award.  The AUA failed to include the dissenting opinion with its Petition to Confirm. (A copy of the complete Partial Final Award, including the dissenting opinion is annexed hereto as Exhibit 7.)

15.     Leeward opposes the AUA's petition and motion to confirm the Partial Final Award and cross-moves the Court for an Order denying enforcement, vacating or modifying the Final Partial Award, dated September 18, 2014, and reinstating Respondent's claim pursuant to the Federal Arbitration Act, 9 U.S.C. §§1, *et seq*. and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and for such other relief as the Court deems just and proper.

16.     For the Court's convenience, a copy of the Antiguan Arbitration Act is annexed hereto as Exhibit 8.

17.     For the Court's convenience, a copy of the ABST Act (2006), as amended (2008) is annexed hereto as Exhibit 9.

18.     For the Court's convenience, copies of all non-U.S. precedent relied upon by Leeward before the Tribunal during the parties' motion practice is annexed hereto as Exhibit 11.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:          December 11, 2014

_____
Veronica A. McMillan, Esq.