c) Because the new alternative claim was not asserted in Leeward's February 3, 2011 Demand for Arbitration or its October 14, 2011 Amended Demand for Arbitration, but instead raised for the first time on April 20, 2012, in violation of Section 4.6.5 of the General Conditions, which provides that the "party filing a notice of demand for arbitration must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded"?

Panel's Decision:

The Panel finds that each party is barred from alleging non-compliance against each other regarding the terms of the Contract under the sole contention of timeliness and, therefore, will consider all claims brought without regard to timeliness. However, this Panel finds that Leeward is entitled to overhead and profit for work omitted, deleted or modified, but not for the Flooring Work, which was given to Leeward under a Separate Contract.

8.   Controversy:

Even if Leeward had initiated its alternative claim for overhead and profit on the Flooring Work timely under the Contract Documents and the CIAR, is Leeward entitled to be paid EC $313,385.76 in overhead and profit on the Flooring Work given that Leeward entered into a separate contract with AUA on July, 2009 to perform this work, and was paid under the terms of that separate contract?

Panel's Decision:

No. *Refer to Panel's Decision in Section VI. (B-7), above.*

9.   Controversy:

There is no decision to render with respect to the Modified Work Delta of negative EC $14,294.10. Leeward is not seeking to recover any money reflected in this delta, which reflects that Leeward was paid more by seeking payment for work "as built" and in accordance with the "final measure" that it would have received had it been paid based upon the measurements in the initial Bills of Quantities.

Panel's Decision:

This Panel finds that Controversy number **9**, as stated by AUA, does not require the Panel's decision for it does not constitute a claim. In the alternative, the Panel finds the claim to be inadmissible and therefore, dismissed and denied.

10. Controversy:

Is Leeward barred from pursuing its May 11, 2009 Claim for an Extension of Time and the accompanying Additional Preliminaries in the amount of EC $955,554.08 (the difference between the EC $5,891,857.68 in Preliminaries sought by Leeward and the EC $4,936,303.60 approved and paid by AUA) because it failed to initiate the claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward admits that it was aware on January, 2009 that it was not going to complete its work within the Contract Time?

Panel's Decision:

No. Although this Panel finds that both parties were not in strict compliance with the Contract and Contract documents, Leeward is not barred from its claim regarding the responsibility for delays and substantial completion. Consequently, this Panel finds AUA responsible for 50% of the Additional Preliminaries amounting to EC $477,777.04 and such amount is hereby granted in favor of Leeward.

11. Controversy:

Is Leeward barred from pursuing its Claim for an Extension of Time and the accompanying Additional Preliminaries in the amount of EC $955,554.08 because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the Claim accrued in January 2009 and Leeward waited until February 3, 2011 – 25 months later – to commence arbitration?

19

Panel's Decision:

No. *Refer to Panel's' Decision in Controversy number **10**, above, where the controversy relative to the Additional Preliminaries is resolved.*

12.   Controversy:

Even if Leeward had initiated its Claim for Additional Preliminaries timely and commenced arbitration in a reasonable amount of time, is Leeward entitled to Additional Preliminaries based upon the ground asserted in its May 11, 2009 Claim, *i.e.*, that it had been denied access to a $500,000.00 (EC $1,350,000.02) set aside for Non-Productive Overtime, given the absence of any evidence that such an account was agreed to by the parties or that the alleged lack of access to overtime impacted the critical path and caused the damages asserted?

Panel's Decision:

Yes. *Refer to the Panel's Decision in Controversy number **10**, above.*

13.   Controversy:

Aside from the Claim for Additional Preliminaries based on the alleged denial of Non-Productive Overtime initiated on May 11, 2009, did Leeward timely initiate any other claims for an extension of the Contract Time or an increase in the Contract Sum for the Additional Preliminaries in accordance with Section 4.3 of the General Conditions based on any other alleged theory of delay?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and, therefore, will consider all claims brought without regards to timeliness. AUA shall refer to the Award as to claims granted, on pages 31-32.

14.     Controversy:

If so, did Leeward establish that each such claim for delay satisfied each of the following elements: (a) caused by AUA; (b) impacted the critical path; and (c) resulted in a specific loss of time or amount of damages?

