UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

                              Petitioner,

                  -against-

LEEWARD CONSTRUCTION COMPANY, LTD.,

                              Respondent.
-----------------------------------------------------------x

Case No. 1:14-CV-8410-DLC/GWG
(ECF CASE)


# RESPONDENT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CROSS-MOTION TO DENY ENFORCEMENT, VACATE AND/OR MODIFY AND IN OPPOSITION TO THE PETITION AND MOTION TO CONFIRM ARBITRATION AWARD

Dated: Poughkeepsie, New York
        January 9, 2015

Respectfully Submitted:

**LEWIS & GREER, P. C.**
*Attorney for Respondent,*
*Leeward Construction Company, Ltd.*
510 Haight Avenue, P. O. Box 2990
Poughkeepsie, New York 12603
Telephone: 845-454-1200

OF COUNSEL:
Veronica A. McMillan, Esq.
J. Scott Greer, Esq.

# **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ...................................................................................................................................3

    THE PARTIAL FINAL AWARD IS SUBJECT TO VACATUR
    OR MODIFICATION AND IS NOT ENFORCEABLE UNDER
    THE CONVENTION AND FAA ...............................................................................................3

    A. The Tribunal Decided Issues Outside of Its Authority and the
       Scope of the Arbitration Agreement ...................................................................................3

        i. The Tribunal Decided a Claim That Was Not Presented to It ..................................4

        ii. The Tribunal Decided an Issue Related to the Application
           of Tax Law That is Outside Its Authority and the Scope
           of the Arbitration Agreement ....................................................................................8

    B. The Award is Non-Final and Ambiguous .........................................................................10

    C. The Partial Final Award Constitutes a Manifest Disregard of the Law ...........................12

CONCLUSION ..............................................................................................................................16

# TABLE OF AUTHORITIES

**CASES**                                                                                                        **PAGE(S)**

*Benjamin v. Traffic Executive Assoc. Eastern Railroads*,
    869 F.2d 107 (2d Cir. 1989)..................................................................................13

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (1987) .........................5

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 23 (2d Cir. 1995).......5, 6, 9

*DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818 (2d Cir. 1997)...............................3

*Dworkin-Cosell Interair Courier Services, Inc. v. Avraham*,
    728 F.Supp. 156 (SDNY 1989)..............................................................................10

*Fibrosa Spolka Akcyina v. Fairbarin Lawson Combe Barbour Ltd*,
    [1943] A.C. 32 ........................................................................................................4

*Henderson v Henderson,* 3 Hare 100 (1943) .................................................................12

*Iran Aircraft Indus. v. Avco Corp.*, 980 F.2d 141 (2d Cir. 1992).......................................4

*Kuklachev v. Gelfman*, 600 F.Supp.2d 437, 459-460, 466 (EDNY 2009).....................5, 6

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*,
    252 F.3d 218, 224 (2d Cir. 2001).........................................................................5, 9

*Mavis Henry v. Tyrone Warner,* Claim No. ANUHCV 2000/0277,
    Eastern Caribbean Supreme Court (2009) ............................................................12

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930,
    933-934 (2d Cir. 1986) .........................................................................................12

*Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411 (2d Cir. 1980) .............................10

*N.L.R.B. v. United Technologies,* 706 F.2d 1254 (2d Cir. 1988)....................................13

*North River Insurance Co. v. Allstate Insurance Co.*,
    866 F.Supp. 123 (S.D.N.Y. 1994) ........................................................................13

*Pearl Seas Cruises, LLC v. Irving Shipbuilding, Inc.*,
    2001 U.S. Dist. LEXIS 87728 (Dist. of Conn. 2011) ..........................................10

*People v. Evans,* 94 N.Y.2d 499, 503 (2000) .................................................................12

*Price v. Cushman & Wakefield, Inc.*, 808 F.Supp.2d 670, 700-701 (SDNY 2011) ...................5, 9

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*,
    157 F.3d 174 (2d Cir. 1998) ..............................................................................................11

*Superintendent of Ins. v. Ochs*, 377 F.3d 209 (2d Cir. 2004) ...........................................................5

