# American University of Antigua
# College of Medicine
# Check Request Form

ⓘ

## AUA Employee Information

| | |
|---|---|
| Name: | Mike Johnson |
| Department: | Construction |
| DATE | July 25th, 2008 |

### Phase 1: Classroom/Library/Nurses: Leeward Constrcution

| | |
|---|---|
| Interim Payment #7.00 Measured Works/Materials on Site. | 1,176,211.22 |
| ABST | 176,431.68 |
| Total Payment | 1,352,642.90 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | |
| Make check payable to: | Leeward Consstruction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,352,624.90 |

## Additional Comments

*Approved for payment pending agreement of BOQ sate and Pre-lims, and correction of contract.* 7/25/08.

### Approval

| | | |
|---|---|---|
| Requestor's Signature: | | |
| Request Date: | 7/25/08 | 7/25/08. Lt col Roche Anthony. |
| an's Approval: | | |
| Approval Date: | | |
| Finance Approval: | | |
| Approval Date: | | |

LC000377
AUA000560

# American University of Antigua
# College of Medicine
# Check Request Form

## AUA Employee Information

Name: Mike Johnson

Department: Construction

DATE: July 25th, 2008

## Phase 1: Classroom/Library/Nurses: Leeward Constrcution

| | |
|---|---|
| Interim Payment #9.00 Measured Works/Materials on Site. | 467,440.11 |
| ABST | 70,116.02 |
| Total Payment | 537.556.13 |

## Vendor Information

Vendor's name: Leeward Construction Company Ltd.

Vendor's TIN / SS#

Make check payable to: Leeward Consstruction Company Ltd.

Contact name: Neil Dickenson

Contact phone #: 729-0072

Payment address: All Saints Road

P.O. Box, 1400

Antigua

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 537,556.13 |

## Additional Comments

7 14/ 0 8/08.

## Approval

Requestor's Signature:

Request Date: 8/14/08

Dean's Approval: Aaked for payment.     08/14/08

Approval Date: (G Col Roche Antony, GM - Projects.

Finance Approval:

Approval Date:

LC000453
AUA000615

# American University of Antigua
## College of Medicine
### Check Request Form

**AUA Employee Information**

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | September 18th, 2008 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #10.00 Measured Works/Materials on Site. | 64,446.50 |
| ABST | 9,666.98 |
| Prelims From 8/3/08 to 30/4/08 | 199,853.39 |
| Total | EC $ 273,966.87 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Raod |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 273,966.87 |

**Additional Comments**

Nil .

**Approval**

Requestor's Signature: *Certified for payment EC $ 273,966.87*

Request Date:

*19 Sep 2008.*

Dean's Approval:

Approval Date:

Finance Approval:

Approval Date:



# American University of Antigua
# College of Medicine
# Check Request Form

## AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | October 14th,2008 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #10.00 Measured Works/Materials on Site. | 958,531.17 |
| ABST | 143,779.67 |

| | |
|---|---|
| Total | EC $ 1,102,310.84 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,102,310.84 |

## Additional Comments

Raised for payment  EC $ 1, 102, 310. 84
(EC $ One million one hundred two thousand three hundred ten
and eighty four cents only )

## Approval

Requestor's Signature:
Request Date:                (Lt Col ROCHE ANTONY, Engr. Projects.)  14 Oct 2008

Dean's Approval:
Approval Date:

Finance Approval:
Approval Date:

AUA000769



# American University of Antigua
## College of Medicine
## Check Request Form

### AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | November 17th, 2008 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #12.00 Measured Works/Materials on Site. | $718,588.47 |
| ABST | $107,788.27 |
| Outstanding ABST Application #10 | $29,978.00 |
| Total | $856,354.74 |

### Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 856,354.74 |

### Additional Comment

*Site Closure was effected by LC with effect from 2nd October 2008 to 8th November 2008. 1 se time have been included for one week for the month of Oct in the payment application. Without prejudice, this amount is released against total contract/completion period of 52 weeks.* ___ 14/November 2008

### Approval

Requestor's Signature: *Asked for payment EC$ 856,354.74. ( EC dollars eight hundred fifty five thousand three hundred fifty four and seventy four cents only. )*

Request Date: ___ 14 Nov 2008

Dean's Approval: ___

Approval Date: ___

Finance Approval: ___

Approval Date: ___

AUA000856



# American University of Antigua
## College of Medicine
### Check Request Form

**AUA Employee Information**

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | December 16th, 2008 |

**Phase 1: Classroom/Library/Nurses: Leeward Construction**

| | |
|---|---|
| Interim Payment #13.00 Measured Works/Materials on Site. | $2,731,178.48 |
| ABST | $409,676.77 |
| Less Mobilisation Advance | $1,956,460.00 |
| Total | $1,184,395.25 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,184,395.25 |

**Additional Comment**

Passed for payment EC$1,184,395.25 only.
Eastern Caribbean Dollars One million one hundred eighty four thousand
three hundred ninety five and twenty five cent only .

**Approval**

| | |
|---|---|
| Requestor's Signature: | |
| Request Date: | 16 December, 2008 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA000956

ⓘ

### AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department | Construction |
| DATE | January 13th, 2009 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #14.00 Measured Works/Materials on Site. | $3,672,236.40 |
| ABST 15% | $550,835.46 |
| Less Mobilisation Advance | $3,292,418.00 |
| Total | $930,653.85 |

### Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABST NO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box. 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 930,653.85 |

### Additional Comments

*request for payment EC$ 930,653,85 only*
*(EC$ Nine hundred thirty thousand six hundred fifty three and*
*eighty five cents only )*

| | |
|---|---|
| Requestor's Signature: | *Approved* |
| Request Date: | LTCOL ROCHE ANTONY , 13 January 2009 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001142



## AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | February 18th, 2009 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #15.00 Measured Works/Materials on Site. | $11,993,466.76 |
| Less 5% Retention | $599,673.34 |
| Previous Payments | $9,855,649.87 |
| Subtotal | $1,538,143.55 |
| ABST 15% | $230,721.53 |
| **Total Payment** | $1,768,865.09 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABST NO: TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,768,865.09 |

### Additional Comments

*Based for payment Ec$ 1,768,865.09 only.*

### Approvals

| | |
|---|---|
| Requestor's Signature: | *[signature]* |
| Request Date: | 18 February 2009. |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001163

① 

## AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | March 11th, 2009 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #16.00 Measured Works/Materials on Site. | $14,874,532.22 |
| Less 5% Retention | $743,726.61 |
| Previous Payments | $11,393,793.12 |
| Subtotal | $2,737,012.49 |
| ABST 15% | $410,551.87 |
| Total Payment | $3,147,564.36 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS#: | ABSTNO:TIN0502142 |
| Make check payable to | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 3,147,564.36 |

## Additional Comments

Passed for payment EC$.3.147.564.36 only.

NOTE: Payment due by 20 March 2009.

## Approval

| | |
|---|---|
| Requestor's Signature: | [signature] 11 MARCH 2009. |
| Request Date: | Lt Col Roche Antony, General Manager, Projects |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001183

(1)

## AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | April 17th, 2009 |

## Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #17.00 Measured Works/Materials on Site. | $17,716,317.09 |
| Less 5% Retention | $885,815.85 |
| Previous Payments | $14,130,805.61 |
| Subtotal | $2,699,695.63 |
| Retention Release ( Classroom 50%) | $38,951.85 |
| Retention Release ( Service 50%) | $29,902.91 |
| ABST 15% | $415,282.54 |
| Total Payment | $3,183,832.95 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 3,183,832.95 |

## Additional Comments

Asked for payment EC$ 3,183,832.95

## Approval

| | |
|---|---|
| Requestor's Signature: | Lt Col Roche Antony |
| Request Date: | 17 April 2009 |
| Dean's Approval | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001204

## AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | April 17th, 2009 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #18.00 Measured Works/Materials on Site. | $19,094,021.50 |
| Less 5% Retention | $954,701.08 |
| Previous Payments | $16,899,356.01 |
| Subtotal | $1,239,946.42 |
| Retention Release ( Classroom 50%) | $40,368.71 |
| Retention Release ( Service 50%) | $29,071.62 |
| ABST 15% | $196,410.71 |
| Total Payment | $1,505,815.46 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS#: | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,505,815.46 |

## Additional Comments

Noted for payment EC $1, 505, 815. 4 6

## Approval

| | |
|---|---|
| Requestor's Signature: | Mn. / Lt Col Roche Antony |
| Request Date: | 11 May, 2009 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001413



### AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | June 19th, 2009 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #19.00 Measured Works/Materials on Site. | $20,561,252.75 |
| Less 5% Retention | $1,028,062.64 |
| Previous Payments | $18,208,760.76 |
| Subtotal | $1,324,429.35 |
| Retention Release | $69,440.33 |
| ABST 15% | $209,080.45 |
| Total Payment | $1,602,950.13 |

### Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TTN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,602,950.13 |

**Additional Comments** Passed for payment EC$1,602,950.13 only.

**Approval**

| | |
|---|---|
| Requestor's Signature: | Lt col Roche Antony |
| Request Date: | 19 June 2009 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001639

# American University of Antigua
## College of Medicine
### Check Request Form

AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | July 17th, 2009 |

**Phase 1: Classroom/Library/Nurses: Leeward Construction**

| | |
|---|---|
| Interim Payment #20.00 Measured Works/Materials on Site. | $21,898,730.18 |
| Less 5% Retention | $1,094,936.51 |
| Previous Payments | $19,602,630.44 |
| Subtotal | $1,201,163.24 |
| Retention Release | $69,440.33 |
| ABST 15% | $1,270,603.57 |
| Total Payment | $1,461,194.10 |

Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,461,194.10 |

Additional Comments

Running bill. application #20 · Pass 8 for EC$1,461,194.10 only

Approval

| | |
|---|---|
| Requestor's Signature: | Lt Col Roche Antony. |
| Request Date: | 17 July 2009. |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001659



# American University of Antigua
## College of Medicine
### Check Request Form

**AUA Employee Information**

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | September 26th, 2009 |

**Phase 1: Classroom/Library/Nurses; Leeward Construction**

| | |
|---|---|
| Contract value | 27,436,824.00 |
| Interium Payment # 22 measured works | 22,897,758.49 |
| Retention 5% | 1,144,887.92 |
| Previous payment | 21,714,181.86 |
| Sub Total | 38,688.71 |
| Retention  Release 90% | 515,199.56 |
| Total | 553,888.27 |
| ABST 15 % | 83,083.24 |
| Total payable | 636,971.51 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Rd. |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 636,971.51 |

**Additional Comments**

Asked for payment EC$636,971.51 leward payment application # 22.

**Approval**

| | |
|---|---|
| Requestor's Signature: | *[signature]* 7 Lt Col Roche Antony |
| Request Date: | 26 September, 2009 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |

AUA 000370

# American University of Antigua
## College of Medicine
### Check Request Form



AUA Employee Information

| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | September 30th, 2009 |

Phase 1: Classroom/Library/Nurses; Leeward Construction

| | |
|---|---:|
| Contract value in EC $ | 27,436,824.00 |
| Interium Payment # 22- measured works | 22,897,758.49 |
| Retention 5% | 1,144,887.92 |
| 50% of retention to be released after substantial compltion | 572,443.96 |
| Retention released along with invioce no 22 (90% of above amt.) | 515,199.56 |
| Release of balance 10%  Retention release | 57,244.40 |
| ABST 15 % | 8,586.66 |
| Total payable | EC $ 65831.06 |

Vendor Information

| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN./.SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Rd. |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 65,831.06 |

Additional Comments

asked for payment EC $ 65,831.06  on Substantial completion of structural works balance 10% of overall 2½ %

Approval

Requestor's Signature:
Request Date:        Lt Col Roche Antony.  30 September 2009

Dean's Approval:
Approval Date:

Finance Approval:
Approval Date:

AUA001682

# American University of Antigua
## College of Medicine
### Check Request Form

**AUA Employee Information**

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE: | October 22nd, 2009 |

**Phase 1: Classroom/Library/Nurses: Leeward Construction**

| | |
|---|---|
| Interim Payment Draft Final Account  Measured Works/Materials on Site. | $23,603,320.00 |
| Less 5% Retention | $1,180,166.00 |
| Previous Payments | $22,908,374.09 |
| Subtotal | −$485,220.09 |
| Retention Release | $590,083.00 |
| Total Payment | $104,862.91 |
| ABST 15% | $15,729.44 |
| Total Payment | $120,592.35 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s. |
|---|---|---|
| CHEQUE AMOUNT | | 120,592.35 |

**Additional Comments**

*Cheque For payment EC $120,592.35 only toward interim draft final account of Newworkas. EC $500,000.00 fully received*

**Approval**

| | |
|---|---|
| Requestor's Signature: | *[signature]* Lt Col Roque Antony |
| Request Date: | 22nd October, 2009 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA002854

# EXHIBIT D

**Subject:** Re: Leeward v. AUA, Case No. 50 110 T 0011813 - AUA Revised Statement of Claim

**Date:** Tuesday, June 25, 2013 at 4:31:09 PM Eastern Daylight Time

**From:** Leonard Sclafani

**To:** Melinda Benanti, 'Carolina Cardenas-Soto, LL.M.', 'J. Scott Greer', jsgreer0821@gmail.com

**CC:** 'Carlos A. Romero Jr.', 'Judith Ittig', 'Diego Brian Gosis', melinda_benanti@msn.com

Please accept the attached document as AUA's revised statement of the counterclaims that expects to advance in the above referenced arbitration subject to discovery that may alter AUA's position.

--

LEONARD A. SCLAFANI, ESQ.
Sr. V.P. And General Counsel
MANIPAL EDUCATION AMERICAS, LLC
One Battery Park Plaza, 33rd Fl.
New York, New York 10004
212-661-8899

Mr Gosis, Mr. Romero, Ms. Ittig and Ms.Cardenas-Soto,

Pursuant to your direction of June 21, 2013 and subject to such determinations as AUA may make following discovery in these proceedings, AUA will advance as counterclaims the below itemized list of claims as against Leeward:

I.    AUA has the following claims against Leeward, each in the sum of EC 3,614,552.41, arising out of AUA's payment to Leeward of funds in that total amount during the course of the construction of AUA's main campus building in Antigua purportedly as and for Antigua and Barbuda Sales Tax (ABST) incident to Leeward's construction of the said building:

A.    A claim sounding in fraud, deceit and misrepresentation in that, through approximately 27 separate demands for progress payments on the construction project at issue, Leeward invoiced and received payment from AUA of ABST that it did not pay to the government of Antigua, directly or indirectly, and/or, at no time, it had any plan, purpose or intention to pay. This claim is based on the common law of Antigua and Barbuda.

B.    An alternative claim pursuant to Section 3.6.1 of the parties' contract, which provides that, as between the parties, it was Leeward's responsibility and obligation, and not AUA's obligation and responsibility, to pay any ABST to the government of Antigua that was due in connection with the construction project that is the subject of the parties contract. Notwithstanding the terms of the agreement, Leeward invoiced and received from AUA, and AUA paid to Leeward, the above stated sums purportedly as and for ABST due in connection with work, labor and services provided by Leeward on the project.

C.    An alternative claim pursuant to the Antigua and Barbuda Sales Tax Act of 2006, as amended, which Act places the responsibility and obligation to pay ABST in connection with

the work, labor, services and materials provided by Leeward on the construction project on Leeward and not on AUA.

D. An alternative claim sounding in mutual mistake under the parties' contract in that both parties' acted in the mistaken understanding that AUA was responsible and obligated under the parties' agreement to reimburse Leeward for ABST that it paid in connection with the work, labor, services and materials that Leeward provided on the construction project. This claim is based on the common law of Antigua and Barbuda.

E. An alternative claim sounding in unjust enrichment in that Leeward has received from AUA sums in the above stated amount as and for reimbursement for ABST that Leeward did not pay, and has not paid, directly or indirectly to the government of Antigua and Barbuda. This claim is based on the common law of Antigua and Barbuda.

II.   AUA seeks damages against Leeward for defects in its work on the project. These claims have been submitted to the project architect in accordance with the requirements of the parties' contract. As of the date hereof, the architect has not rendered any determination on them. However, he has advised AUA that he will respond to AUA's claims within two or three days from the date hereof. Below is a list of the defects.

1.   The risers on staircases in the building are of uneven height creating a safety hazard. The defect has not been repaired as of today's date. Repair would require the removal and reconstruction of the staircases. AUA estimates its damages for this defect at $241,200 EC.

2.   Wall surfaces throughout the building were improperly finished. The integrity of the structure of the masonry wall systems throughout the project is lacking resulting in cracking which continues to reveal itself in multiple locations throughout the project. Additionally, the wall finish is uneven and unacceptable in its appearance The defect has not been repaired as of today's date. AUA estimates the cost of repair at $268,000 EC.

3.   Common to all roofs throughout the building is the absence of needed flashing. The failure to provide and install flashing has resulted in incursion of storm water into the interior spaces of the building, leaking and flooding. AUA estimates the cost or repair to be upward of $536,000 EC.

