UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LEEWARD CONSTRUCTION COMPANY, LTD.

                        Petitioner,

-against-

AMERICAN UNIVERSITY OF ANTIGUA --
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC

                        Respondents.
-------------------------------------------------------------x

Case No. 14-CV-8410-DLC/GWG
(ECF CASE)

**DECLARATION OF**
**VERONICA A. MCMILLAN**

**VERONICA A. MCMILLAN**, being duly sworn, deposes and says:

1. I am a member of the law firm of Lewis & Greer, P.C., counsel for the Respondent, Leeward Construction Company, Ltd. ("Respondent" or "Leeward"), and am fully familiar with all the facts and circumstances set forth herein.

2. I submit this declaration in support of Respondent's opposition to the Petitioner's Motion for (1) an order of attachment pursuant to Fed. R. Civ. P. 64 and CPLR Articles 62 and 75 attaching Respondent Leeward Construction Company, Ltd.'s interest in the Corrected Amended Judgment entered on June 11, 2013, Docket No. 1:12-CV-06280 (Kaplan, J.) and the related *supersedeas* bond; and (2) a preliminary injunction pursuant to Fed. R. Civ. P. 65 enjoining Leeward from enforcing the Corrected Amended Judgment in violation of a Stay Agreement dated May 8, 2013.

**I.   The First Arbitration Proceeding**

3. On September 25, 2008, Leeward, as contractor, and the AUA, as owner, executed a contract for the construction of a medical school in St. Johns, Antigua (the "Contract"). Section

4.6 of the General Conditions to the Contract contained an arbitration agreement that reads as follows:

> § 4.6 ARBITRATION
> § 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.
>
> § 4.6.2 Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any Arbitration will be Antigua.

(A copy of the AUA's Petition to Confirm is annexed hereto as Exhibit B. The Contract containing the arbitration agreement is annexed to AUA's Petition as Exhibit A.)

4. On February 3, 2011, Leeward commenced the First Arbitration Proceeding with the American Arbitration Association International Center for Dispute Resolution ("AAA") to arbitrate claims arising out of or related to the Contract. Following extensive pleadings, evidentiary hearings and post-hearing submissions, the Tribunal issued the First Arbitration Award certified June 22, 2012 and modified August 8, 2012, in which the Arbitrators directed the AUA to pay damages to Leeward in the amount of $976,421.37, plus interest at the rate of seven percent (7%) per annum as provided in the Award. The First Arbitration Award also granted the AUA damages in the amount of $58,500.00, plus interest at the rate of 7% per annum as provided in the Award. (A copy of the First Arbitration Award is annexed hereto as Exhibit C.)

5. On August 16, 2012, Leeward commenced a proceeding in this Court styled *Leeward Construction Company, Ltd. v. American University of Antigua – College of Medicine, et*

*ano.*, 12-CV-062080-LAK/GWG, for an order confirming the First Arbitration Award and for the entry of a money judgment against AUA in the amounts stated in the First Arbitration Award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards as codified at 9 U.S.C. §201 *et seq.* (the "Convention"). On September 25, 2012, AUA cross-moved to dismiss pursuant to the *Forum Non Conveniens* Doctrine and Fed. R. Civ. P. 12(b)(6) or in the alternative, to vacate or modify the award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* On March 26, 2013, the Court entered a Memorandum Opinion which, *inter alia*, granted Leeward's petition. *See Leeward Constr. Co. v. Am. Univ. of Antigua*, 2013 U.S. Dist. LEXIS 43350 (SDNY 2013). (A copy of the March 26, 2013 Memorandum Opinion is annexed hereto as Exhibit D.) On June 11, 2013, the Court's Clerk entered the First Judgment. (A copy of the First Judgment is annexed hereto as Exhibit E.)

6. On April 29, 2013, AUA filed a Notice of Appeal and thereafter, moved the Court for a stay of enforcement of the First Judgment pending the outcome of its appeal. Thereafter, on July 11, 2013, the parties agreed to enter into a Standstill Agreement, *inter alia*, agreeing that the AUA would post the *supersedeas* bond and Leeward would refrain from enforcing the First Judgment during the pendency of the AUA's appeal. *See* Sclafani Declaration, Exhibit 3.

7. On August 9, 2013, AUA filed a *supersedeas* bond in the amount of $1,073,000 and on August 16, 2013, the Court entered a Stipulation and Consent Order staying the enforcement of the First Judgment pending the outcome of AUA's appeal. (A copy of the Stipulation and Consent Order as well as the *supersedeas* bond is annexed hereto as Exhibit A.)

8. The parties entered into several Local Rule 42.1 stipulations extending the AUA's time to reinstate its appeal through February 2, 2015, almost two full years after the execution of the Standstill Agreement. The AUA has now perfected its appeal to the United States Court of

Appeals for the Second Circuit. Leeward's brief in opposition is due on or before March 16, 2015. The Stipulation and Consent Order as well as the *supersedeas* bond remain in full force and effect.

