**Panel's Decision:**

This Panel finds that Controversy number 9, as stated by AUA, does not require the Panel's decision for it does not constitute a claim. In the alternative, the Panel finds the claim to be inadmissible and therefore, dismissed and denied.

10.   Controversy:

Is Leeward barred from pursuing its May 11, 2009 Claim for an Extension of Time and the accompanying Additional Preliminaries in the amount of EC $955,554.08 (the difference between the EC $5,891,857.68 in Preliminaries sought by Leeward and the EC $4,936,303.60 approved and paid by AUA) because it failed to initiate the claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward admits that it was aware on January, 2009 that it was not going to complete its work within the Contract Time?

**Panel's Decision:**

No. Although this Panel finds that both parties were not in strict compliance with the Contract and Contract documents, Leeward is not barred from its claim regarding the responsibility for delays and substantial completion. Consequently, this Panel finds AUA responsible for 50% of the Additional Preliminaries amounting to EC $477,777.04 and such amount is hereby granted in favor of Leeward.

11.   Controversy:

Is Leeward barred from pursuing its Claim for an Extension of Time and the accompanying Additional Preliminaries in the amount of EC $955,554.08 because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the Claim accrued in January 2009 and Leeward waited until February 3, 2011 – 25 months later – to commence arbitration?

19

Panel's Decision:

No.  *Refer to Panel's Decision in Controversy number 10, above, where the controversy relative to the Additional Preliminaries is resolved.*

12.  Controversy:

Even if Leeward had initiated its Claim for Additional Preliminaries timely and commenced arbitration in a reasonable amount of time, is Leeward entitled to Additional Preliminaries based upon the ground asserted in its May 11, 2009 Claim, *i.e.*, that it had been denied access to a $500,000.00 (EC $1,350,000.02) set aside for Non-Productive Overtime, given the absence of any evidence that such an account was agreed to by the parties or that the alleged lack of access to overtime impacted the critical path and caused the damages asserted?

Panel's Decision:

Yes.  *Refer to the Panel's Decision in Controversy number 10, above.*

13.  Controversy:

Aside from the Claim for Additional Preliminaries based on the alleged denial of Non-Productive Overtime initiated on May 11, 2009, did Leeward timely initiate any other claims for an extension of the Contract Time or an increase in the Contract Sum for the Additional Preliminaries in accordance with Section 4.3 of the General Conditions based on any other alleged theory of delay?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and, therefore, will consider all claims brought without regards to timeliness. AUA shall refer to the Award as to claims granted, on pages 31-32.

20

14.     Controversy:

If so, did Leeward establish that each such claim for delay satisfied each of the following elements:  (a) caused by AUA; (b) impacted the critical path; and (c) resulted in a specific loss of time or amount of damages?

Panel's Decision:

After a careful study and analysis of the witness statements as well as the evidence presented, the Panel finds that both parties were responsible for the project delays. Leeward failed to reach substantial completion of the project in the time that was agreed upon.  However, the numerous delays and changes to the drawings and the fact that AUA had knowledge of Leeward's request for extension of time, draw us to determine equal fault for each party regarding the delays in the substantial completion.  Moreover, AUA shall refer to the Award on pages 31-32, as to the claims granted.

15.     Controversy:

Is Leeward barred from seeking to be paid EC $190,210.19, more than the EC $1,232,008.91 it was already paid for additional work it documented as "Change Orders" in the monthly payment applications because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a Claim no sooner than December 17, 2010 – 14 months later?

Panel's Decision:

The Panel finds that Leeward is entitled to payment for all work performed under the Contract subject to this Arbitration, without consideration to the timeliness of the claims.

16.     Controversy:

Even if Leeward had timely initiated a claim to be paid an additional EC $190,210.19 for Change Order work, is Leeward entitled to be paid this money given that Leeward did not

21

make a demand for payment contemporaneous with the payment of its Draft Final Account and given that Leeward did not otherwise submit evidence to substantiate its right to payment?

Panel's Decision:

From the evidence presented at trial, the Panel finds that Leeward is entitled to the additional EC $190,210.19. Consequently, the Panel grants Leeward's claim for EC $190,210.19.