Panel's Decision:

After a careful study and analysis of the witness statements as well as the evidence presented, the Panel finds that both parties were responsible for the project delays. Leeward failed to reach substantial completion of the project in the time that was agreed upon. However, the numerous delays and changes to the drawings and the fact that AUA had knowledge of Leeward's request for extension of time, draw us to determine equal fault for each party regarding the delays in the substantial completion. Moreover, AUA shall refer to the Award on pages 31-32, as to the claims granted.

15.     Controversy:

Is Leeward barred from seeking to be paid EC $190,210.19 more than the EC $1,232,008.91 it was already paid for additional work it documented as "Change Orders" in the monthly payment applications because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a Claim no sooner than December 17, 2010 – 14 months later?

Panel's Decision:

The Panel finds that Leeward is entitled to payment for all work performed under the Contract subject to this Arbitration, without consideration to the timeliness of the claims.

16.     Controversy:

Even if Leeward had timely initiated a claim to be paid an additional EC $190,210.19 for Change Order work, is Leeward entitled to be paid this money given that Leeward did not

make a demand for payment contemporaneous with the payment of its Draft Final Account and given that Leeward did not otherwise submit evidence to substantiate its right to payment?

Panel's Decision:

From the evidence presented at trial, the Panel finds that Leeward is entitled to the additional EC $190,210.19. Consequently, the Panel grants Leeward's claim for EC $190,210.19.

17.   Controversy:

Is Leeward barred from pursuing its claim to recover EC $19,475.40 for the Whitsuntide Holiday because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on June 1, 2009 and Leeward waited until February 3, 2011 – 21 months later – to commence arbitration?

Panel's Decision:

The Panel finds that Leeward is not barred from any of its claims based on timeliness. However, claims pertaining to delays in the completion of the Project are subject to the Panel Decisions in *Section VI. (B-14) and (B-15)*, above.

18.   Controversy:

Even if Leeward had commenced arbitration in a reasonable amount of time, is Leeward entitled to EC $19,475.40 in damages for closing the construction site on June 1, 2009 for the Whitsuntide Holiday given that the holiday occurred after the May 14, 2009 deadline for Leeward to complete its work under the Contract Documents?

Panel's Decision:

No.  Refer to the Panel's Decision in *Section VI. (B-14)*, above.

22

19.   Controversy:

Is Leeward barred from seeking payment for an additional EC $162,372.12 in "claims" out of the EC $181,847.52 sought in the Amended Demand for Arbitration because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a Claim no sooner than December 17, 2010 – 14 months later?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in the Award on page 31.

20.   Controversy:

Even if Leeward had timely initiated a claim, is Leeward entitled to recover an additional EC $162,372.12 in "claims" given that Leeward was already paid that precise amount, EC $162,372.12, for these identical "claims," as confirmed by the Draft Final Account submitted by Leeward, certified by the Architect, and paid by AUA?

Panel's Decision:

This Panel finds that Leeward was rightfully paid for extra work, and for the "claims" (adverse weather and holiday) for a total of EC $1,232,008.91 in Change Orders and EC $162,372.12 in 'Claims' paid in the Draft Final Account.

21.   Controversy:

Is Leeward barred from seeking EC $1,000,000 allegedly due and owing from the Cash Allowance portion of the Contract Sum because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that

Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a claim no sooner than December 17, 2010 – 14 months later?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in this Award.

22.     Controversy:

Even if Leeward had timely initiated such a claim, is Leeward entitled to recover EC $1,000,000 from the Cash Allowance component of the initial Contract Sum for contingent costs, including craneage, scaffolding and overtime, given that the EC $2,262,166.51 that Leeward billed for and received for such contingent costs includes the EC $1,000,000 allocated to contingent costs in the EC $27,436,824 Contract Sum, which Leeward uses as costs?

Panel's Decision:

This Panel finds that Leeward is not entitled to its claim for Cash Allowance because the evidence received and considered demonstrated to the Panel that, Leeward was paid EC $2,262,166.51 in Cash Allowance, with included the EC $1,000,000.00 claim.

23.     Controversy:

Is Leeward barred from pursuing to recover overhead and profit on the EC $191,090 in Doors and Windows Work deleted by AUA from Leeward's scope of work because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on April 21, 2009 and Leeward waited until February 3, 2011 – 22 months later – to commence arbitration?

24

Panel's Decision:

This Panel finds that Leeward is barred from pursuing the overhead and profit on the EC $191,090 in Doors and Windows Work deleted by AUA because such work was then given to Leeward under a Separate Contract and, therefore, is not subject to this Arbitration. Refer to the Panel's Decision in Section *V. (2)*.