*T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339
    (2d Cir. 2010)), *aff'd.*, 2012 U.S. App. LEXIS 1069 (2d Cir. 2012) .....................13

*Westdeutsche Landesbank Girozentrale v. Islington London Borough Council,*
    [1996] 2 WLR 802(HL) ..............................................................................................4

*Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 209
    (2d Cir. 2002) ..............................................................................................................12

*Westminster Secs. Corp.*, 2011 U.S. Dist. LEXIS 5167, *12 (SDNY 2011) ..............................13

*Woods v. Dunlop Tire Co.*, 972 F.2d 36 (2d Cir. 1992) ..................................................................13

## STATUTES

9 U.S.C. § 10(a)(3) ...........................................................................................................................4

9 U.S.C. § 10(a)(4) ...........................................................................................................................3

9 U.S.C. § 11(2) ...............................................................................................................................3

21 U.S.T. 2517 .................................................................................................................................3

## OTHER AUTHORITIES

Antigua Arbitration Act ..................................................................................................................11

ABST Act (2006), *as amended* (2008) ..................................................................................8, 9, 10

## PRELIMINARY STATEMENT

This proceeding arises out of a contract between the American University of Antigua – College of Medicine ("Petitioner" or "AUA") and Leeward Construction Company, Ltd. ("Respondent" or "Leeward") for the construction of a medical school (the "Contract") in St. Johns, Antigua (the "Project"). The parties have been engaged in arbitration before a Tribunal established by the American Arbitration Association International Center for Dispute Resolution. The underlying arbitration is the second arbitration proceeding between the parties concerning the Contract and the Project.

On February 7, 2013, Leeward commenced the underlying proceeding to arbitrate a small amount of money (US $30,762.00) outstanding after the First Arbitration Proceeding (the "Second Arbitration Proceeding"). During the First Arbitration Proceeding, the AUA admitted it was liable to pay to Leeward the outstanding amount as a result of a mis-tabulation during invoicing on the Project. *See* McMillan Declaration, Exhibit 3, First Arbitration Award, pp. 11-12. The First Arbitration Proceeding Tribunal held that it could not award the amount to Leeward because it was not part of the First Arbitration Proceeding and indeed, did not come to light until the hearings. In the Second Arbitration Proceeding, AUA asserted for the first time claims relating to Antigua and Barbuda Sales Tax ("ABST") it paid and construction defect claims related to the Project. AUA's claims in the Second Arbitration Proceeding amount to several million dollars in alleged damages above and beyond those it alleged in the First Arbitration Proceeding. AUA knew about these claims at the time of the First Arbitration Proceeding, but intentionally elected not to bring the claims at that point in time. See Sclafani Affirmation, Exhibit B, Leeward's Exhibits 46, 50, 60-65 as contained therein.[1]

---

[1] A copy of Leeward's Exhibits 1-65 in the motion practice before the Tribunal is annexed to the Sclafani Affirmation, dated November 20, 2014, as Exhibit B.

1

On September 18, 2014, the Tribunal issued a Partial Final Award which, *inter alia*, dismissed Leeward's claim and granted the AUA's ABST claim. The Partial Final Award included a twenty-page vigorous Dissenting Opinion in which Arbitrator Romero pointed out five significant problems with the Partial Final Award. (A copy of the complete Partial Final Award, including the "Dissenting Opinion" is annexed to the McMillan Declaration as Exhibit 7.) The defects in the Partial Final Award include the fact that the Tribunal exceeded the scope of its authority and the arbitration agreement between the parties; the Partial Final Award is non-final and ambiguous; and the Partial Final Award constitutes a manifest disregard for the law. The AUA has petitioned this Court to confirm the Partial Final Award without regard to the significant defects contained therein. Leeward has cross-moved the Court to deny enforcement and vacate and/or modify the Partial Final Award, including reinstatement of Leeward's claim. Given the fatal defects in the Partial Final Award, the AUA's petition to confirm should be denied and Leeward's cross-motion should be granted.