4. Tiles had to be installed on the roofs of the building in order to mitigate against leaks due to improper roof installation. Some areas have already been tiled; others have not yet been tiled or are in the process of being tiled. To date, AUA has expended $266,310 EC AUA has also contracted, and partially paid for additional tile and roof leak repair work at a cost in excess of $94,150 EC.

5. Scuppers and pipes in the drain system were improperly sized leading to flooding in the building during heavy rains.  The collection area of the roof and the 4-inch drains connect to 2 ½-inch storm water pipes at ground level.. Some repairs have been made at a cost of $8,500 EC; however, these repairs have not fully alleviated the problem. As a result, AUA expends approximately $8,500 EC each time the building is flooded due to the improper sizing of the scuppers. These events occur on average three times each year.

6. Windows in the lobby and third floor of the building were improperly installed without removal of the packing materials. As a result, every window leaked both internally into the walls and externally into the interior of the building. The external leaks caused damage to floors and finish of the interior walls. The water that leaked inside the walls caused damage to the finished exterior walls. The improperly installed windows were refitted without the packaging material. The cost of this repair was $129,385 EC.

7. Roof tiles throughout the entire roofing areas were of poor quality resulting in discoloration. This condition has not been repaired. The estimated cost of replacement of the defective tiles. Flashing is missing throughout the project is $ 639,792 EC.

8. The tracery and fascia throughout the building are failing and continue to disengage from the building. This condition has not been repaired as of today's date. The estimated cost of repair is $115,592.60 EC.

9. The flat roof area slopes toward the building. This condition coupled with the lack of flashing and the improper installations of roof tiles (see item 4 above) have resulted in ponding on the roof and leaking into the building. See items 3 and 4 for the costs associated with the repairs of these conditions to date and the estimate for completion of these repairs. It is estimated that an additional sum of $ 110,216 will be required for repair of these conditions.

10. The elevator shafts were not square. AUA estimates the cost of repair of the shafts to be in the amount of  $168,130 EC

11. Several areas of the concrete floors of the building were uneven and not properly graded. The floors on the third floor wings needed to be screeded at a total cost of $56,675 EC.

# EXHIBIT E

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

In the Matter of the Arbitration between

**Leeward Construction Corp.  (Claimant)**
**and**
**American University of Antigua College of Medicine (Respondent)**

**Case No. 50 110 T 00118 13**

under the Construction Industry Arbitration Rules (including the Procedures for Large, Complex Construction Disputes), before

> **Diego Brian Gosis (Chair)**
> **Judith B. Ittig**
> **Carlos A. Romero, Jr.**

---

**Decision on the Parties' Dispositive Motions and Related Cross-Motions**

### I.      Introduction:

1.  These proceedings are brought under the Construction Industry Arbitration Rules (including the Procedures for Large, Complex Construction Disputes) of the American Arbitration Association in effect as from 1 October, 2009 (the "Rules"), as supplemented by the ICDR Guidelines for Arbitrators Concerning Exchanges of Information (the "Guidelines"),[1] and are administered through the International Center for Dispute Resolution of the American Arbitration Association (the "Association").  This decision is preceded by Procedural Orders ## 1 through 8 (collectively, the "Procedural Orders"), which have been notified to the parties in due course.  Except where this decision expresses otherwise, capitalized terms not defined herein shall have the meanings assigned to them in the Procedural Orders.

---

[1] *Cf.* Procedural Order #1, ¶4(f).

2.  For ease of reference, the claims being discussed in these proceedings can be summarized as[2] (i) a claim for sums which Claimant Leeward maintains are due by Respondent AUA regarding certain Antigua and Barbuda Sales Tax ("ABST") payments (the "ABST Claim"); (ii) a counterclaim for sums which Respondent AUA maintains are due by Claimant Leeward regarding certain amounts improperly charged and/or perceived by the latter as ABST payments (the "ABST Counterclaim"), and (iii) a counterclaim for sums which Respondent AUA maintains are due by Claimant Leeward on account of certain construction defects incurred by the latter under the contract with the former (the "Construction Counterclaim", and, together with the ABST Counterclaim, the "Counterclaims").

3.  During the hearings held via telephonic conference prior to the issuance of Procedural Order #1, both Parties expressed their intention to file dispositive motions aimed at obtaining the dismissal of the claims submitted or advanced by the opposing party.  In Procedural Order #1, the Tribunal granted such requests, subject to the following terms:

> *11. The proceedings shall consist of a written phase followed, to the extent necessary, by an oral phase.  As the parties have anticipated during the Preliminary Hearing that there would be certain jurisdictional objections or dispositive motions related to certain causes of action advanced in the initial pleadings, which objections they considered best to deal with as a threshold matter, the Tribunal orders that the proceeding shall be bifurcated as follows:*
>
> *a.  **Dispositive motions***
> *12.  A preliminary phase shall be comprised of:*
> *(i)  A limited document production procedure [...];*
> *(ii)  The filing by Claimant of its advanced motion aimed at the rejection of Respondent's counterclaims by any reason not requiring the examination of any evidence other than documentary evidence submitted therewith, and the filing of a responsive brief by Respondent; and*

---

[2] As part of the procedural calendar of the case, the Parties were required to submit a short abstract of their claims, defenses and counterclaims.  Respondent AUA submitted an amended statement of its counterclaims after the date of Procedural Order #1, as agreed by the Parties and allowed by the Tribunal. Both Parties agreed that the elaboration on the other party's claims or counterclaims memorialized on those abstracts was sufficient for them to prepare their respective dispositive or related motions under Procedural Order #1, and that a fuller presentation of their respective claims would only occur to the extent that any such claim was not dismissed under this decision.

> (iii)*The filing by Respondent of any motion [...]aimed at the rejection of Claimant's claims by any reason not requiring the examination of any evidence other than documentary evidence submitted therewith, and the filing of a responsive brief by Claimant.*

4.  As discussed in further detail below in §II, the three steps prescribed in ¶12 of Procedural Order #1 have been followed, and, after having reviewed the submissions and evidence produced by the Parties, the Tribunal has deliberated and adopted this Decision.

5.  The Tribunal notes that the references to the claims and motions submitted –and the arguments and admissible evidence presented– by each Party are made in summarized format, with the sole purpose of facilitating the Parties' understanding of the reasons underlying the adoption by this Tribunal of its decision hereunder. The Parties must rest assured that the Tribunal has reviewed, considered and debated in detail every nuance of the claims, arguments and evidence in the preparation of this decision.

### II.      Procedural Background:

6.  After several exchanges between the Parties, the Tribunal issued Procedural Order #2 on 22 August, 2013. Procedural Order #2 and its Annexes I and II contain the Tribunal's rulings on each party's requests for the production of documentary evidence by the other party. Those rulings were supplemented, as required by the submissions by the Parties, by Procedural Orders ##3 through 8, which also disposed of certain requests for orders imposing confidentiality obligations or costs, precluding certain arguments, or allowing the redaction of certain pieces of information.

7.  Through the Procedural Orders, and through interspersed and subsequent exchanges between the Parties and the Tribunal, the deadlines and number of submissions by the Parties in furtherance of their respective dispositive motions was set and later amended, as follows:

    (i)    On 16 October, 2013, Claimant Leeward submitted a "Motion to Dismiss Respondent's Counterclaims," together with Exhibits 1 through 65 ("Leeward's Motion");

    (ii)   On 12 November, 2013, Respondent AUA submitted a "Memorandum of Law in Support of [Respondent AUA]'s Opposition to the Claimant's Motion for Dismissal of AUA's ABST Related [sic] Claims on Various Grounds and Cross-Motion for an Order Striking Claimant's Stated Defenses and Awarding Summary Judgment to Respondent on Its ABST Related [sic] Claims," together with Schedule I, Exhibits A

3

to BB, an Affirmation and Supplemental Affirmation by Neal Simon,[3] and an Affirmation by Douglas James McLaren ("AUA's Motion");

(iii)   On 22 November, 2013, Claimant Leeward submitted a "Claimant's Reply in Further Support of Its Motion to Dismiss Respondent's Counterclaims and in Opposition to Respondent's Cross-Motion for Summary Judgment," together with exhibits and legal authorities ("Leeward's Reply");[4] and

(iv)   On 11 December, 2013, Respondent AUA submitted a "Reply Memorandum of Law in Further Support of AUA's Cross-Motion for an Order Striking Claimant's Defenses and Awarding Summary Judgment to Respondent on its ABST Related [sic] Claims and in Further Opposition to Claimant's Motion to Dismiss," together with Exhibit CC and a Supplemental Affirmation by Douglas James McLaren ("AUA's Reply," and, together with Leeward's Motion, AUA's Motion and Leeward's Reply, the "Motions").