## II.     The Second Arbitration Proceeding

9.      On February 7, 2013, Leeward commenced a second arbitration proceeding against AUA with the American Arbitration Association International Center for Dispute Resolution to arbitrate a small amount of money (US $30,762.00) outstanding after the First Arbitration Proceeding (the "Second Arbitration Proceeding"). During the First Arbitration Proceeding, the AUA admitted on multiple occasions that it was liable to pay to Leeward the outstanding amount as a result of a mis-tabulation during invoicing on the project. Neither party was aware of the outstanding amount until the AUA pointed it out during the hearings. Thus, the First Arbitration Proceeding Tribunal held that it could not award the amount to Leeward because it was not part of the First Arbitration Proceeding. (Exhibit C, pp. 11-12) Leeward attempted to obtain payment from the AUA for this amount but was refused.

10.     In opposition to the Second Arbitration Proceeding, the AUA asserted, for the very first time, counterclaims seeking a refund of all of the Antigua and Barbuda Sales Tax it paid to Leeward on the project, in the amount of EC $3,614,522.41/US $1,338,723.00 (the "ABST claim") as well as various alleged construction defect claims in the amount of EC $2,642,450.00/US $978,685.00 (the "Defective Work claims"). The AUA was aware of its ABST claim and Defective Work claims at the time of the First Arbitration Proceeding. (A copy of several AUA documents demonstrating its prior awareness of its ABST claim and Defective Work claims is annexed hereto as Exhibit F.)

11.     The parties agreed to submit their claims in the Second Arbitration Proceeding to

4

the Tribunal for decision in the nature of motions for summary judgment. In its motion, Leeward argued that AUA's ABST claim should be dismissed because (a) the AUA was required under the Contract, read in conjunction with the ABST Act, to pay Leeward ABST; (b) the doctrine of *res judicata* bars the ABST claim; (c) the AUA lacks standing to bring the ABST claim; (d) the doctrines of waiver and/or modification bar the ABST claim; and (e) the ABST claim does not arise under the Contract and, therefore, is not subject to arbitration. With regard to the AUA's defective work claims, Leeward argued that the claims were subject to dismissal because (a) the doctrine of *res judicata* bars the Defective Work claims; (b) the AUA failed to comply with the required notice provision under the Contract and, as a result, the Defective Work claims are untimely; and (c) the windows portion of the Defective Work claims is not subject to arbitration because the windows work was performed under a separate contract. The AUA moved for summary judgment on its ABST claim and for dismissal of several of Leeward's defenses.

12. On February 6, 2014, the Tribunal issued a decision which failed to resolve any of the major issues in the proceeding. On April 28, 2014, at the joint request of the parties, the Tribunal conducted a day-long oral argument in Miami, Florida in which it heard from counsel for both parties. On September 18, 2014, the Tribunal issued a Partial Final Award which, *inter alia*, dismissed Leeward's claim and granted AUA's ABST claim (the "Partial Final Award"). The Partial Final Award contained a lengthy dissenting opinion which detailed the errors in the Partial Final Award. (A copy of the Partial Final Award, including the dissenting opinion is annexed hereto as Exhibit G.)

13 Thereafter, the AUA filed the underlying petition to confirm the Partial Final Award. (Exhibit B) In response, Leeward cross-moved to vacate or modify the Partial Final Award and/or deny its enforcement arguing that the AUA is not entitled to enforcement of the Partial Final Award because the Tribunal decided issues outside of its authority and the scope of

the parties' arbitration agreement; the award is non-final and ambiguous; and the award constitutes a manifest disregard for the law. (A copy of Leeward's memorandum of law, dated December 11, 2014 and its reply memorandum of law, dated January 9, 2015 in support of its cross-motion and in opposition to AUA's petition to confirm together with the McMillan Declaration, dated December 11, 2014, is annexed hereto as Exhibit H. The exhibits attached to Leeward's cross-motion have not been included but can be found at DE #33.)

14.  On February 17, 2015, the AUA filed the instant application seeking an order of attachment and/or preliminary injunction. In its application, the AUA makes unsupported allegations about Leeward and its actions, namely a claim that Leeward is intentionally seeking to delay the Second Arbitration by failing to pay the AAA arbitration fees and then using it as a basis to claim that the Partial Final Award is unenforceable. *See* AUA Memorandum of Law, pp. 9-10. The Partial Final Award is unenforceable for more than one reason, including that it is non-final and ambiguous. Moreover, contrary to the AUA's assertion, Leeward has not paid an outstanding balance in fees to the AAA because it is currently engaged in a review of the fees charged to date for the Second Arbitration. The Tribunal's charges have been exorbitant and excessive with no explanation. The parties have expended in excess of $100,000.00 in fees to date with no end in sight. (A copy of the arbitrators' invoices as provided by the AAA issued to date is annexed hereto as Exhibit I.) The expenditure is particularly distressing given that Leeward's claim in the Second Arbitration is for only a little more than $30,000.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:        March 6, 2015

_____
Veronica A. McMillan, Esq.

6