17.   Controversy:

Is Leeward barred from pursuing its claim to recover EC $19,475.40 for the Whitsuntide Holiday because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on June 1, 2009 and Leeward waited until February 3, 2011 – 21 months later – to commence arbitration?

Panel's Decision:

The Panel finds that Leeward is not barred from any of its claims based on timeliness. However, claims pertaining to delays in the completion of the Project are subject to the Panel Decisions in *Section VI. (B-14) and (B-15), above.*

18.   Controversy:

Even if Leeward had commenced arbitration in a reasonable amount of time, is Leeward entitled to EC $19,475.40 in damages for closing the construction site on June 1, 2009 for the Whitsuntide Holiday given that the holiday occurred after the May 14, 2009 deadline for Leeward to complete its work under the Contract Documents?

Panel's Decision:

No.  Refer to the Panel's Decision in *Section VI. (B-44), above.*

19.    Controversy:

Is Leeward barred from seeking payment for an additional EC $162,372.12 in "claims" out of the EC $181,847.52 sought in the Amended Demand for Arbitration because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a Claim no sooner than December 17, 2010 – 14 months later?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in the Award on page 31.

20.    Controversy:

Even if Leeward had timely initiated a claim, is Leeward entitled to recover an additional EC $162,372.12 in "claims" given that Leeward was already paid that precise amount, EC $162,372.12, for these identical "claims," as confirmed by the Draft Final Account submitted by Leeward, certified by the Architect, and paid by AUA?

Panel's Decision:

This Panel finds that Leeward was rightfully paid for extra work, and for the "claims" (adverse weather and holiday) for a total of EC $1,232,008.91 in Change Orders and EC $162,372.12 in "Claims" paid in the Draft Final Account.

21.    Controversy:

Is Leeward barred from seeking EC $1,000,000 allegedly due and owing from the Cash Allowance portion of the Contract Sum because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that



23

Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a claim no sooner than December 17, 2010 – 14 months later?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in this Award.

22.   Controversy:

Even if Leeward had timely initiated such a claim, is Leeward entitled to recover EC $1,000,000 from the Cash Allowance component of the initial Contract Sum for contingent costs including craneage, scaffolding and overtime, given that the EC $2,262,166.51 that Leeward billed for and received for such contingent costs includes the EC $1,000,000 allocated to contingent costs in the EC $27,436,824 Contract Sum, which Leeward uses as costs?

Panel's Decision:

This Panel finds that Leeward is not entitled to its claim for Cash Allowance because the evidence received and considered demonstrated to the Panel that, Leeward was paid EC $2,262,166.51 in Cash Allowance, with included the EC $1,000,000.00 claim.

23.   Controversy:

Is Leeward barred from pursuing to recover overhead and profit on the EC $191,090 in Doors and Windows Work deleted by AUA from Leeward's scope of work because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on April 21, 2009 and Leeward waited until February 3, 2011 – 22 months later – to commence arbitration?

24

Panel's Decision:

This Panel finds that Leeward is barred from pursuing the overhead and profit on the EC $191,090 in Doors and Windows Work deleted by AUA because such work was then given to Leeward under a Separate Contract and, therefore, is not subject to this Arbitration. Refer to the Panel's Decision in Section V. *(2)*.

24.    Controversy:

Even if Leeward had commenced arbitration in a reasonable amount of time on its claim for overhead and profit on the Doors and Windows Work, is Leeward entitled to recover EC $34,396.20 as and for its overhead and profit on this work given that the unit rates contained in the initial Bills of Quantities were "provisional sum rates" and given that Leeward entered into a separate contract with AUA in July 2009 to perform this work?

Panel's Decision:

No. *Refer to Panel's Decision in Controversy number 23, above.*

25.    Controversy:

Is Leeward barred from pursuing its claim to recover overhead and profit on the EC $1,735,589 in Painting Work deleted by AUA from Leeward's scope of work because Leeward failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on April 21, 2009 and Leeward waited until February 3, 2011 – 22 months later – to commence arbitration?

Panel's Decision:

The Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and, therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in this Final Award.

26.    Controversy:

Even if Leeward had commenced arbitration in a reasonable amount of time on its claim for overhead and profit on the Painting Work, is Leeward entitled to recover EC $312,406.02 as and for its overhead and profit on this work given that Leeward would have incurred more in liquidated damages had the Painting Work not been removed from Leeward's scope of work than it seeks to recover in overhead and profit for this work?