24.    Controversy:

Even if Leeward had commenced arbitration in a reasonable amount of time on its claim for overhead and profit on the Doors and Windows Work, is Leeward entitled to recover EC $34,396.20 as and for its overhead and profit on this work given that the unit rates contained in the initial Bills of Quantities were "provisional sum rates" and given that Leeward entered into a separate contract with AUA in July 2009 to perform this work?

Panel's Decision:

No. *Refer to Panel's Decision in Controversy number 23, above.*

25.    Controversy:

Is Leeward barred from pursuing its claim to recover overhead and profit on the EC $1,735,589 in Painting Work deleted by AUA from Leeward's scope of work because Leeward failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on April 21, 2009 and Leeward waited until February 3, 2011 – 22 months later – to commence arbitration?

Panel's Decision:

The Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and, therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in this Final Award.

25

26.   Controversy:

Even if Leeward had commenced arbitration in a reasonable amount of time on its claim for

overhead and profit on the Painting Work, is Leeward entitled to recover EC $312,406.02 as

and for its overhead and profit on this work given that Leeward would have incurred more in

liquidated damages had the Painting Work not been removed from Leeward's scope of work

than it seeks to recover in overhead and profit for this work?

   Panel's Decision:

Yes. *Refer to the Panel's Decision in Section* **VI. (A-7).**

27.   Controversy:

Is Leeward barred from seeking to recover monies allegedly due and owing under the

Separate Contracts in the arbitration for either of the following separate reasons:

   a) Claims under the Separate Contracts are not arbitrable because AUA did not
   agree to arbitrate them; **Or**

   b) In the event Leeward's payment claims under the Separate Contracts fall within
   the scope of the arbitration provision (Section 4.6.1 of the General Conditions),
   because Leeward failed to initiate any claims within 21 days of their accrual in
   accordance with Section 4.3 of the General Conditions.

   Panel's Decision:

Yes. This Panel finds in favor of AUA in that works that were performed under Separate

Contracts are not subject to this Arbitration

28.   Controversy:

Even if Leeward's claims under the Separate Contracts are subject to arbitration, and even

if Leeward had initiated claims timely, has Leeward established that AUA only paid Leeward

EC $1,359,035.40, in the aggregate, on the Separate Contracts and owes it an additional

EC $202,943 on these contracts based upon the proposed contract amounts, particularly

considering the evidence presented by AUA that Leeward was to be paid as per actual work

(not the proposed amounts), and that Leeward was paid EC $1,452,261.32 for that work?

Panel's Decision:

No. *See Panel Decisions in Section VI. (A-7 and (B-2)*.

29.    Controversy:

Is Leeward entitled to an award for the EC $590,083 that AUA holds as retainage given that Leeward has not provided evidence that it satisfied its obligations under Section 9.10.2 of the General Conditions to provide "an affidavit that payrolls, bills for materials and equipment, and other indebtedness connected with the Work for which the Owner or the Owner's property might be responsible or encumbered have been paid or otherwise satisfied."?

Panel's Decision:

This Panel finds that the only issue regarding the retainage is the submittance by Leeward to AUA of the required documents. Therefore, this Panel hereby Orders Leeward to comply with Section 9.10.02 of the General Conditions, as applicable to the particular Project within the term provided in the Award on pages 31-32 and, thereafter, AUA must pay the remaining 2.5% of the Contract Sum equal to EC $590,083.00, without interest, if paid within the time allowed.

30.    Controversy:

Should the mutual accounting mistake discovered by AUA on the eve of trial that resulted in Leeward receiving EC $83,059.56 less than was reflected in the Draft Final Account be part of any arbitration award, and potentially subject to the assessment of interest, given that Leeward never notified AUA of the error, or specifically demanded payment, or asserted any claim to recover this amount?

27

Panel's Decision:

This Panel determines that the ABST error was mutually acknowledged by both parties, and not having it been submitted as a controversy of this Arbitration and having it been discovered and in good faith informed by an AUA representative during the hearings, we conclude that this issue should be resolved outside of the context of this Arbitration.