## ARGUMENT

## THE PARTIAL FINAL AWARD IS SUBJECT TO VACATUR OR MODIFICATION AND IS NOT ENFORCEABLE UNDER THE CONVENTION AND FAA

AUA seeks confirmation of the Partial Final Award and entry of judgment in accordance therewith pursuant to the Convention, 21 U.S.T. 2517, as incorporated into the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§201-208. Leeward has cross-moved pursuant to the Convention and the FAA for an order denying enforcement and vacating and/or modifying the Partial Final Award, including reinstatement of its claim against the AUA as the Tribunal decided issues outside the scope of its authority and the arbitration agreement between the parties; the Partial Final Award is non-final and ambiguous; and the Tribunal manifestly disregarded the law. In reply, the AUA disputes each of these claims. In doing so the AUA interjects untrue, irrelevant and unsupported facts that were not part of the underlying motion practice. The AUA's objections do not overcome the illegitimacy of the Tribunal's actions. As such, the Partial Final Award should be denied enforcement and vacated and/or modified, including the reinstatement of Leeward's claim against the AUA.

### A. The Tribunal Decided Issues Outside of Its Authority and the Scope of the Arbitration Agreement

Both the FAA and the Convention provide for vacatur of an arbitration award where the arbitrators have exceeded their authority as provided in the parties' arbitration agreement. *See* 9 U.S.C. §10(a)(4); *see also*, 9 U.S.C. §11(2) and Article V of the Convention. A court's inquiry in this regard focuses on "whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue..." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 824 (2d Cir. 1997) A tribunal's actions in passing on a matter not before it or outside the scope of its authority invokes questions of due process in violation of 9

3

U.S.C. §10(a)(3) and Article V(1)(b) of the Convention and should not be countenanced in a petition to confirm. *See, e.g., Iran Aircraft Indus. v. Avco Corp.*, 980 F.2d 141, 146 (2d Cir. 1992) (These provisions protect "the fundamental requirement of due process …the opportunity to be heard at a meaningful time and in a meaningful manner.")

### i.     The Tribunal Decided a Claim That Was Not Presented to It

In granting the AUA's ABST claim on the theory of unjust enrichment, the Tribunal exceeded the scope of the matters submitted to them for decision. *See* Leeward Memorandum in Support of its Cross-Motion, Point I, Sub-section A, pp. 11-15; *see also*, McMillan Declaration, Exhibit 7, Dissenting Opinion, pp. 8-12. In its reply brief, the AUA claims that "having fully participated in the Arbitration, Leeward may not now challenge the authority of the Arbitrators to decide the issues raised in the Arbitration." AUA Reply Memorandum, Point I, Sub-section a, p. 10. AUA has mischaracterized the issue. The issue is not whether the Tribunal had any authority over the parties. Rather, the Tribunal's authority did not extend to a claim for unjust enrichment because the claim is equitable in nature; does not arise out of or relate to the Contract; and the AUA dropped the claim from its final pleading.

In an attempt to justify the Tribunal's decision, the AUA alleges that the Contract's arbitration clause is broad enough to encompass its unjust enrichment claim. *See* AUA Reply Memorandum, Point I, Sub-section c, pp. 11-13. The AUA's argument, however, is inapplicable because unjust enrichment is an equitable claim. As a claim sounding in equity, it cannot arise out of or relate to a contract. *See Fibrosa Spolka Akcyina v. Fairbarin Lawson Combe Barbour Ltd,* [1943] A.C. 32, 61 (holding that the obligation to refund or repay a mistaken payment on the basis of unjust enrichment is imposed by law and not by contract); *Westdeutsche Landesbank Girozentrade v. Islington London BC,* [1996] 2 WLR 802(HL) (holding that the obligation to