8.   Before, during and after the period in which the Motions were filed, the Parties also issued a sizeable number of communications containing statements or applications which directly or indirectly touched upon the matters discussed in the Motions, and which were not resolved under the Procedural Orders. Each such communication, statement and application has been dutifully considered by the Tribunal in due course, and, to the extent not disposed of under the Procedural Orders, shall be considered as resolved under this decision.

### III.   Preliminary Matters:

9.   In keeping with the Parties' request, the Tribunal ordered, in Procedural Order #1, that the Parties would be allowed to file their Motions, with a view to optimizing the efficiencies of the proceeding, by reducing the number of issues to be subjected to a full debate, including witness testimony and an evidentiary hearing. Such optimization would only actually be achieved if the Motions could be resolved without a hearing, and, as a consequence, the

---

[3] This Supplemental Affirmation was submitted by Respondent AUA under a separate cover on 13 November, 2013, hours after submitting its 12 November, 2013 presentation, arguing that "a section that [had been] separately prepared had been omitted from the final version," (email from L. Sclafani dated 13 November, 2013) and that the Supplemental Affirmation aimed to cure that inadvertent omission.

[4] This delivery consisted in a single .pdf document of 996 pages, but did not include an index of exhibits or legal authorities, making it difficult to identify each evidentiary piece separately. However, counsel for Claimant Leeward explained in an email sent to the Tribunal and Respondent on the matter of this delivery, that "*the reply submission may appear deceptively large. In the body of the reply, we have hyperlinked all exhibit citations. To accomplish this, many of the exhibits to Leeward's original submission had to be reattached to this submission. The legal authorities have also been attached and hyperlinked where cited in the document*" (email from V. McMillan dated 22 November, 2013).

Tribunal ordered that the Motions should only be supported by documentary evidence, which should be submitted together with the Motions.[5]

10. Respondent AUA submitted, in support of AUA's Motion and AUA's Reply, respectively, statements and supplementary statements by each of Messrs. Neil Simon and Douglas James McLaren (the "Witness Statements"). Claimant Leeward objected arguing, *inter alia*, that under Procedural Order #1 it would not be permissible for the Motions to be submitted supported by witness statements, but only documentary evidence.[6] Respondent AUA submitted that the expression "documentary evidence" did not exclude written witness statements,[7] and that –as a consequence– the Witness Statements should be admitted.

11. Under the Rules, the Tribunal has ample discretion to "determine the admissibility, relevance, and materiality of the evidence offered."[8] Accordingly, in light of the materials and submissions by the Parties, and noting that Claimant Leeward has referred to the scope and substance of the Witness Statements in Leeward's Reply,[9] the Tribunal has admitted the Witness Statements into the record, but only after noting that they have had no weight in the Tribunal's findings herein.:

12. As a result, the Tribunal, in deciding over the Motions, has considered all the evidence before it, but has made no finding which is based on any of the Witness Statements, nor has it considered as proven any submission supported exclusively by any assertion contained in a Witness Statement.


## IV.  The Motions Filed:

13. Below appears a summary of the motions included in each Party's Motions, which is produced for ease of reference only, and which is without prejudice to the fuller scope of each of the Motions, which has been duly weighed and considered by the Tribunal in preparing this decision.

---

[5] Procedural Order #1, ¶¶12(ii) and (iii).

[6] Leeward's Reply, p. 2, and email from J.S. Greer dated 16 December, 2013. In those materials, Claimant Leeward argued additional, discrete reasons for rejecting the statements by Messrs. Simon and McLaren, respectively. As discussed herein, the Tribunal finds that the Witness Statements in general are not admissible at this stage of the proceedings, and will thus not entertain the arguments pointing to objections to some assertions contained therein in particular.

[7] AUA's Reply, Point II, ¶¶31-33, cited also in the document titled "AUA Response to Greer email of 12-16-13," attached to an email from L. Sclafani dated 16 December, 2013.

[8] Rules, R-33(b). The Tribunal also takes guidance on the matter of its powers regarding evidence from rules R-32 through R-34, and, especially, from R-33(a) of the Rules, which provides that "[c]onformity to legal rules of evidence shall not be necessary."

[9] See, e.g., Leeward's Reply, ¶¶2, 23, 24.

14. In the summary below, the number assigned to each individual argument (each, an "Argument") is kept seriatim in a single series, to facilitate the references.

### b. Claimant Leeward's Motions:

15. Claimant Leeward moved this Tribunal for dismissal of Respondent AUA's Counterclaims as follows:[10]

    A. Regarding the ABST Counterclaim, it maintained that:

     i. when read together, the contract between the Parties and the ABST Act require AUA to pay ABST to Leeward;

     ii. the ABST Counterclaim is barred under the doctrine of res judicata;

    iii. Respondent AUA lacks standing to bring the ABST Counterclaim;

    iv. the ABST Counterclaim is barred under either or both the doctrines of waiver and/or modification; and that

     v. the ABST Counterclaim does not arise under the Contract and, therefore, is not subject to arbitration.

    B. Regarding the Construction Counterclaim, it maintained that:

    vi. the Construction Counterclaim is barred under the doctrine of res judicata;

   vii. the Construction Counterclaim is inadmissible because of their untimeliness, which it considered was the consequence of Respondent AUA having failed to comply with certain contractually-agreed notice requirements in connection with those claims; and

  viii. a certain portion of the Construction Counterclaim, which dealt with window installation works, is not subject to arbitration because it had been performed by Claimant Leeward under a separate contract.

### c. Respondent AUA's Motions:

16. Respondent AUA, on its part, moved this Tribunal for a summary judgment in the amount of USD 1,409,307.67[11] under its ABST Counterclaim,[12] together with such other relief as the

---

[10] *See* Leeward's Motion, ¶8.  Although these arguments were ordered differently in Leeward's Reply (*see* Leeward's Reply, ¶¶1-3), the Tribunal follows here the order adopted in Leeward's Motion for ease of reference.

[11] In AUA's Motion, Respondent AUA assumes an exchange rate of 2.688 Eastern Caribbean Dollars per US Dollar (*see* AUA's Motion, p. 1), thus requesting a summary judgment in the amount of EC 3,788,500.87 **or** USD 1,409,307.67.  Meanwhile, Claimant Leeward submits that the exchange rate as of 15 October, 2013 was 2.700 Eastern Caribbean Dollars per US Dollar (*see* Leeward's Motion, fn. 1).  The

Tribunal deems appropriate, including an award of costs and legal fees in connection with this arbitration,[13] and for dismissal of Claimant Leeward's following defenses:

    ix.  lack of arbitrability of Respondent AUA's ABST Counterclaim;

    x.  Respondent AUA's lack of standing to maintain its Counterclaims;

    xi.  waiver;

    xii.  res judicata; and

    xiii. an alleged obligation under contract or law for Respondent AUA to pay Leeward the sums claimed by AUA in these proceedings.

## V.    The Issues Being Resolved:

17. At the outset, the Tribunal notes that the Motions submitted by the Parties do not address the entirety of the claims or defenses raised in these proceedings.[14] As a result, irrespective of the findings of this Tribunal with respect to each individual motion or cross-motion before it, the Motions would not prevent the proceedings from moving forward with respect to one or more claims by one or more Parties.

18. That said, the Tribunal shall address below each of the Arguments raised in the motions and cross-motions contained in the Motions, and, given that some of those Arguments refer to the same factual or legal issues, it shall do so in collated fashion, interspersing the arguments by the Parties to best allow for an orderly disposition of the motions before the Tribunal, although some Arguments could be considered to fall under more than one section of this analysis by the Tribunal.  Again, the Tribunal notes that this exposition device shall not be taken as an indication that the Tribunal has not weighed or reviewed in full every aspect of each allegation of law or fact by each Party in adopting this decision.

---

tribunal notes this potentiality for a discrepancy, although, as discussed below, any such discrepancy will bear no relevance to this decision or, in general, at this stage of the proceedings.

[12] *See* p. 37 of AUA's Motion ("this Tribunal must grant summary judgment on AUA's claims relating to ABST herein") and ¶130 of AUA's Reply.

[13] *See* AUA's Reply, ¶130.  The Tribunal notes that, as discussed below (*see* ¶17), the motions submitted by Respondent AUA in AUA's Motion and AUA's Reply do not address the entirety of the claims or defenses by Claimant Leeward.  As a consequence, the Tribunal takes this portion of the motion to refer only to costs and fees related to the arguments raised in the Motions.  However, as discussed below in §VI, the Tribunal defers any decision on costs to the final award, which renders this assumption by the Tribunal of no practical significance.