Panel's Decision:

Yes. *Refer to the Panel's Decision in Section VI. (A-7).*

27.    Controversy:

Is Leeward barred from seeking to recover monies allegedly due and owing under the Separate Contracts in the arbitration for either of the following separate reasons:

    a) Claims under the Separate Contracts are not arbitrable because AUA did not agree to arbitrate them; Or

    b) In the event Leeward's payment claims under the Separate Contracts fall within the scope of the arbitration provision (Section 4.6.1 of the General Conditions), because Leeward failed to initiate any claims within 21 days of their accrual in accordance with Section 4.3 of the General Conditions.

Panel's Decision:

Yes. This Panel finds in favor of AUA in that works that were performed under Separate Contracts are not subject to this Arbitration

28.    Controversy:

Even if Leeward's claims under the Separate Contracts are subject to arbitration, and even if Leeward had initiated claims timely, has Leeward established that AUA only paid Leeward EC $1,359,035.40, in the aggregate, on the Separate Contracts and owes it an additional EC $202,943 on these contracts based upon the proposed contract amounts, particularly considering the evidence presented by AUA that Leeward was to be paid as per actual work (not the proposed amounts), and that Leeward was paid EC $1,452,261.32 for that work?

26

Panel's Decision:

No.  See Panel Decisions in Section VI. (A-7 and (B-2).

29.    Controversy:

Is Leeward entitled to an award for the EC $590,083 that AUA holds as retainage given that Leeward has not provided evidence that it satisfied its obligations under Section 9.10.2 of the General Conditions to provide "an affidavit that payrolls, bills for materials and equipment, and other indebtedness connected with the Work for which the Owner or the Owner's property might be responsible or encumbered have been paid or otherwise satisfied."?

Panel's Decision:

This Panel finds that the only issue regarding the retainage is the submittance by Leeward to AUA of the required documents.  Therefore, this Panel hereby Orders Leeward to comply with Section 9.10.02 of the General Conditions, as applicable to the particular Project within the term provided in the Award on pages 31-32 and, thereafter, AUA must pay the remaining 2.5% of the Contract Sum equal to EC $590,083.00, without interest, if paid within the time allowed.

30.    Controversy:

Should the mutual accounting mistake discovered by AUA on the eve of trial that resulted in Leeward receiving EC $83,059.56 less than was reflected in the Draft Final Account be part of any arbitration award, and potentially subject to the assessment of interest, given that Leeward never notified AUA of the error, or specifically demanded payment, or asserted any claim to recover this amount?

27

Panel's Decision:

This Panel determines that the ABST error was mutually acknowledged by both parties, and not having it been submitted as a controversy of this Arbitration and having it been discovered and in good faith informed by an AUA representative during the hearings, we conclude that this issue should be resolved outside of the context of this Arbitration.

31.   Controversy:

Is Leeward entitled to an award of interest for any portion of Leeward's EC $6,701,390.33 demand? If so, when should interest begin to run given Leeward's long delay in commencing arbitration on the three claims it actually initiated during the Project (i.e., Additional Preliminaries; Whitsuntide Holiday and Overhead and Profit on the Painting Work and Doors and Windows Work) and given Leeward's failure to identify the remainder of its claims until filing its Amended Demand for Arbitration dated October 14, 2011?

Panel's Decision:

This Panel finds that Leeward is entitled to the claims recognized in this Award as herein stated. These claims shall accrue interest at the rate of 7% per annum, since the date of termination of the Project, October 31, 2009, as determined by the Panel, except for those claims that are specifically without interest.

32.   Controversy:

Did Leeward establish that AUA failed to pay one or more monthly payment applications timely, and if so, then what is the date of each such late payments and is Leeward entitled to an award of interest on any alleged late payments?

Panel's Decision:

Yes.  See Panel's Decision in Controversy (A-3) in Section VI.

28

33.   Controversy:

Is Leeward entitled to an award of interest on any allegedly late mobilization payments, or were its claims with respect to this issue settled in January 2009 as set forth in AUA Ex. 67 at AUA 003269?

Panel's Decision:

The Panel finds that the disputes regarding mobilization were resolved with a payment by AUA in December 22, 2009 and a settlement was reached by the parties in January 13, 2009.