31.    Controversy:

Is Leeward entitled to an award of interest for any portion of Leeward's EC $6,701,390.33 demand? If so, when should interest begin to run given Leeward's long delay in commencing arbitration on the three claims it actually initiated during the Project (*i.e.*, Additional Preliminaries, Whitsuntide Holiday and Overhead and Profit on the Painting Work and Doors and Windows Work) and given Leeward's failure to identify the remainder of its claims until filing its Amended Demand for Arbitration dated October 14, 2011?

Panel's Decision:

This Panel finds that Leeward is entitled to the claims recognized in this Award as herein stated.  These claims shall accrue interest at the rate of 7% per annum, since the date of termination of the Project, October 31, 2009, as determined by the Panel; except for those claims that are specifically without interest.

32.    Controversy:

Did Leeward establish that AUA failed to pay one or more monthly payment applications timely, and if so, then what is the date of each such late payments and is Leeward entitled to an award of interest on any alleged late payments?

Panel's Decision:

Yes. *See Panel's Decision in Controversy (A-3) in Section VI.*

28

33.   Controversy:

Is Leeward entitled to an award of interest on any allegedly late mobilization payments, or were its claims with respect to this issue settled in January 2009 as set forth in AUA Ex. 67 at AUA 003269?

Panel's Decision:

The Panel finds that the disputes regarding mobilization were resolved with a payment by AUA in December 22, 2009 and a settlement was reached by the parties in January 13, 2009.

34.   Controversy:

To the extent Leeward is awarded any interest, should the rate of interest equal the statutory judgment rate in Antigua of 5%, given that the Contract Documents refer to the "legal rate" in Antigua?

Panel's Decision:

The Panel finds that Leeward is entitled to interest on the payments due and unpaid as set forth under Section 13.6.1 of the Contract and General Conditions as of October 3, 2009. However, this Panel finds that the interest shall be calculated at 7% per annum.

35.   Controversy:

Is Leeward entitled to recover any of its legal fees and expenses in prosecuting its claims or in defending AUA's counterclaim for Liquidated Damages?

Panel's Decision:

Upon careful consideration and considering that both parties were equally at fault (Leeward 50%- AUA 50%) regarding some of the controversies submitted and in the management of the Contract, the Panel finds no compelling reason to grant attorney's fees, arbitration fees, expenses and compensation as provided under the laws of Antigua or otherwise.  Each party shall bear their own attorneys' fees, arbitration expenses and such the like.

29

36.   Controversy:

Is AUA entitled to an award of Liquidated Damages in the amount of US $117,000.00 based upon Leeward's failure to achieve Substantial Completion within the Contract Time, but instead doing so 78 days later?

   Panel's Decision:

After a careful analysis and evaluation of the witness statements as well as the evidence presented to the Panel, we find that both parties shared responsibilities for the project delays and, consequently, Leeward is responsible for 50% of the Liquidated Damages in the amount of EC $ 157,950.00[2], and such amount is hereby granted in favor of AUA.

37.   Controversy:

Is AUA entitled to setoff Liquidated Damages from the retainage it currently holds?

   Panel's Decision:

No.   The Panel finds neither spurious allegations in Leeward's claims, nor intentional wrongdoing to award damages to AUA.   Consequently, AUA is denied its claim to setoff Liquidated Damages.

38.   Controversy:

Is AUA entitled to recover any of its legal fees and expenses in defending the claims asserted by Leeward and in prosecuting its counterclaim for Liquidated Damages?

   Panel's Decision:

Upon careful consideration and considering that both parties were at fault regarding some of the controversies submitted and in the management of the Contract, the Panel finds no compelling reason to grant attorney's fees, arbitration fees, expenses and compensation as

---

[2] As per AUA's counterclaim for Liquidated Damages, the amount was expressed in US dollars and not EC dollars, therefore, considering the current currency conversion, said amount was calculated at $315,900.00 of which 50% is granted to AUA for $157,950.00.

provided under the laws of Antigua or otherwise.  Each party shall bear their own attorneys'
fees, arbitration expenses and such the like.