4

refund or repay a mistaken payment on the basis of unjust enrichment is imposed by law and not be contract); *see also, Superintendent of Ins. v. Ochs*, 377 F.3d 209, 213 (2d Cir. 2004) ("[U]njust enrichment would only exist where no prior agreement govern the rights of the parties …[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.")(quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (1987)).[2] Further, even if the Contract's arbitration agreement was as broad as the AUA claims it is, it still would not encompass the AUA's unjust enrichment claim because the claim does not "implicate[] issues of contract construction or the parties' rights and obligations under it." *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 23 (2d Cir. 1995); *Price v. Cushman & Wakefield, Inc.*, 808 F.Supp.2d 670, 700-701 (SDNY 2011) (quoting *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 224 (2d Cir. 2001)); *see also, Kuklachev v. Gelfman*, 600 F.Supp.2d 437, 459-460, 466 (EDNY 2009) (equitable claim for unjust enrichment held non-arbitrable under broad contract arbitration clause).

In *Kuklachev v. Gelfman*, the court interpreted an arbitration clause contained within an agreement between the parties to promote theatrical performance in the United States. The arbitration clause provided that all matters "arising from" the contract would be arbitrated. *See Id.* at 459. The *Kuklachev* court found the subject arbitration clause to be broad in its scope. However, the plaintiffs' claims were not ones arising from the parties' contract but rather, stem from the plaintiffs' claim that the defendants stole from the plaintiffs. Thus, even under the terms of a broad arbitration clause, the plaintiffs' claims, including their claim for unjust enrichment, fell outside the arbitration clause. *See Id.* at 459-460, 466.

---

[2] A copy of *Fibrosa Spolka Akcyina* and *Westdeutsche Landesbank Girozentrade* as well as all other foreign authorities referred to herein is annexed to the McMillan Declaration as Exhibit 11.

Here, the parties' arbitration agreement provides that all matters "arising out of or related to the Contract" will be subject to arbitration. AUA Petition, Exhibit A, §4.6.1. The arbitration clause at issue herein is not even as broad as the clause contained in the *Kuklachev* agreement. Even were the Court to find that the Contract's arbitration clause is as broad as the *Kuklachevc* clause, however, the AUA's ABST claim still would not be subject to arbitration. Broad arbitration clauses still only encompass a claim where the claim "implicates issues of contract construction or the parties' rights and obligations under it." *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 23 (2d Cir. 1995) The AUA's ABST claim is based on a November 17, 2009 correspondence it received from the Antigua and Barbuda tax authorities instructing the AUA to seek ABST refunds from its vendors. See Sclafani Affirmation, Exhibit B, Leeward Exhibit 50 therein. Essentially, AUA claims that based on this pronouncement (which was issued after the Project was completed and is contrary to the ABST Act) Leeward was unjustly enriched in collecting the ABST in the first instance. But, whether or not ABST was due and payable on the Project is a question arising out of the ABST Act, itself not the Contract – the Project would have been subject to or exempt from ABST regardless of the existence of the Contract. *See* McMillan Declaration, Exhibit 9, ABST Act, Part II. Further, the AUA previously acknowledged that its unjust enrichment claim did not arise out of or relate to the Contract. *See* AUA Petition, Exhibit D, Item I.E. Thus, the AUA's claim by its very nature, stands by itself, separate and independent of any contract claim or claim arising out of the Contract. *See Kuklachev*, 600 F.Supp.2d at 459-460, 466. Awarding the AUA damages based on a theory of unjust enrichment is outside the scope of the Tribunal's authority in violation of the FAA and the Convention.

The AUA also takes issue with Arbitrator Romero's conclusion that the AUA did not

have a claim for unjust enrichment before the Tribunal for decision. Essentially, the AUA claims that because the parties referred to unjust enrichment in their motion papers, the claim was before the Tribunal. *See* AUA Reply Memorandum, Point I, Sub-section d, pp. 13-14. In fact, AUA pled its claims and defenses in this proceeding on three separate occasions, the last of which failed to refer to any unjust enrichment claim. *See* AUA Petition, Exhibits C and D; McMillan Declaration, Exhibit 13. Arbitrator Romero correctly concluded that the AUA's unjust enrichment claim was dropped as of its final pleading – a pleading that along with Arbitrator Romero's dissenting opinion, the AUA conveniently neglected to provide to this Court with its petition papers. *See* McMillan Declaration, Exhibits 7 and 13. Having dropped the unjust enrichment claim from its final pleading, the AUA did not have such a claim before the Tribunal for decision. In basing their decision to award the AUA EC$3,614,522.41 in ABST repayments on a claim that the AUA dropped in its final amended pleading in August, 2013, the Tribunal violated Leeward's due process and exceeded its authority. *See* McMillan Declaration, Exhibit 7, Dissenting Opinion, pp. 8-12. The Partial Final Award was made in error and should be denied enforcement, vacated and/or modified and Leeward's claim reinstated.