[14] By way of example, Respondent AUA does not move the Tribunal for a summary judgment on the Construction Counterclaims, nor is there a motion for the dismissal of the ABST Claim, or of the defenses related to notice requirements affecting the Construction Counterclaims.  Similarly, Claimant Leeward does not move the Tribunal for a summary judgment on the ABST Claim, or for dismissal of Respondent AUA's defenses regarding Claimant Leeward's ABST Claim.

19. Finally, in reaching the findings contained in this decision, the Tribunal is mindful that the burden of proof regarding the Motions lies in principle with the moving party, which must satisfy the Tribunal that its motion is with merit.  In the particular context of the agreements between the Parties and the related Tribunal's orders in the Procedural Orders, that meant that, to the extent that the motion was one for dismissal of a claim or counterclaim, the moving party had assumed the challenge of proving, on the limited basis of documentary evidence, that such claim or counterclaim could not succeed irrespective of any further argumentation or non-documentary evidence.  Conversely, to the extent that the motion was one for dismissal of a defense, it meant that the moving party had assumed the challenge of proving, on the limited basis of documentary evidence, that such defense could not succeed irrespective of any further argumentation or non-documentary evidence.[15]

### a. Issue I: Respondent AUA's Duty to Pay ABST to Claimant Leeward, and Claimant Leeward's Entitlement to Perceive ABST (Arguments (i), (iv), (xi) and (xiii))

20. It is undisputed that the Contract contained a provision that provided that Claimant Leeward would "pay sales, consumer, use and similar taxes for the Work provided by [Claimant Leeward]."[16]

21. However, the Parties disagree as to whether this provision (i) was as from the inception of the Contract an implementation of the generally applicable tax rules of the ABST Act,[17] (ii) was, to the contrary, derogated by those tax rules,[18] or (iii) was devised as an exception to

---

[15] Cf. Procedural Order #1, ¶¶12(ii) and (iii).

[16] General Conditions of Contract, §3.6.1.

[17] This seems at first sight to be proposed by Claimant Leeward, at ¶44 of Leeward's Motion ("*44. The Contract requires the AUA to pay ABST. Pursuant to §3.6.1 of the General Conditions of the Contract, Leeward is required to "pay sales, consumer, use and similar taxes for the Work provided by the Contractor." (Exhibit 1)* **This provision read in conjunction with the ABST Act, requires Leeward to: (a) collect 15% ABST from the AUA on the payments that the AUA made to Leeward for the goods and services that Leeward provided under the Contract,** *see, e.g., ABST Act, Part II (2006), as amended (2008), and* **(b) pay the Antiguan Government to the extent that the ABST that Leeward collected on all "outputs" during the tax period excedes [sic] the ABST that Leeward paid on the work, labor, services, equipment, and materials that it produced during the tax period.** *See ABST Act, Part VII (2006), as amended (2008).*") (emphasis added)

[18] This also seems at first sight to be proposed by Claimant Leeward, at ¶¶66-67 of Leeward's Motion. ("*66. Even assuming, arguendo, that the AUA's course of conduct and written documentation does not meet the formal requirements of waiver, the AUA's written approval of the payment of ABST, without protest, in each of the 27 payment applications constitutes a modification of the Contract's tax payment provisions.  67. The Contract provides that any modifications must be in writing and signed by both parties. (Exhibit 1, General Conditions, §§ 1.1.1, 1.1.2, pg. LC000025/ADA000025)* **The AUA's written**

8

those generally applicable tax rules.[19]  Any finding regarding Arguments (i), (iv), (xi) and (xiii) would require a clear understanding of the scope and effects of that provision as between the parties, but the Motions and the evidence in support thereof currently in the record do not allow this Tribunal to dispose of the claims and counterclaims related to this issue at this stage.

22. The discrepancies above would suffice to deny any portion of the Motions requesting this Tribunal to dismiss one or more claims or one or more defenses related to the ABST Claim or the ABST Counterclaim on the basis of the current record.  However, the Tribunal has found a number of other occurrences of relevant facts or legal issues not having been fully covered through the Motions, which would also prevent the Tribunal from granting any Motions regarding the ABST Claim or the ABST Counterclaim.  By way of example, the record does not conclusively show:

   a.  whether ABST was at all due with respect to the work performed under the Contract, based on the location of the construction site;

   b.  what was the actual scope of the agreement and of the understanding of the Parties regarding the applicability of ABST, and the economic and financial implications as between the Parties of any ABST charges;

   c.  whether Respondent AUA knew it was paying ABST-related charges to Claimant Leeward together with 27 of the payment requisitions; whether it assumed that it would later recover any such payments from the Antiguan tax authorities; whether, to the contrary, it paid in error; and whether such error –if any– is legally relevant; or

   d.  whether Claimant Leeward was under a contractual or legal duty to pay or account for any sums perceived from Respondent AUA to the Antiguan tax

---

*approval of the payment of ABST on each and every payment application submitted by Leeward constitutes a modification of the Contract's tax payment provisions to provide that the AUA will pay the ABST that Leeward is required to charge under the ABST Act. These written modifications of the Contract's tax payment provisions are binding upon the AUA, and remove the AUA's right to seek repayment under the Contract.*") (emphasis added)

[19] This seems at first sight to be proposed by Respondent AUA, at p. 3 of AUA's Motion. ("*[a]ll of AUA's claims, including its unjust enrichment claim, have their origin, at least in part, in Article 3.6.1 of the Contract, which provides that the Leeward was responsible for payment of all taxes, including sales taxes.  ABST is clearly one of the taxes that the Leeward agreed through this provision that it would pay. [...] AUA has claimed that, notwithstanding this provision in the Contract, the Leeward wrongfully invoiced AUA for ABST on the 27 separate requisitions for payment that it submitted during the course of its performance of the Contract and on other ancillary invoices, purportedly pursuant to the provisions of the Contract and in consideration for its performance thereunder, which invoices, to the extent that they included ABST, AUA paid in error.*") (emphasis added)

9

authorities as ABST; and what are the contractual consequences of any breach thereof.

23. As a consequence, this Tribunal denies any portion of the Motions requiring it to dismiss a claim, counterclaim or defense dealing with Respondent AUA's duty to pay ABST to Claimant Leeward, or with Claimant Leeward's right to perceive ABST, or with Claimant Leeward's duty to pay or account for ABST collected to the Antiguan tax authority, be it as part of the ABST Claim or the ABST Counterclaim.

### b. Issue II: Respondent AUA's Right to Claim ABST-Related Reimbursements from Claimant Leeward (Arguments (iii), (v), (ix) and (x))

24. Claimant Leeward disputes that the ABST Counterclaim be considered a claim against it –as opposed to a claim for reimbursement from the Antiguan tax authorities–,[20] or that such claim can be brought under the arbitration clause in the Contract.[21] It maintains that "the only mechanism by which [Respondent AUA] can obtain a refund of ABST [...] is to seek a refund from the Antiguan Government pursuant to the ABST Act."[22] However, it does not dispute that it "did not produce or file any tax returns with the tax authorities of Antigua and Barbuda with respect to ABST during the period in which the development and construction of [Respondent AUA's] campus in Coolidge, Antigua was under course."[23]

25. Respondent AUA, on its part, maintains that, since no ABST was due because of the location of the construction site in a Trade Free Zone, and as "[Claimant] Leeward did, in fact, fail to treat the sums that it invoiced and collected as ABST from [Respondent] AUA as taxes due the Government,"[24] the collection of ABST-related sums by Claimant Leeward is "at best for the Leeward, a mutual mistake of the parties to a contract [...]; or a mistake on the part of AUA and willful fraud and deceit on the Leeward's part that, in either case[,] resulted in the Leeward improperly invoicing and collecting from AUA in connection with its Work sums far in excess of those to which it was entitled under the [P]arties' Contract."[25]

26. The Tribunal has found[26] that the record does not as yet permit a definitive finding on key issues surrounding the ABST Claim and the ABST Counterclaim. Absent a finding on these points, which would require the examination of evidence and the presentation of legal

---

[20] *See* Leeward's Motion, ¶¶56-59. *See also* Leeward's Reply, ¶¶23-30.
[21] *See* Leeward's Motion, ¶¶68-74. *See also* Leeward's Reply, ¶¶15-22.
[22] Leeward's Reply, ¶23.
[23] *See* Statement by Eric Linde, Claimant Leeward's Director, dated 23 September, 2013, ¶2.
[24] AUA's Motion, p. 4, second paragraph.
[25] Id, third paragraph.
[26] *See* §V.a above.

arguments not currently present in the record, the Tribunal cannot grant any motion to dismiss the ABST Counterclaims or any defenses thereto based on these Arguments.