34.   Controversy:

To the extent Leeward is awarded any interest, should the rate of interest equal the statutory judgment rate in Antigua of 5%, given that the Contract Documents refer to the "legal rate" in Antigua?

Panel's Decision:

The Panel finds that Leeward is entitled to interest on the payments due and unpaid as set forth under Section 13.6.1 of the Contract and General Conditions as of October 3, 2009. However, this Panel finds that the interest shall be calculated at 7% per annum.

35.   Controversy:

Is Leeward entitled to recover any of its legal fees and expenses in prosecuting its claims or in defending AUA's counterclaim for Liquidated Damages?

Panel's Decision:

Upon careful consideration and considering that both parties were equally at fault (Leeward 50% - AUA 50%) regarding some of the controversies submitted and in the management of the Contract, the Panel finds no compelling reason to grant attorney's fees, arbitration fees, expenses and compensation as provided under the laws of Antigua or otherwise.  Each party shall bear their own attorneys' fees, arbitration expenses and such the like.

36.   Controversy:

Is AUA entitled to an award of Liquidated Damages in the amount of US $117,000.00 based upon Leeward's failure to achieve Substantial Completion within the Contract Time, but instead doing so 78 days later?

   Panel's Decision:

After a careful analysis and evaluation of the witness statements as well as the evidence presented to the Panel, we find that both parties shared responsibilities for the project delays and, consequently, Leeward is responsible for 50% of the Liquidated Damages in the amount of EC $ 157,950.00[2], and such amount is hereby granted in favor of AUA.

37.   Controversy:

Is AUA entitled to setoff Liquidated Damages from the retainage it currently holds?

   Panel's Decision:

No.   The Panel finds neither spurious allegations in Leeward's claims, nor intentional wrongdoing to award damages to AUA.   Consequently, AUA is denied its claim to setoff Liquidated Damages.

38.   Controversy:

Is AUA entitled to recover any of its legal fees and expenses in defending the claims asserted by Leeward and in prosecuting its counterclaim for Liquidated Damages?

   Panel's Decision:

Upon careful consideration and considering that both parties were at fault regarding some of the controversies submitted and in the management of the Contract, the Panel finds no compelling reason to grant attorney's fees, arbitration fees, expenses and compensation as

---

[2] As per AUA's counterclaim for Liquidated Damages, the amount was expressed in US dollars and not EC dollars, therefore, considering the current currency conversion, said amount was calculated at $315,900.00 of which 50% is granted to AUA for $157,950.00.

provided under the laws of Antigua or otherwise.  Each party shall bear their own attorneys' fees, arbitration expenses and such the like.

## AWARD

Accordingly, we ORDER and AWARD as follows:

1. Within thirty (30) days from the date of issuance of this Final Award Respondent AUA shall pay to Claimant Leeward the following amounts:

| | | |
|---|---|---|
| a) Interest on the Payments Due and Unpaid | EC $44,617.37 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. |
| b) Damages | EC $232,670.13 | This sum shall accrue interest of 7% per annum from the date of issuance of this Final Award. |
| c) Overhead and Profit for work deleted, omitted or modified | EC $802,399.25 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009. |
| d) Additional Preliminaries | EC $477,777.04 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009. |
| e) Change Order Work | EC $190,210.19 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009. |
| f) Retainage | EC $590,083.00 | This sum shall not accrue any interest. Leeward shall submit to AUA all contractually required documentation as set forth in Section 9.10.2 of the General Conditions. Leeward will have a term of not more than 30 calendar days from the date of issuance of this Final Award to submit said documentation. Once Leeward has submitted all required documentation accordingly, AUA shall release the retainage in a term not to exceed 30 calendar days, upon after which such amount shall start accruing interest at the rate of 7% per annum. If Leeward fails to comply with Section 9.10.2, of the General Conditions in the time hereby stated and granted the claim for such amount will be considered |

relinquished. Considering that this case is sub-judice, the herein referred notice may be made by counsel for Leeward to counsel for AUA, or by Leeward to AUA.

2. As per AUA's counterclaim for Liquidated Damages, this Panel grants 50% of such in the amount of EC $157,950.00, which will accrue interest at the rate of 7% per annum from the date of this Final Award.