## AWARD

Accordingly, we ORDER and AWARD as follows:

1. Within thirty (30) days from the date of issuance of this Final Award Respondent
AUA shall pay to Claimant Leeward the following amounts:

| a) Interest on the Payments Due and Unpaid | EC $44,617.37 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. |
|---|---|---|
| b) Damages | EC $232,670.13 | This sum shall accrue interest of 7% per annum from the date of issuance of this Final Award. |
| c) Overhead and Profit for work deleted, omitted or modified | EC $802,399.25 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009 |
| d) Additional Preliminaries | EC $477,777.04 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009 |
| e) Change Order Work | EC $190,210.19 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009 |
| f) Retainage | EC $218,566.74 | This sum shall <u>not accrue any interest</u>. Leeward shall submit to AUA all contractually required documentation as set forth in Section 9.10.2 of the General Conditions. Leeward will have a term of not more than 30 calendar days from the date of issuance of this Final Award to submit said documentation. Once Leeward has submitted all required documentation accordingly, AUA shall release the retainage in a term not to exceed 30 calendar days, upon after which such amount shall start accruing interest at the rate of 7% per annum. If Leeward fails to comply with Section 9.10.2, of the General Conditions in the time hereby stated and granted the claim for such amount will be considered |

> relinquished. Considering that this case is sub-judice, the herein referred notice may be made by counsel for Leeward to counsel for AUA, or by Leeward to AUA.

2. As per AUA's counterclaim for Liquidated Damages, this Panel grants 50% of such in the amount of EC $157,950.00, which will accrue interest at the rate of 7% per annum from the date of this Final Award.

3. The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling $17,550.00 shall be borne by the parties as incurred. The compensation and expenses of the Panel totaling $151,992.75 shall be borne by the parties as incurred.

4. The terms of this Final Award shall be complied within thirty (30) days from the date of this Final Award.

This Final Award is in full settlement of all claims and counterclaims submitted to this Arbitration.

This Final Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

Per the arbitration clause, the location of the arbitration is Antigua; however, the parties jointly agreed for the Hearings to be held in Isla Verde, Puerto Rico. We hereby certify that, for the purposes of Article I of the New York Convention of 1957, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in Isla Verde, Puerto Rico, on this 22 day of June, 2012.

June 22, 2012
**Date**

Jorge R. Jiménez, Esq.
Panel Chairman

June 22, 2012
**Date**

Héctor M. Varela, P.E.
Arbitrator

June 22, 2012
**Date**

José R. Capó, Esq.
Arbitrator

State of Puerto Rico
County of San Juan

On this 22 day of June, 2012 before me personally came and appeared Jorge R. Jiménez, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that he executed the same.

June 22, 2012
**Dated**

Notary Public
Affidavit # 286

State of Puerto Rico
County of San Juan

On this 22 day of June, 2012 before me personally came and appeared Héctor M. Varela, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that he executed the same.

June 22, 2012
**Dated**

Notary Public
Affidavit # 287

State of Puerto Rico
County of San Juan

On this 22 day of June, 2012 before me personally came and appeared José R. Capó, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that he executed the same.

June 22, 2012
**Dated**

Notary Public
Affidavit # 288

## INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| **LEEWARD CONSTRUCTION COMPANY, LTD.,** | |
| **Claimant,** | |
| **vs.** | **Case No.: 50 110 T 00075 11** |
| **AMERICAN UNIVERSITY OF ANTIGUA – COLLEGE OF MEDICINE,** | |
| **Respondent.** | |

### FINAL AWARD

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the Arbitration Agreement entered into between the above named parties and dated September 25, 2008, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and the parties having agreed that the Arbitrators need to render a reasoned award, do hereby, AWARD, as follows:



**I.     BRIEF PROCEDURAL BACKGROUND:**

The present case was brought on February 3, 2011 by Leeward Construction Company, LTD. ("Leeward") against American University of Antigua - College of Medicine ("AUA"), claiming the amount of EC $13,161,137[1] from a dispute that arose out of the construction of a medical school in St. Johns, Antigua.   Leeward claimed that AUA breached their contract and sought remedies under § 4.6 of the Contract, henceforth, demanded arbitration for the disputes set forth in their claim.

AUA filed a response on March 4, 2011, stating that Leeward's claim was so vague, confusing and contradictory that AUA was not in the position to understand the basis for the claims.

The Panel was selected and sworn on July 6th, 2011, comprised by Attorneys José R. Capó, Jorge R. Jiménez and Professional Engineer Héctor M. Varela.  Attorney Jiménez was designated Chair of the Panel.

On October 14, 2011, Leeward filed an Amended Demand for Arbitration seeking EC $6,800.572.28 in damages.  AUA filed its Answering Statement and Counterclaim on November 30, 2011.

---

[1] Whenever reference is made to a monetary sum, same shall be understood to be represented in Eastern Caribbean (EC) dollars, unless otherwise stated.