Finally, the AUA attempts to defend the Tribunal's decision by interjecting untrue, irrelevant and unsupported facts. *See* AUA Reply Memorandum, Point I, Sub-section b, pp. 10-11. The AUA baldly claims that Leeward invoiced, collected and then "pocketed" ABST from the AUA. There is no basis in the record for this assertion other than its own supposition. Leeward collected the ABST from the AUA. However, the AUA has no evidence and the Tribunal did not receive any evidence to conclude that Leeward "pocketed" the money. Leeward was obligated to pay the ABST down the stream of commerce to its subcontractors and vendors for the purchase of services and materials for the Project. *See* McMillan Declaration, Exhibit 9,

ABST Act, Part VII, §27. The AUA has no evidence to suggest that Leeward did not in fact, pay the funds forward. Moreover, what Leeward did with the ABST after it was collected from the AUA is irrelevant to the question of whether it was required to collect the funds in the first instance pursuant to the ABST Act. The AUA has repeatedly admitted throughout these proceedings that it was obligated to pay ABST on the Project because it could not demonstrate to Leeward or other contractors on the Project that ABST was not due and owing. *See* AUA Reply Memorandum, pp. 6-7; *see also*, Sclafani Affirmation, Exhibit B, Leeward Exhibits 50-65 therein. Thus, Leeward was never unjustly enriched.

    ii.    **The Tribunal Decided an Issue Related to the Application of Tax Law That is Outside Its Authority and the Scope of the Arbitration Agreement**

The Partial Final Award also makes findings with regard to the Antigua and Barbuda ABST Act which are outside the Tribunal's authority and the scope of the arbitration agreement. As with its unjust enrichment claim, the AUA claims the Tribunal was within its authority to review and interpret the ABST Act. The AUA is incorrect. Nothing in the ABST Act creates or contemplates a private right of action or otherwise authorizes a private person to enforce the ABST Act. *See* McMillan Declaration, Exhibit 9, ABST Act. In fact, the ABST Act expressly contemplates the opposite: the Antiguan government is the only person with the right to enforce the Statute. *See* McMillan Declaration, Exhibit 9, ABST Act, Part XI (2006), *as amended* (2008) Therefore, if the AUA inadvertently or mistakenly paid ABST to Leeward, then its only remedy is to seek a refund of the ABST from the Antiguan government pursuant to the ABST Act. *See, e.g.*, McMillan Declaration, Exhibit 9, ABST Act, Part XVII, §44 (2006), *as amended* (2008). Similarly, if Leeward failed to remit ABST to the Antiguan government that it lawfully collected from the AUA, *see* ABST Act, Part II (2006), *as amended* (2008), then the statutory remedy is

8

not for the AUA to seek recovery of the ABST that it was legally obligated to pay to Leeward; but rather, for the Antiguan government to commence enforcement proceedings against Leeward for failing to remit any ABST that it might owe. *See, e.g.*, McMillan Declaration, Exhibit 9, ABST Act, Part XVI (2006), *as amended* (2008).

Moreover, even under the broadest of arbitration agreements, the Tribunal's attempt to interpret and enforce the ABST Act does not involve contract construction issues or the rights and obligations of the parties under the contract. *See Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 23 (2d Cir. 1995); *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 224 (2d Cir. 2001); *Price v. Cushman & Wakefield, Inc.*, 808 F.Supp.2d 670, 700-701 (SDNY 2011) Thus, the Tribunal's interpretation of the ABST Act does not fall within the arbitration agreement and as such, is not an arbitrable matter.