27. Also, Claimant Leeward's Argument that the ABST Counterclaim does not fall within the scope of the arbitration clause contained in the Contract[27] must be rejected. The Tribunal considers that this consequence would follow irrespective of any final determination on the legal nature of the ABST Claim or the ABST Counterclaim, as the Counterclaims presented in this arbitration arise out of and concern the Parties' Contract.

28. As a consequence, this Tribunal denies any portion of the Motions requiring it to dismiss a claim, counterclaim or defense dealing with Claimant Leeward's duty to reimburse Respondent AUA of any sums perceived as ABST under the Contract or related payments, or the arbitrability thereof.

### c. **Issue III**: The Effect of the Prior Proceedings (Arguments (ii), (vi) and (xii))

29. The Parties disagree on the scope and effects of the issues raised, the arguments made, and the decisions issued, in the Prior Proceedings.  While Claimant Leeward maintains that one or more of the above bars the ABST Counterclaim and/or the Constructive Counterclaim from being heard,[28] Respondent AUA argues that neither the ABST Counterclaim nor the Constructive Counterclaim was argued or decided upon in the Prior Proceedings, but that, rather, some of Claimant Leeward's Arguments are barred under *res judicata*, as the tribunal in the Prior Proceedings issued findings related to both ABST payments and the mechanics of contract claims under the Contract which should prevent Claimant Leeward from maintaining them.[29]

30. The Motions and the Arguments fail to account for the legal standard applicable to a determination of res judicata in the particular circumstances of these proceedings.  While it is true that certain disputes between the Parties have been raised, debated and resolved in the Prior Proceedings, the effect of those claims, arguments and decisions on the jurisdiction of this Tribunal or the admissibility of the claims of which it is seized cannot be properly assessed without addressing the obvious:  while the Prior Proceedings were seated in Puerto Rico –and are subject to challenges and other procedures brought under the Federal Arbitration Act of the United States–,[30] these proceedings are seated in Antigua and Barbuda, and the procedural laws applied in those two sets of proceedings are, as a consequence,

---

[27] *See* Leeward's Motion, ¶¶68-74. *See also* Leeward's Reply, ¶¶15-22.
[28] *See* Leeward's Motion, ¶¶46-55 (regarding the ABST Counterclaim) and ¶¶77-83 (regarding the Construction Counterclaim). *See also* Leeward's Reply, ¶¶5-14.
[29] *See* AUA's Motion, pp. 26-35. *See also* AUA's Reply, ¶¶53-93.
[30] *See* Procedural Order #1, ¶3(a).

different.  The Tribunal can only analyze the legal arguments as presented by the parties, and –at this point–, the Parties have failed to indicate which doctrine of res judicata applies –ie, that applicable in Puerto Rico or that of Antigua, to the extent different–, or how to apply the doctrine to the facts as presented.

31. None of the Motions or Arguments provides any guidance as to what are the consequences – if any– of those differences.  As a result, absent a fuller elaboration and briefing on the matter of the legal regime applicable to the effects of the Prior Proceedings in Puerto Rico in these subsequent proceedings in Antigua and Barbuda, the Tribunal is not in a position to grant any Motion calling for the dismissal of any claim or counterclaim herein based on this Argument.[31]

### d.  <u>Issue IV</u>: Effect of Notice Requirements on the Construction Counterclaims (Arguments (vii), (xi) and (xii))

32. Claimant Leeward argues that the Construction Counterclaim is untimely because of the failure by Respondent AUA to follow certain requirements regarding notices of defects, including an agreed maximum period for admissibility of claims regarding such defects.[32] These allegations could be seen as a discrete, separate Argument, or as a variation on the Argument dealing with waiver.

33. Although Respondent AUA fails to expressly take issue with this Argument –or specifically with the waiver Argument as applied to the Construction Counterclaim–, the thrust of Claimant Leeward's Argument seems to be anchored on the provisions of §12.2.2.1 of the Contract,[33] which does not –at this stage of the proceedings– meet the stringent test for dismissing the Construction Counterclaim, which seems to rely on other provisions of the

---

[31] On a side note, the Tribunal is concerned at what appears, at first sight, to be some degree of inconsistency in the Arguments underlying Claimant Leeward's Motion and Reply, as revealed in the tension between maintaining that the ABST Counterclaim is barred under res judicata, but not the ABST Claim, or maintaining that some of the Counterclaims are at the same time beyond the arbitration clause, and barred under res judicata.  However, the continued course of the proceedings regarding the Counterclaims as decided by this Tribunal will give both Parties ample chance to elaborate on these points more fully.

[32] *See* Leeward's Motion, ¶¶84-90.  *See also* Leeward's Reply, ¶¶34-36.

[33] *See*, e.g., Leeward's Motion, ¶¶85, 90 ("*85. Section 12.2.2.1 of the General Conditions to the contract requires that the AUA give Leeward written notice of defective work and an opportunity to cure with respect to defective work discovered during the one (1) year warranty period that runs from substantial completion of the project.[…]. […] 90. As a result of the AUA's failure to provide timely written notice of the alleged defects, **as required under §12.2.2.1 of the Contact, the AUA's [Construction Counterclaim] must be dismissed as untimely.*")* (emphasis added).

Contract.[34]   In any event, nothing except Claimant Leeward's Motion and Reply seem to indicate that the Construction Counterclaim are brought in reliance on §12.2.2.1 of the Contract and not on other provisions thereof.

34. The fact that the record does not currently allow for a definitive decision on which are the contractual provisions invoked under the Construction Counterclaim, or the effect that the contractual provisions invoked as defenses bear on those Construction Counterclaims, should not be taken as an indication that the Construction Counterclaims should prevail on the merits or not, but, merely, that the Motions have failed to provide the procedural mechanism to dispose of them appropriately, and that, as a consequence, any Motions related to the untimeliness of Counterclaims must fail.

### e.  Issue V: Construction Counterclaims under other Contracts (Argument (viii))

35. Upon review of the Motions, the Tribunal notes that the Parties agree that a certain portion of the Construction Counterclaim, dealing with certain window installation works (the "Windows Counterclaim") eventually performed under a contract other than the Contract should not be arbitrated as part of these proceedings.[35]

36. Accordingly, the Tribunal shall consider that Claimant Leeward's Motion regarding the Windows Counterclaim was sufficiently based, and that Respondent AUA has as a consequence discontinued its Windows Counterclaim.

## VI.    Decision:

---

[34] By way of example, §12.2.2.5 of the Contract states that "[n]*othing contained in this Section 12.2 shall be construed to establish a period of limitation with respect to other obligations which [Claimant Leeward] might have under the Contract Documents. Establishment of the one-year period for correction of Work as described in Section 12.2.2 relates only to the specific obligation of the Contractor to correct the Work, and has no relationship to the time within which the obligation to comply with the Contract Documents may be sought to be enforced, nor to the time within which proceedings may be commenced to establish the Contractor's liability with respect to the Contractor's obligations other than specifically to correct the Work.*"
This provision could be relevant in light of ¶3.5 of the Contract, which reads as follows: "*§ 3.5 WARRANTY § 3.5.1 [Claimant Leeward] warrants to [Respondent AUA] and Architect that materials and equipment furnished under the Contract will be of good quality and new unless otherwise required or permitted by the Contract Documents, that the Work will be free from defects not inherent in the quality required or permitted, and that the Work will conform to the requirements of the Contract Documents. Work not conforming to these requirements, including substitutions not properly approved and authorized, may be considered defective.* [...]."(emphasis added)
[35] *See* Leeward's Motion, ¶¶ 91-97; and AUA's Reply, ¶¶19-20.

13

37. For the reasons discussed above, this Tribunal has found that all of the claims before it –
except for the Windows Counterclaim– are arbitrable under the Contract, and, having
considered all arguments and evidence before it, ORDERS as follows:

### i. As to Claimant's Motions:

All of Claimant Leeward's Motions contained in Leeward's Motion and Leeward's Reply are
hereby denied, with one exception.  Both Parties agree in their submissions that the Windows
Counterclaim is to be excluded from the arbitration before this Tribunal. Accordingly, the
Windows Counterclaim is dismissed without prejudice.

### ii. As to Respondent's Motions:

All of Respondent AUA's Motions contained in AUA's Motion and AUA's Reply are hereby
denied.

### iii. As to other matters:

#### 1. Next Procedural Steps:

The Tribunal shall set the procedural calendar for the next steps of these proceedings at the next
telephone conference with the Parties.

#### 2. Costs:

The Tribunal defers a decision on the costs up to this stage of the proceedings for the final
award.

#### 3. Miscellaneous Applications:

All other pending requests for a ruling or order are denied.


Signed on 6 February, 2014.