3. The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling $17,550.00 shall be borne by the parties as incurred. The compensation and expenses of the Panel totaling $151,992.75 shall be borne by the parties as incurred.

4. The terms of this Final Award shall be complied within thirty (30) days from the date of this Final Award.

This Final Award is in full settlement of all claims and counterclaims submitted to this Arbitration.

This Final Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

Per the arbitration clause, the location of the arbitration is Antigua; however, the parties jointly agreed for the Hearings to be held in Isla Verde, Puerto Rico. We hereby certify that, for the purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in Isla Verde, Puerto Rico, on June 22, 2012, amended *nunc pro tunc* on this 8 day of August, 2012.

8|8|2012
Date

Jorge R. Jiménez, Esq.
Panel Chairman

8|8|2012
Date

Héctor M. Varela, P.E.
Arbitrator

8|8|2012
Date

José R. Capó, Esq.
Arbitrator

State of Puerto Rico
County of San Juan                Affidavit # 301

On this  8  day of August, 2012 before me personally came and appeared Jorge R. Jiménez, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that he executed the same.

8|8|2012
Dated                                                Notary Public

State of Puerto Rico
County of San Juan                Affidavit # 302

On this  8  day of August, 2012 before me personally came and appeared Héctor M. Varela, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that he executed the same.

8|8|2012
Dated                                                Notary Public

State of Puerto Rico
County of San Juan                Affidavit # 303

On this  8  day of August, 2012 before me personally came and appeared José R. Capó, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that he executed the same.

8|8|2012
Dated                                                Notary Public



33





## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
COUNTY OF DUTCHESS   ) ss:


MELINDA L. BENANTI, being sworn says:  I am not a party to the action, am over 18 years of age and reside at Marlboro, New York.

On February 7, 2013, I served the within Demand for Arbitration with arbitration clause by depositing a true copy thereof, enclosed in a post-paid wrapper, sent in an official depository under the exclusive care and custody of:

**VIA INTERNATIONAL FEDERAL EXPRESS**
A.S. Nagesh
Sundaram Architects Pvt. Ltd.
No. 19 Kumara Krupa Road
Bangalore -- 560001
India

**V IA U. S. POSTAL SERVICE
CERTIFIED MAIL,
RETURN RECEIPT REQUESTED**

Neal S. Simon, President
American University of Antigua,
College of Medicine
c/o Manipal Education Americas, LLC,
Agent for American University of Antigua, College
of Medicine
Kasturba Medical College International Center
One Battery Park Plaza, 33rd Floor
New York, New York 10004

**V IA U. S. POSTAL SERVICE
CERTIFIED MAIL,
RETURN RECEIPT REQUESTED**

Leonard Sclafani, Esq.
American University of Antigua,
College of Medicine
c/o Manipal Education Americas, LLC,
Agent for American University of Antigua, College
of Medicine
Kasturba Medical College International Center
One Battery Park Plaza, 33rd Floor
New York, New York 10004


MELINDA L. BENANTI

Sworn to before me on the 7th
day of February, 2013.


Notary Public

Carol A. Verdis
NOTARY PUBLIC, State of New York
No. 01VE5037251
Qualified in Dutchess County
Commission Expires May 6, 2015

# EXHIBIT C

AMERICAN ARBITRATION ASSOCIATION
INTERNATIONAL CONSTRUCTION INDUSTRY ARBITRATION RULES
ANSWER AND COUNTERCLAIM

TO: Leeward Construction Company, Ltd.
    c/o Lewis & Greer, P.C.
    Attorneys for Claimant
    510 Haight Avenue
    Poughkeepsie, New York 12603

Re: 50 110 T 00118 13
    Leeward Construction Corp. v. American University of Antigua College of
Medicine

PLEASE TAKE NOTICE that American University of Antigua College of Medicine
hereby answers the Statement of Claim of Leeward Construction Company, Ltd. and
Counterclaims as follows:

Claimant claims entitlement to EC$83, 059.56/US$30,762/80 which said sum
derives from an alleged "mis-tabulation as Antigua and Barbuda Sales Tax ("ABST")
during the requisition process.