In deciding the AUA's ABST claim, the Tribunal has crossed over into tax law enforcement – a right only granted to the Antigua and Barbuda tax authorities – not the Tribunal or the AUA and has denied Leeward its statutory rights and remedies provided under the ABST Act. *See* McMillan Declaration, Exhibit 7, Dissenting Opinion, pp. 13-16. Indeed, the Partial Final Award works to deny Leeward the due process safeguards provided it under the ABST Act. *See* McMillan Declaration, Exhibit 9, ABST Act. For example, if the Antigua and Barbuda tax authorities were to find Leeward owed ABST on the Project, Leeward would be entitled to a right of appeal from that determination, including the opportunity to subpoena its suppliers, vendors and subcontractors on the Project to provide documentation to prove that Leeward paid its ABST obligations forward (as required by the ABST Act) when it purchased services and materials for use in constructing the Project. *See* McMillan Declaration, Exhibit 9, ABST Act, Parts XVI, XVIII and XIX, including §§96 and 98.

Finally, in awarding the Partial Final Award, the Tribunal has granted the AUA relief that it is not otherwise entitled to under the terms of the ABST Act. The Tribunal has countenanced the AUA's failure to adhere to the statutory requirements for obtaining an ABST refund. The ABST Act provides that refund requests must be made within three years. Thus, the Tribunal has also breathed life back into an otherwise time barred claim under the ABST Act. *See* McMillan Declaration, Exhibit 9, ABST Act, Part XVII, 44(5) (2006), *as amended* (2008). The ABST Act provides exclusive procedures for dealing with the AUA's ABST claim and as Arbitrator Romero found, the "Tribunal should not exercise its powers to administer the tax laws of that country and should not interfere with the administration and enforcement of the tax laws of Antigua and Barbuda." McMillan Declaration, Exhibit 7, Dissenting Opinion, p. 15. The Tribunal has acted outside the scope of its authority and as such, the Partial Final Award should be denied enforcement, vacated and/or modified and Leeward's claim reinstated.

## B. The Award is Non-Final And Ambiguous

The FAA and the Convention require that an award be final before it can be enforceable. *See, e.g., Dworkin-Cosell Interair Courier Services, Inc. v. Avraham*, 728 F.Supp. 156, 161 (SDNY 1989) Final arbitration awards are those

> intended by the arbitrators to be their complete determination of all claims submitted to them' and 'an arbitrator award, to be final, must resolve all issues submitted to arbitration, and ... it must resolve them definitely enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication,' including both liability and damages.

*Pearl Seas Cruises, LLC v. Irving Shipbuilding, Inc.*, 2001 U.S. Dist. LEXIS 87728, *5 (Dist. of Conn. 2011) (quoting *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 413-414 (2d Cir.

1980) and *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998)) Additionally, the laws of Antigua and Barbuda also require that an arbitration award be final before it can be enforced. *See generally,* McMillan Declaration, Exhibit 8, Antiguan Arbitration Act, Chapter 33 of the Laws of Antigua and Barbuda.

The Partial Final Award is also non-final and ambiguous because it completely fails to address the instance wherein the Antigua and Barbuda tax authorities find that Leeward has no outstanding ABST obligation on the Project because it has already satisfied its obligations by paying ABST to contractors and vendors down the stream of commerce from it for services and materials purchased for the Project. In that instance, the Partial Final Award would require Leeward to pay the AUA funds it has already expended and thus, leave Leeward open to a potential double liability. Moreover, the Partial Final Award contemplates further proceedings. Perhaps the best evidence of the non-finality of the award is the award itself, which states at Paragraph 25:

> (iv) That in the event that Leeward is later required by the Antigua and Barbuda tax authorities to account for, and pay to, the Antigua Barbuda authorities the ABST on this construction project, AUA shall then be required to indemnify Leeward from any double liability – i.e., liability to both AUA and the tax authorities – arising from Tax Deficiencies as follows:
>
>> a. If a Tax Deficiency is validly asserted against Leeward, then AUA shall indemnify Leeward by paying to the relevant tax authority, upon due notice, an amount not to exceed the Indemnity Cap. All obligations of indemnification by AUA hereunder shall be limited to making any payments described hereunder. In the event that no payment is due hereunder, then no indemnification obligation by AUA to Leeward shall be deemed to exist.
>
> (v) That Respondent AUA's Construction Counterclaim is to be arbitrated by this Tribunal. The Tribunal will hold a telephone

11

> conference with the Parties at the earliest convenient date in order
> to schedule the following steps of these proceedings;...