For the Tribunal,


Judith B. Ittig                    Diego Brian Gosis                 Carlos A. Romero, Jr.
                                        (chair)

14

# EXHIBIT F

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
International Arbitration Tribunal

In the Matter of the Arbitration between

Leeward Construction Corp.,

*Claimant/Counter-Respondent,*

and                                                                    Case No. 50 110 T 00118 13

American University of Antigua College of Medicine,

*Respondent/Counter-Claimant.*

PARTIAL FINAL AWARD AND SECOND DECISION ON THE PARTIES'
DISPOSITIVE MOTIONS AND RELATED CROSS-MOTIONS

WE, THE UNDERSIGNED ARBITRATORS, having been appointed in accordance with the arbitration agreement entered into between the above-named Parties and dated 25 September, 2008 (the "Arbitration Agreement"), and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, issue this Partial Final Award and Second Decision on the Parties' Dispositive Motions and Related Cross-Motions where we FIND and AWARD, as follows:

1.      These proceedings are brought under the Construction Industry Arbitration Rules (including the Procedures for Large, Complex Construction Disputes) of the American Arbitration Association in effect as from 1 October, 2009, and are administered

1

through the International Centre for Dispute Resolution of the American Arbitration Association.

2.    Leeward Construction Corp. ("Leeward") and American University of Antigua College of Medicine ("AUA") submitted motions for dispositive relief, which were addressed in the Tribunal's February 6, 2014 Decision on the Parties' Dispositive Motions and Related Cross-Motions (the "First Decision"), which is attached hereto as Annex I. Both Parties then requested to be given a chance to elaborate further on their arguments in support of their respective motions, and to answer any questions that the Tribunal may have regarding the substance of their motions.  In making this request the Parties averred that there are no material facts in dispute regarding the matter of the motions, and that the Tribunal should make final determinations on their motions.[1] The Tribunal granted this request and it was agreed by the Tribunal and the Parties that oral argument would be held on the dispositive and related cross-motions.

3.    Oral argument was held on April 28, 2014. For the convenience of the Parties and the Tribunal, it was agreed that the oral argument would be held in the offices of the American Arbitration Association in Miami, Florida, while the seat of arbitration would remain to be Saint John, Antigua, Antigua and Barbuda, as per the Parties' arbitration agreement.  Having heard oral argument by the Parties, having reviewed and considered the Parties' written submissions, and having reviewed the Parties'

---

[1] In the First Decision (¶17), the Tribunal found that not all claims and defenses had been subjected to dispositive motions.  Under the further submissions made by the Parties, dispositive motions and cross-motions were made for and against all claims and defenses by both parties.

2

resubmitted motions, the Tribunal issues this Partial Final Award and Second Decision on the Parties' Dispositive Motions and Related Cross-Motions (the "Second Decision"). This Second Decision hereby incorporates the First Decision, and makes further final decisions on these motions as set forth herein. Except to the extent defined otherwise herein, all capitalized terms shall have the meaning ascribed to them in the First Decision.

4.     As discussed in the First Decision, each of the Parties has submitted one or more claims, and also defenses to the other Party's claims. In short, Claimant Leeward has submitted an Antigua and Barbuda Sales Tax (ABST) Claim, and Respondent AUA has submitted an ABST Counterclaim and a Construction Counterclaim.[2]   In the Parties' motions and related submissions –as supplemented, in each case, after the First Decision– each party seeks the dismissal of the other party's claims and defenses.

5.     This Second Decision is issued by a majority, and includes a partial dissenting opinion of this same date, issued by Arbitrator Carlos Romero Jr.

I.   **The Claims, Counterclaims and Defenses**

   a.   **General Defenses: The Arguments of Res Judicata and Estoppel**

---

[2] Under ¶37(i) of the First Decision, the Tribunal found that "Both Parties agree in their submissions that the Windows Counterclaim is to be excluded from the arbitration before this Tribunal. Accordingly, the Windows Counterclaim is dismissed without prejudice." As a result, only the Construction Counterclaim remaining after deduction of the Window Counterclaim –as defined in the First Decision– is still pending before this Tribunal, and this Second Decision only refers to such reduced scope of the Construction Counterclaim.

6.  In general terms, and in addition to certain other defenses, Claimant Leeward has argued that all of Respondent AUA's Counterclaims were precluded under either or both res judicata or estoppel, by reason of the scope or decisions of the Prior Proceedings.

7.  The Tribunal finds the arguments regarding res judicata or estoppel unconvincing. In particular, the arguments proposed by Leeward fail to satisfy any tenable test for precluding the claims submitted by Respondent AUA based on either or both res judicata or estoppel.

8.  Claimant Leeward's proposed test that any claim arising under the same transaction as the claims debated in the Prior Proceedings should be precluded is not persuasive.[3] The Tribunal has found the additional arguments that the AUA's ABST arguments should have been submitted before –at the time of the Prior Proceedings or even before that– and that Leeward's defense of res judicata should prevail even in light of its own ABST claim, are similarly not persuasive.

9.  Accordingly, all defenses against Respondent AUA's Counterclaims based on either res judicata or estoppel are rejected.

b.  The ABST Claim and ABST Counterclaim

---

[3] The preclusive effect of a prior arbitration decision on a subsequent arbitration is a matter for the arbitrator to decide. This has been ratified by recent, persuasive decisions, in several jurisdictions. *See, e.g.,* in the United States, *Employers Insurance Company of Wausau et al. v. OneBeacon American Insurance Company et al.* (1st Cir., February 26, 2014).

4

10.    During the course of the project, Leeward invoiced for –and AUA paid– an amount equal to 13% of the sums otherwise invoiced, which was identified in those invoices – and generally throughout these proceedings– as ABST-related payments calculated in connection with work, labor, materials and services provided by Leeward on the project. The Parties agree that AUA in fact made such payments with respect to 26 of the 27 requisitions for payment made under the Contract. Leeward does not dispute that it never filed any ABST tax returns with, nor paid any corresponding ABST tax to, the tax authorities of Antigua and Barbuda during or after the construction project.

11.    As a threshold issue, Leeward argues that the Parties' arbitration agreement does not encompass AUA's ABST Counterclaim. That argument is rejected.

12.    The Parties' arbitration agreement covers "[a]ny Claim arising out of or related to the Contract . . . ." That provision is sufficiently broad to apply to the ABST Claim and the ABST Counterclaim, and Claimant Leeward itself is seeking an award of damages based on a claim that –as per the Contract or under a separate promise–[4] certain funds mis-tabulated in the payments received should have been paid as ABST.

13.    In the First Decision, the Tribunal determined that the ABST Counterclaim falls within the scope of the Parties' arbitration agreement. That determination remains unchanged.

---

[4] Claimant Leeward has sought to identify its claim as not being an ABST claim but a different claim based on a contract shortfall or a separate promise received during the First Proceedings, and which would not be affected by res judicata. The Tribunal is not persuaded by these arguments.

5

14.     Leeward maintains that the only mechanism by which AUA can obtain a refund of ABST is to seek relief from the Antiguan Government pursuant to the ABST Act. AUA contends that no ABST was in fact due because of the location of the construction project in a Trade Free Zone. The Tribunal need not determine whether AUA's assertion is accurate.

15.     Claimant Leeward makes an additional argument that Respondent AUA should have asserted with the first of Leeward's invoices that it did not need to pay ABST. Leeward argues that AUA's failure to do so was a waiver that bars it from recovery now. Regardless of whether AUA mistakenly paid the ABST to Leeward, as it originally contended in this arbitration, or whether it had an oral agreement with Leeward to collect the ABST pending a determination by the government, as it asserted at oral argument, Leeward has not established sufficient facts to prove waiver. In light of this Tribunal's findings discussed below, the argument of waiver, even if proven, would not change the determination of the ABST Claims.

16.     Under these circumstances, where the Antiguan government is not holding any ABST monies from Leeward, there are no ABST monies in the possession of the government from which AUA can seek a refund. Leeward's collection of ABST –or sums due to be paid as ABST– from AUA places Leeward in the position of the holder, but not the owner, of funds which it labeled as ABST. The record does not contain credible indication of any title or ownership in favor of Leeward entitling it to keep or retain these monies.

6

17.     Inasmuch as Leeward failed to pay over to the government the sums that it invoiced

and collected from AUA as ABST related to the project, Leeward would be unjustly

enriched if it were permitted to retain those monies.[5]  Contrary to Leeward's position,

equitable claims such as unjust enrichment are within the scope of the Parties'

arbitration agreement, and Rule R-45 of the AAA's Construction Industry Arbitration

Rules grants the authority to the Tribunal to make this ruling.