There is no issue that the sum was paid to Leeward. The claim here is that the
sum was paid as reimbursement for ABST that AUA allegedly owed to Leeward, but
was subsequently added to the amount that was paid to Leeward as a progress
payment so that, when Leeward was paid on the following requisition, the amount
allegedly "mis-tabulated" was deducted from that requisition leaving Leeward short
on the payment of the requisition in the amount of the sum above stated.

AUA asserts herein, first, that Leeward has not provided any evidence that it
actually paid the Government of Antigua and Barbuda the ABST in connection with
the requisition at issue or in connection with any prior or subsequent requisition.

AUA further asserts that, even if Leeward establishes that it paid this, or any
other amount of ABST, it was its responsibility and obligation to do so under the
terms of the parties contract, such that the amount that Leeward was paid for the
requisition at issue was correctly added to the amount of its progress payment.
Leeward was not entitled to a separate or additional payment for reimbursement of
ABST.

AUA further asserts by way of a defense and a counterclaim that it paid ABST to
Leeward in addition to, and not as a part of its progress payments in all but the one
from which Leeward's claim herein originates in the sum of EC$3,614,552.41 as a
result of error, mis-tabulation and mutual mistake, despite that Leeward provided
no proof of payment of the tax and, in any event, was, itself, obligated to pay the tax
without reimbursement by AUA.

Lastly, AUA asserts that it submitted its claim for a reimbursement of the said
sum to the Project Architect, R. Sundaram, Sundaram Architects as required by the
parties contract; and that the Project Architect has approved the claim. AUA is
therefore entitled to this sum. (see the attached correspondence)

In this regard, AUA states the following:

Section 3.6.1 of the General Conditions to the Contract, entitled "Taxes," unambiguously obligates the Contractor, Leeward, to "pay sales, consumer, use and similar taxes for the Work provided by the Contractor ... ." This obligation plainly includes the Antigua and Barbuda Sales Tax ("ABST"). Notwithstanding this clear mandate, as evidenced by the payment applications submitted by Leeward (*e.g.,* Ex. A to Leeward's December 21, 2012 letter to the Project Architect), throughout the Project Leeward charged AUA ABST at a rate of 15% for all the work Leeward performed on the Project. As the invoices AUA approved for payment reflect, AUA paid the ABST charged by Leeward. See Ex. 1, hereto. Our records reflect that Leeward wrongfully charged, and AUA mistakenly paid, no less than EC $3,614,552.41 in ABST. Accordingly, AUA is entitled to a ruling that Leeward was obligated to pay ABST, and Leeward, in turn, is therefore obligated to reimburse AUA for all the ABST it collected from AUA.

In its November 20, 2012 claim, Leeward contends that AUA conceded during a prior arbitration that it was obligated to pay Leeward EC $83,083.24 in progress payment, because that payment was a payment for ABST in connection with Payment Requisition No. 22 and wrongfully applied. However, Leeward's claim for this money, and the alleged concession made by AUA's counsel during opening arguments at the prior arbitration, are both premised on the mistaken belief that AUA was responsible to pay ABST and on the assumption to Leeward actually paid Antigua EC $ 83,083.24 for the ABST collected at that time.[1]

As set forth in Leeward's December 21, 2012 supplemental submission to the Project Architect on its claim herein, what the parties called at the arbitration the "ABST Error" and what Leeward has now labeled a "mis-tabulation" was a product of the manner in which Leeward tracked payments on the Project. Generally speaking, Leeward issued monthly payment applications for the work it completed on the Project since the last payment application, which amounts were based upon measuring the work done and applying the predetermined unit rates set forth in the Bill of Quantities that was made a part of the Contract. Leeward's payment application would calculate the amount earned to date for its Work and then subtract the total amount that had been paid to date. Leeward would then bill AUA for this difference, separately charge AUA 15% in ABST and request payment for the sum. AUA would then pay the sum, including ABST.

Leeward would determine how much had been paid to date by keeping a running tally of the prior progress payments, exclusive of ABST, which it submitted with its payment applications. With respect to the EC $ 83,083.24 ABST payment at issue, Leeward, according to its claim, mistakenly recorded the total amount paid by AUA, including ABST, in its running tally. As a result, when Leeward issued the following payment application, the amount of money Leeward reflected as having been paid by AUA in prior progress payments was EC $ 83,083.24 more than it should have been.