AUA Petition, Exhibit F, pp. 10-11. The Partial Final Award is non-final and ambiguous and as such, it should be denied enforcement, vacated and/or modified and Leeward's claim reinstated.

### C. The Partial Final Award Constitutes a Manifest Disregard of the Law

The Partial Final Award constitutes a manifest disregard of the law as the Tribunal ignored the applicability legal doctrines of *res judicata*, waiver and modification. *See* Leeward Memorandum of Law in Opposition, Point I, Sub-section C, pp. 16-22. Arbitrators manifestly disregard the law where

> The 'governing law alleged to have been ignored by the arbitrators
> [was] well defined, explicit, and clearly applicable ... [and] The
> arbitrator[s] must 'appreciate[] the existence of a clearly governing
> legal principle but decide[] to ignore or pay no attention to it.

*Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 209 (2d Cir. 2002) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933-934 (2d Cir. 1986))

*Res judicata* is a doctrine of rigid limitation and is not subject to discretion in its application. *See, e.g., Westerbeke Corp.*, 304 F.3d at 219 (2d Cir. 2002) (citing *People v. Evans*, 94 N.Y.2d 499, 503 (2000)) Under Antiguan law, *res judicata* requires a party to present its whole case concerning the same subject matter at the same time and precludes a party from asserting causes of action concerning the same subject matter in multiple litigations. *See, e.g., Mavis Henry v. Tyrone Warner,* Claim No. ANUHCV 2000/0277, Eastern Caribbean Supreme Court (2009) (citing *Henderson v Henderson,* 3 Hare 100, 114-115 (1943). (McMillan Declaration, Exhibit 11) Similarly, United States common law holds that a "final judgment on

the merits bars further claims that were or could have been raised in that action." *Benjamin v. Traffic Executive Assoc. Eastern Railroads*, 869 F.2d 107, 111 (2d Cir. 1989); *North River Insurance Co. v. Allstate Insurance Co.*, 866 F. Supp. 123, 127 (S.D.N.Y. 1994) Important is the identity of the facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which the individual chooses to frame his complaint. *See Woods v. Dunlop Tire Co.*, 972 F.2d 36, 37 (2d Cir. 1992). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *N.L.R.B. v. United Technologies*, 706 F.2d 1254, 1260 (2d Cir. 1988)

    The Tribunal was well aware of the governing legal principles of *res judicata* and refused to apply them. The Tribunal ignored this rigid doctrine that is well-defined, explicit, and clearly applicable to the case. *See Westminster Secs. Corp. v. Petrocom Energy, Ltd.*, 2012 U.S. App. LEXIS 1069 (2d Cir. 2012) Their failure to apply *res judicata* to the case at hand is more than an "error or misunderstanding with respect to the law, or an arguable difference regarding the meaning or applicability of law..." *Westminster Secs. Corp.*, 2011 U.S. Dist. LEXIS 5167, *12 (SDNY 2011) (quoting *T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010)), *aff'd.*, 2012 U.S. App. LEXIS 1069 (2d Cir. 2012). Rather, the Tribunal's failure to apply this rigid limitation rises to the level of a manifest disregard for the law.

    In opposition, AUA incredibly argues that *res judicata* is inapplicable in the Second Arbitration Proceeding because

13

> the issues underlying AUA's claims and defenses in the present arbitration were not relevant to any determination of any of the claims advanced by either of the parties in the prior arbitration and because it was not necessary in order to determine and of the claims or issues raised by either party in the first arbitration for the arbitrators in that arbitration to determine any of the issues in the instant arbitration, Leeward's contention must be rejected.