18.     Claimant Leeward's defenses regarding unjust enrichment as a basis for the ABST

Counterclaim were two-tiered.  It maintained that

    (i)     if AUA's claim for unjust enrichment were considered to be a

contractual claim, it would be precluded under the doctrine of res

judicata by reason of the decision issued in the Prior Proceedings;

    (ii)    in the alternative, if that claim were considered not to be

contractual, it would fall beyond the scope of the arbitration clause

in the Contract, and thus would be unarbitrable.

19.     The Tribunal has already found that Claimant Leeward's res judicata and non-

arbitrability defenses were rejected, which, in this context, means that Claimant

Leeward has not submitted any valid defense to the claim for unjust enrichment

included as one of the avenues argued by Respondent AUA for maintaining the

entirety of the ABST Counterclaim.

---

[5] Respondent AUA has formulated its counterclaim such that it includes a claim for unjust enrichment (AUA's Statement of Defense and Counterclaim, §I.E), and the Parties' subsequent oral and written submissions have addressed this unjust enrichment claim (See, eg, Leeward's Motion, ¶6, and AUA's Motion, pp. 2, 3, 5 and 36).

20.     Respondent AUA has submitted alternative avenues supporting its claim for the same amounts claimed under unjust enrichment, both under contract and under law. Claimant Leeward has submitted certain other defenses to those alternative avenues. As the Tribunal has found that there was no valid defense to AUA's claims under unjust enrichment, and all alternative avenues would lead to the same result, the Tribunal considers it unnecessary to dwell in detail in each such construction.

21.     Accordingly, AUA is entitled to the return from Claimant Leeward of the funds it collected from AUA as ABST in the amount of XCD $3,614,522.41, and the Tribunal hereby orders Leeward to pay AUA the sum of XCD $3,614,522.41.

22.     The Tribunal further finds and orders, though, that to the extent that Leeward is later required by the Antigua and Barbuda tax authorities to account for, and pay to, the Antigua and Barbuda authorities ABST on this construction project, AUA shall then be required to indemnify Leeward from any double liability by it –*i.e.*, liability to both AUA and the tax authorities– arising from Tax Deficiencies (as defined below) as follows: [6]

    a.  For purposes hereof, "Tax Deficiencies" shall mean any tax deficiency or liability asserted by the Antigua and Barbuda tax authorities against Leeward for failing to collect from AUA, for reimbursing to AUA, or for failing to pay to the tax authorities, ABST relating to the taxable supplies provided by Leeward to AUA

---

[6] Based on the submissions by the Parties, the Tribunal finds this to be a necessary corollary of the principles embodied in §45 of the ABST Act, and also to be an order permitted to be adopted under the scope of Rule R-45 of the Rules governing this arbitration.

during the construction of the school project. AUA shall not be liable for penalties or interest asserted for non-collection from AUA or reimbursement to AUA or nonpayment to the tax authority of the ABST tax in question, or for not filing any required tax returns with any relevant tax authority.

b.  If a Tax Deficiency is validly asserted against Leeward, then AUA shall indemnify Leeward by paying to the relevant Antigua and Barbuda tax authority, upon due notice, an amount not to exceed the Indemnity Cap (as defined below). All obligations of indemnification by AUA hereunder shall be limited to making any payments described hereunder. In the event that no payment is due hereunder, then no indemnification obligation by AUA to Leeward shall be deemed to exist.

c.  For purposes hereof, "Indemnity Cap" shall mean any sums that Leeward has paid AUA under the ABST Counterclaim hereunder in cash or through any valid set-off or reciprocal claims agreed by the parties or finally ordered by a competent authority.

**c.  Construction Counterclaim**

23.  Claimant Leeward argues that the Construction Counterclaim is untimely because of Respondent AUA's failure to give the required notices of defects. Leeward's argument was rejected in the Tribunal's First Decision, and that decision to deny Leeward's motions as to untimeliness of the Construction Counterclaim remains unchanged.

24.  Claimant Leeward also contends that AUA's claims are barred by res judicata by reason of the decision issued in the Prior Proceedings. The Tribunal has rejected the

9

defenses based on res judicata, and, as a consequence, these proceedings shall continue with respect to the Construction Counterclaim.

## II. Decision

25.    For the reasons discussed above, this Tribunal finds that all of the claims currently before it[7] are arbitrable under the Contract and, having considered all arguments and evidence before it, ORDERS as follows:

      (i)      That Claimant Leeward's ABST Claim is hereby dismissed with prejudice;

      (ii)      That Claimant Leeward's motion to dismiss Respondent AUA's Counterclaims is hereby dismissed with prejudice, with the exception that the Windows Counterclaim was dismissed without prejudice under the First Decision;

      (iii)      That Respondent AUA's cross-motion for a summary judgment on its ABST Counterclaim is hereby granted, and Claimant Leeward is ordered to pay Respondent AUA the amount of XCD $3,614,522.41;

      (iv)      That in the event that Leeward is later required by the Antigua and Barbuda tax authorities to account for, and pay to, the Antigua and Barbuda authorities ABST on this construction project, AUA shall then be required to indemnify Leeward from any double liability –

---

[7] This excludes the Windows Counterclaim as per the First Decision, §37(i).

10

*i.e.*, liability to both AUA and the tax authorities– arising from Tax Deficiencies as follows:

    a.  If a Tax Deficiency is validly asserted against Leeward, then AUA shall indemnify Leeward by paying to the relevant tax authority, upon due notice, an amount not to exceed the Indemnity Cap. All obligations of indemnification by AUA hereunder shall be limited to making any payments described hereunder. In the event that no payment is due hereunder, then no indemnification obligation by AUA to Leeward shall be deemed to exist.

(v)    That Respondent AUA's Construction Counterclaim is to be arbitrated by this Tribunal. The Tribunal will hold a telephone conference with the Parties at the earliest convenient date in order to schedule the following steps of these proceedings;

(vi)    That each Party shall bear its own costs and expenses, and one half of the arbitration costs and expenses, in both cases with respect to all procedural activity up to this stage of the proceedings;

(vii)    That all other requests included in the Motions are hereby denied.

The undersigned arbitrators hereby certify that, for the purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Partial Final Award was made as in St. John, Antigua, Antigua and Barbuda.

11

Signed on 18 September, 2014


_____                    _____
      Judith B. Ittig                           Diego Brian Gosis
                                                      (Chair)

State of _Florida_ )

) SS:

County of _Miami-Dade_ )


I, Diego Brian Gosis do hereby affirm upon my oath as Arbitrator that I am the individual

described in and who executed this instrument, which is our Partial Final Award.

_8/8/2014_ _____

Date                                          Diego Brian Gosis, Arbitrator


State of _Florida_ )

) ss:

County of _Miami-Dade_ )


On this _8_ day of September, 2014, before me personally came and appeared Diego Brian

Gosis, to me known and known to me to be the individual described in and who executed the

foregoing instrument and he acknowledged to me that he executed the same.


13

Notary Public

```
LADY JOHANNA SMITH
Notary Public - State of Florida
My Comm. Expires Jul 19, 2018
Commission # FF 111740
Bonded Through National Notary Assn
```

State of _____        )

                          )    SS:

County of _____           )


I, Judith Ittig do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is our Partial Final Award.

_____        _____

Date                          Judith B. Ittig, Arbitrator


State of _____          )

                          )  ss:

County of _____           )


On this _____ day of September, 2014, before me personally came and appeared Judith B. Ittig, to me known and known to me to be the individual described in and who executed the foregoing instrument and she acknowledged to me that he executed the same.

14

_____

Notary Public

Signed on 18 September, 2014

_Judith B. Ittig_
_____
Judith B. Ittig

_____
Diego Brian Gosis
(Chair)

12

_____

Notary Public


State of _____          )

                            )    SS:

County of_____              )



I, Judith Ittig do hereby affirm upon my oath as Arbitrator that I am the individual described in and

who executed this instrument, which is our Partial Final Award.

_____9-23-14_____           _____Judith B. Ittig_____

Date                        Judith B. Ittig, Arbitrator



State of _____          )

                            )  ss:

County of _____             )



On this 23 day of September, 2014, before me personally came and appeared Judith B. Ittig, to

me known and known to me to be the individual described in and who executed the foregoing

instrument and she acknowledged to me that he executed the same.


14

_____

· Notary Public

District of Columbia: SS
Subscribed and Sworn to before me
this 23 day of Sept , 2014

Notary Public, D.C.
My commission expires 11-30-2017

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   X


AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE

                        Petitioner

         -against-

LEEWARD CONSTRUCTION COMPANY, LTD

                        Respondent


_____X

    Notice of Petition and Petition

_____X


              THE LAW OFFICES
                    OF
         LEONARD A. SCLAFANI, Esq.
           Attorneys for Plaintiff
      One Battery Park Plaza, 33rd Fl.
         New York, N.Y. 10004
            (212) 696-9880
         las@lasattorneys.com