---

[1]   AUA's wrongful payment of ABST, in general, was not at issue in the prior arbitration.

The so-called concession was simply an acknowledgment of this alleged error and by implication assumed that AUA was obligated to pay the misapplied ABST in the first place, nothing more.  Because, as demonstrated above, AUA was not obligated to pay ABST, Leeward's misapplication of the money serves to reimburse AUA for a small fraction of the ABST Leeward wrongfully collected.

In sum, AUA respectfully requests that Leeward's claim be denied and that an award issue in AUA's favor declaring for the amount of the ABST that Leeward was wrongfully paid; to wit, EC $3,614,552.

Dated:  February 27, 2013
New York, New York


American University of Antigua College of Medicine

By: _____
Leonard A. Sclafani, Esq.
Law Offices of Leonard A. Sclafani, Esq.
Attorneys for Respondent AUA
One Battery Park Plaza, 33rd Fl.
New York, New York 10004
(Tel.) 212-696-988
email: l.a.s@mindspring.com

**ABST Payments**

$50,075.05
$65,398.08
$36,694.52
$36,586.04
$46,519.90
$120,969.00
$176,431.68
$70,116.02
$9,666.98
$143,779.67
$137,766.27
$409,676.77
$550,835.46
$230,721.53
$410,551.87
$415,282.54
$196,410.71
$209,080.45
$190,590.53
$83,083.24
$8,586.66
$15,729.44
**$3,614,552.41**



# SUNDARAM ARCHITECTS PVT. LTD.

ARCHITECTURE • ENGINEERING • PLANNING • INTERIORS • SERVICES

Fax : 001-845-454-3315                                    Date : 27.02.2013

### *Kind attn: Veronica A. McMillan.*

M/s. Lewis & Greer, P.C.
Attorneys at Law,
510 Haight Avenue,
POUGHKEEPSIE,
NEW YORK 12603, USA

Dear Sirs,

### Leeward Claim with respect to ABST

It is verified that AUA paid the ABST charged by Leeward. The amount is \$3,614,552.41

As per contract Leeward has to pay all taxes including ABST.

It is a fact that AUA has paid Leeward ABST taxes although Leeward should pay the taxes.

Please advise Leeward to return the ABST collected from AUA  to AUA.

Thanking you,

Yours faithfully,
For Sundaram Architects Pvt. Ltd.

R. SUNDARAM



#19, Kumara Krupa Road, Bangalore - 560 001. India
Tel   : +91 (0)80 2238 0701 / 2238 0702 / 2238 0703
Fax  : +91 (0)80 2225 2339   Email : edp@sundaramarchitects.com

SUNDARAM CONSULTANTS
GROUP

**ABST Payments**

$50,075.05
$65,398.08
$36,694.52
$36,586.04
$46,519.90
$120,969.00
$176,431.68
$70,116.02
$9,666.98
$143,779.67
$137,766.27
$409,676.77
$550,835.46
$230,721.53
$410,551.87
$415,282.54
$196,410.71
$209,080.45
$190,590.53
$83,083.24
$8,586.66
$15,729.44
**$3,614,552.41**

# American University of Antigua
# College of Medicine
## Check Request Form

Name: MIKE JOHNSON

Department: CONSTRUCTION

Date: 4/18/08

PHASE I + HOUSING CONTRACT: LEEWARD CONSTRUCTION

INTERIM PAYMENT # 1.00          333,833.67

ABST                              50 075.05

EC$ 383 908 72

Vendor's name: LEEWARD CONSTRUCTION COMPANY LTD.

Vendor's TIN / SS#: _____

Make check payable to: LEEWARD CONSTRUCTION COMPANY LTD.

Contact name: NEIL DICKERSON

Contact phone #: 729/0072

Payment address: ALL SAINTS ROAD,
P.O. BOX 1400
ST. JOHN'S
ANTIGUA

|  | US $'s | EC $'s |
|---|---|---|
| Check amount: |  | 383908.72 |

APPROVED FOR PAYMENT PENDING AGREEMENT OF BILL
OF QUANTITIES RATES + COMPLETION OF CONTRACT.