AUA Reply Memorandum of Law, Point III, p. 19. AUA's contention could not be further from the truth. Regardless of whether the AUA believed its ABST Claim and Defective Work claims were "relevant" to the First Arbitration Proceeding is irrelevant to the question of whether the AUA was required to raise the claims pursuant to the doctrine of *res judicata*. The fact remains that the AUA's ABST claim and Defective Work claims herein are barred because they concern the same subject matter – the Project – that was previously adjudicated in the First Arbitration Proceeding. They also concern the same series of transactions that were at issue within the First Arbitration Proceeding – the 27 payment requisitions Leeward submitted to the AUA and the AUA reviewed, processed and paid, including the payment of ABST. See Sclafani Affirmation, Exhibit B, Leeward Exhibits 2-30 therein. Indeed, each of the payment requisitions at issue in the First Arbitration Proceeding had a line item for ABST, which the AUA paid without protest even though the AUA now claims- after losing the First Arbitration Proceeding - that it was never contractually required to pay ABST in the first place. In fact, the AUA admits in its Reply Brief that with little variation, the exact same evidence was submitted in both proceedings. *See* AUA Reply Brief, Point III, p. 21. Finally, the AUA admitted in these proceedings that it had knowledge of its alleged defects and its ABST claim prior to the commencement of the First Arbitration Proceeding, but elected not to assert the claims. See Sclafani Affirmation, Exhibit B, Leeward Exhibits 46, 50, 60-65 therein. The AUA failed to adhere to the doctrine of *res judicata*

and should not be permitted to circumvent its effect by allowing the Tribunal's manifest disregard of the law to stand.

Finally, the Tribunal also improperly disregarded the fact that the AUA's ABST claim is barred by the doctrines of waiver and modification. *See* Leeward Memorandum of Law in Opposition, Point I, Sub-section C, pp. 20-22. In response to this claim, the AUA has essentially claimed that "invoicing AUA for ABST and then pocketing the money, Leeward did not act to its detriment or rely on any act or failure to act of AUA." AUA Reply Brief, Point III, p. 24. The AUA misrepresents the state of facts. There is no basis in the record for this assertion other than its own supposition. Leeward collected the ABST from the AUA. However, the AUA has no evidence and the Tribunal did not receive any evidence to conclude that Leeward "pocketed" the money. Leeward was obligated to pay the ABST down the stream of commerce to its subcontractors and vendors for the purchase of services and materials for the Project. Moreover, what Leeward did or did not do with the ABST is irrelevant to the question of whether or not the AUA waived its claims or modified the Contract. The AUA has raised absolutely no issue or question in contravention to Leeward's waiver and modification claims.

In sum, the Tribunal manifestly disregarded the applicability of these doctrines and their impact on the AUA's ABST claim and Defective Work claims. Accordingly, the Partial Final Award was made in error and should be denied enforcement, vacated and/or modified and Leeward's claim reinstated.

## CONCLUSION

For the reasons set forth herein as well as in its cross-motion, Respondent Leeward Construction Company, Ltd. respectfully requests that this Court deny Petitioner's petition to confirm and grant Respondent's cross-motion and opposition herein and deny enforcement, vacate or modify the arbitration award against it and in favor of Petitioner, American University of Antigua -- College of Medicine, including reinstatement of Respondent's claim against Petitioner.

Dated: January 9, 2015
   Poughkeepsie, New York

                Veronica A. McMillan (VM 1107)
                **LEWIS & GREER, P.C.**
                *Attorney for Respondent,*
                *Leeward Construction Company, Ltd.*
                510 Haight Avenue, Suite 202
                Poughkeepsie, New York 12603
                Telephone: (845) 454-1200

To: Leonard A. Sclafani, Esq.
   Law Offices of Leonard A. Sclafani, Esq.
   *Attorney for Petitioner,*
   *American University of Antigua -- College of Medicine*
   1 Battery Park Plaza, 33rd Floor
   New York, New York 10004
   Telephone: (212) 696-9880