Requestor's Signature: _____

Request Date: 4/18/08

Dean's Approval: _____

Approval Date: _____

Finance Approval: _____

Approval Date: _____

LC000242
AUA000431

# American University of Antigua
## College of Medicine
## Check Request Form

### AUA Employee Information

| | |
|---|---|
| Name: | Mike Johnson |
| Department: | Construction |
| DATE | May 30th,2008 |

### Phase 1: Classroom /Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment # 2.00/A | 435,986.79 |
| ABST | 65,398.02 |
| Subtotal | 501,384.81 |
| LESS: Payment A/C: Corey Greenberg email 5/22/08 | 300,000.00 |
| | EC $ 201,384.81 |

### Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Raod |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 201,384.81 |

### Additional Comments

Approved For Payment Pending Agreement of Bill of Quantities Rates & Completion of Contract.

### Approval

| | |
|---|---|
| Requestor's Signature: | |
| Request Date: | 5/30/08 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

LC000270
AUA000456

# American University of Antigua
## College of Medicine
## Check Request Form

### AUA Employee Information

| | |
|---|---|
| Name: | Mike Johnson |
| Department: | Construction |
| DATE | May 30th, 2008 |

### Phase 1: Classroom /Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #3.00 | 244,630.15 |
| ABST | 36,694.52 |
| | EC $ 281,324.67 |

### Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Raod |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 281,324.67 |

### Additional Comments

Approved For Payment Pending Agreement of Bill of Quantities Rates & Completion of Contract.

### Approval

| | |
|---|---|
| Requestor's Signature: | |
| Request Date: | 5/30/08 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

LC000294

AUA000479

# American University of Antigua
## College of Medicine
## Check Request Form

### AUA Employee Information

Name: Mike Johnson

Department: Construction

DATE May 30th, 2008

### Phase 1: Classroom /Library/Nurses: Leeward Construction

| | |
|---|---:|
| Interim Payment #4.00 | 243,906.96 |
| ABST | 36,586.04 |
| | EC $ 280,493.00 |

### Vendor Information

Vendor's name: Leeward Construction Company Ltd.

Vendor's TIN / SS#

Make check payable to: Leeward Construction Company Ltd.

Contact name: Neil Dickenson

Contact phone #: 729-0072

Payment address: All Saints Raod
P.O. Box, 1400
St. John's
Antigua

| | US $'s | EC $'s |
|---|---|---:|
| CHEQUE AMOUNT | | 280,493.00 |

### Additional Comments

Approved For Payment Pending Agreement of Bill of Quantities Rates & Completion of Contract.

### Approval

Requestor's Signature:

Request Date: 5/30/08

Dean's Approval:

Approval Date:

Finance Approval:

Approval Date:

LC000317
AUA000500

## American University of Antigua
## College of Medicine
## Check Request Form

### AUA Employee Information

Name: Mike Johnson

Department: Construction

DATE: 13-Jun-08

### Phase 1: Classroom /Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #5.00 | 310,132.65 |
| ABST | 46,519.90 |
| Total Payment | EC $ 356,652.55 |

### Vendor Information

Vendor's name: Leeward Construction Company Ltd.

Vendor's TIN / SS#:

Make check payable to: Leeward Construction Company Ltd.

Contact name: Neil Dickenson

Contact phone #: 729-0072

Payment address: All Saints Raod

P.O. Box, 1400

St. John's

Antigua

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 356,652.55 |

### Additional Comments

Approved For Payment Pending Agreement of Bill of Quantities Rates & Completion of Contract.

Retention received to 5% in Accordance with Letter of Intent.

### Approval

Requestor's Signature:

Request Date: 6/13/08

Dean's Approval:

Approval Date:

Finance Approval:

Approval Date:

LC000342
AUA000525

# American University of Antigua
## College of Medicine
## Check Request Form

### AUA Employee Information

| | |
|---|---|
| Name: | Mike Johnson |
| Department: | Construction |
| DATE | 13-Jun-08 |

### Phase 1: Classroom /Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #6.00 Mobilization | 806,460:00 |
| ABST | 120,969.00 |
| Total Payment | EC $ 927,429.00 |

### Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Raod |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 927,429.00 |

### Additional Comments

Approved For Payment Pending Agreement of Bill of Quantities Rates & Completion of Contract.

### Approval

| | |
|---|---|
| Requestor's Signature: | _(signature)_ |
| Request Date: | 6/13/08 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

LC000372
AUA000555