22. <u>Controversy</u>:

If the additional works contracts are subject to arbitration, then what is the amount due from AUA to Leeward for the unpaid balances on the additional works contracts?

<u>Panel's Decision:</u>

The Panel finds that the Separate Contracts Leeward entered into with AUA are not subject to this Arbitration.



23. <u>Controversy:</u>

Whether the arbitration was commenced within a reasonable time not to exceed the statute of limitations for breach of contract actions under the laws of Antigua?

<u>Panel's Decision:</u>

The Panel finds that this Arbitration was commenced timely.

24. <u>Controversy:</u>

What is the statute of limitations for breach of contract actions under the laws of Antigua?

<u>Panel's Decision:</u>

The Panel finds that this Arbitration was commenced within the six (6) year term.

25. <u>Controversy:</u>

Whether the Panel should strike the AUA's witness statement of Peter McLeod on the grounds that Mr. McLeod's witness statement constitutes an expert opinion that AUA failed to disclose until the eve of the hearing after representing to the Panel during a telephone conference on December 15, 2011 that it did not foresee the use of expert witness testimony?

<u>Panel's Decision:</u>

This Panel finds that Peter McLeod's testimony is not that of an expert witness. Therefore, all parts of his witness statement and testimony rendered based on his opinion as an expert are stricken from the record. However, this Panel considered as factual the testimony

13

offered by Peter McLeod which relates to his personal knowledge and intervention in the negotiation of the Contract Documents, and will give it the probatory value it deems appropriate.

26. Controversy:

Whether Leeward is entitled to attorneys' fees, arbitration fees, expenses and compensation as provided under the laws of Antigua or otherwise?



Panel's Decision:

Considering that both parties shared responsibility regarding some of the controversies submitted and in the management of the Contract, the Panel finds no compelling reason to grant attorney's fees, arbitration fees, expenses and compensation as provided under the laws of Antigua or otherwise. Each party shall bear their own attorneys' fees, arbitration expenses and such the like.

B. **RESPONDENTS (AUA'S) CONTROVERSIES SUBMITTED TO ARBITRATION:**

1. Controversy:

Is Leeward barred from seeking to be paid EC $1,604,617 for work it did not perform as a result of design changes and site conditions (like the chain link fence) (the "Omitted Work") because Leeward failed to initiate a claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a Claim throughout the course of construction and no later than October 2009, but initiated it no sooner than December 17, 2010 - 14 months later?

Panel's Decision:

The Panel finds that Leeward is barred from seeking to be paid for work it did not perform, not because it failed to initiate a claim, but because the evidence received and considered by the Panel is that the Contract was a fixed sum contract subject to additions and deductions, and Leeward would be paid for work it actually performed, based on the BOQ.



In regards to the "timeliness" of Leeward's claim, it is the determination of the Panel that both parties breached various provisions of the Contract and are, therefore, barred from enforcing said provisions against each other.

2. <u>Controversy</u>:

Even if Leeward had initiated a claim timely, is Leeward entitled to be paid for the Omitted Work on the ground that AUA did no document changes in the scope of Leeward's work by issuing formal change orders in the manner provided by Section 7 of the General Conditions, or did the parties waive the formal change order procedure by implementing another method, i.e., the monthly requisition process, to document additions and deductions to the Contract Sum, as evidenced by the parties' course of conduct throughout the duration of the Project?

<u>Panel's Decision</u>:

*See Panel's Decision to Controversy 1, supra.*

3. <u>Controversy</u>:

Is Leeward barred from pursuing its new alternative claim that it be paid overhead and profit on the Omitted Work for one or more of the following separate reasons:

   a) Because Leeward asserted its new alternative claim for the first time in its post-trail submission, in violation of Section R-6(b) of the AAA's CIAR, thereby depriving AUA of a fair opportunity to proffer a defense? **Or**

   b) Because Leeward failed to initiate a claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim throughout the course of the construction and no later than October 2009, but never initiated a claim and raised the issue for the first time in Leeward's April 2012 Proposed Findings of Facts and Conclusion of Law? **Or**

   c) Because the new claim was not asserted in Leeward's February 3, 2011 Demand for Arbitration or its October 14, 2011 Amended Demand for Arbitration, but instead raised for the first time on April 20, 2012, in violation of Section 4.6.5 of the General Conditions, which provides that the "party filing a notice of demand for arbitration must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded"?

15

Panel's Decision:

This Panel will not exclude any claim under the sole contention of timeliness. Therefore, Leeward is not barred from pursuing its claim for the payment of overhead and profit on the Omitted Work.

4. Controversy:

Even if Leeward had initiated its new alternative claim for overhead and profit on the Omitted Work timely in accordance with the Contract Documents and the CIAR, is Leeward entitled to be paid overhead and profit on the Omitted Work given the testimony that the parties intended to use the Bills of Quantities to value changes to the scope of the work necessitated by design changes and site conditions, and given that Leeward never sought to be paid its overhead and profit Omitted Work?

Panel's Decision:

Yes. This Panel finds that Leeward is entitled to overhead and profit for work omitted, deleted or modified, except for the $185,425.07 of overhead and profit for the Doors & Windows and Flooring works that were deleted from the Contract's original scope of work and then given to Leeward under a Separate Contract.

5. Controversy:

Is Leeward barred from seeking to be paid for the Flooring Work that AUA deleted from Leeward's scope of work because Leeward failed to initiate a claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward admits it was aware of the facts giving rise to such a claim no later than April 21, 2009, but initiated a claim no sooner than December 17, 2010 – 20 months later?

Panel's Decision:

The Panel finds that both parties were at fault with their mutual responsibilities in following and enforcing the General Conditions of the Contract, therefore, this Panel will not exclude

16

any claim under the sole contention of timeliness. The evidence also showed that Leeward in many instances notified AUA of its claims, even though it was not in the manner set forth in the Contract. Therefore, the Panel finds that Leeward is entitled to receive compensation for work performed; however, with regard to the Flooring Work, which is part of the Separate Contracts, same is not subject to this Arbitration.

6. Controversy:

Even if Leeward had initiated a claim timely, is Leeward entitled to be paid for the Flooring Work that AUA deleted from Leeward's scope of work on the ground that AUA did not document the deletion of this work by issuing formal change orders in the manner provided by Section 7 of the General Conditions, or did the parties waive the formal change order procedure by implementing another method, *i.e.*, the monthly requisition process, to document additions and deductions to the Contract Sum, as evidenced by the parties' course of conduct throughout the duration of the Project?

Panel's Decision:

The Panel finds that the Separate Contracts are not subject to this Arbitration. Therefore, this Panel will not grant remedies for the Flooring Work.

7. Controversy:

Is Leeward barred from pursuing its new alternative claim that it be paid overhead and profit on the Flooring Work (EC $1,741,032 * 18% = EC $313,385.76) for one or more of the following separate reasons:

> a) Because Leeward asserted this new alternative claim for the first time in its post-trial submissions, in violation of CIAR R-6(b), thereby depriving AUA of a fair opportunity to proffer a defense? **Or**
>
> b) Because Leeward failed to initiate a claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim on April 21, 2009 and no later than October 2009, but never initiated a claim and raised the issue for the first time in Leeward's April 20, 2012 Proposed Findings of Fact and Conclusions of Law? **Or**

17

c) Because the new alternative claim was not asserted in Leeward's February 3, 2011 Demand for Arbitration or its October 14, 2011 Amended Demand for Arbitration, but instead raised for the first time on April 20, 2012, in violation of Section 4.6.5 of the General Conditions, which provides that the "party filing a notice of demand for arbitration must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded"?

Panel's Decision:



The Panel finds that each party is barred from alleging non-compliance against each other regarding the terms of the Contract under the sole contention of timeliness and, therefore, will consider all claims brought without regard to timeliness. However, this Panel finds that Leeward is entitled to overhead and profit for work omitted, deleted or modified, but not for the Flooring Work, which was given to Leeward under a Separate Contract.

8.  Controversy:

Even if Leeward had initiated its alternative claim for overhead and profit on the Flooring Work timely under the Contract Documents and the CIAR, is Leeward entitled to be paid EC $313,385.76 in overhead and profit on the Flooring Work given that Leeward entered into a separate contract with AUA on July, 2009 to perform this work, and was paid under the terms of that separate contract?

Panel's Decision:

No. *Refer to Panel's Decision in Section **VI. (B-7)**, above.*

9.  Controversy:

There is no decision to render with respect to the Modified Work Delta of negative EC $14,294.10. Leeward is not seeking to recover any money reflected in this delta, which reflects that Leeward was paid more by seeking payment for work "as built" and in accordance with the "final measure" that it would have received had it been paid based upon the measurements in the initial Bills of Quantities.



Panel's Decision:

This Panel finds that Controversy number **9**, as stated by AUA, does not require the Panel's decision for it does not constitute a claim. In the alternative, the Panel finds the claim to be inadmissible and therefore, dismissed and denied.

10. Controversy:

Is Leeward barred from pursuing its May 11, 2009 Claim for an Extension of Time and the accompanying Additional Preliminaries in the amount of EC $955,554.08 (the difference between the EC $5,891,857.68 in Preliminaries sought by Leeward and the EC $4,936,303.60 approved and paid by AUA) because it failed to initiate the claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward admits that it was aware on January, 2009 that it was not going to complete its work within the Contract Time?

Panel's Decision:

No. Although this Panel finds that both parties were not in strict compliance with the Contract and Contract documents, Leeward is not barred from its claim regarding the responsibility for delays and substantial completion. Consequently, this Panel finds AUA responsible for 50% of the Additional Preliminaries amounting to EC $477,777.04 and such amount is hereby granted in favor of Leeward.

11. Controversy:

Is Leeward barred from pursuing its Claim for an Extension of Time and the accompanying Additional Preliminaries in the amount of EC $955,554.08 because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the Claim accrued in January 2009 and Leeward waited until February 3, 2011 – 25 months later – to commence arbitration?

Panel's Decision:

No. *Refer to Panel's' Decision in Controversy number **10**, above, where the controversy relative to the Additional Preliminaries is resolved.*

12. Controversy:

Even if Leeward had initiated its Claim for Additional Preliminaries timely and commenced arbitration in a reasonable amount of time, is Leeward entitled to Additional Preliminaries based upon the ground asserted in its May 11, 2009 Claim, *i.e.*, that it had been denied access to a $500,000.00 (EC $1,350,000.02) set aside for Non-Productive Overtime, given the absence of any evidence that such an account was agreed to by the parties or that the alleged lack of access to overtime impacted the critical path and caused the damages asserted?

Panel's Decision:

Yes. *Refer to the Panel's Decision in Controversy number **10**, above.*

13. Controversy:

Aside from the Claim for Additional Preliminaries based on the alleged denial of Non-Productive Overtime initiated on May 11, 2009, did Leeward timely initiate any other claims for an extension of the Contract Time or an increase in the Contract Sum for the Additional Preliminaries in accordance with Section 4.3 of the General Conditions based on any other alleged theory of delay?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and, therefore, will consider all claims brought without regards to timeliness. AUA shall refer to the Award as to claims granted, on pages 31-32.

14. <u>Controversy:</u>

If so, did Leeward establish that each such claim for delay satisfied each of the following elements: (a) caused by AUA; (b) impacted the critical path; and (c) resulted in a specific loss of time or amount of damages?

<u>Panel's Decision:</u>

After a careful study and analysis of the witness statements as well as the evidence presented, the Panel finds that both parties were responsible for the project delays. Leeward failed to reach substantial completion of the project in the time that was agreed upon. However, the numerous delays and changes to the drawings and the fact that AUA had knowledge of Leeward's request for extension of time, draw us to determine equal fault for each party regarding the delays in the substantial completion. Moreover, AUA shall refer to the Award on pages 31-32, as to the claims granted.

15. <u>Controversy:</u>

Is Leeward barred from seeking to be paid EC $190,210.19 more than the EC $1,232,008.91 it was already paid for additional work it documented as "Change Orders" in the monthly payment applications because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a Claim no sooner than December 17, 2010 – 14 months later?

<u>Panel's Decision:</u>

The Panel finds that Leeward is entitled to payment for all work performed under the Contract subject to this Arbitration, without consideration to the timeliness of the claims.

16. <u>Controversy:</u>

Even if Leeward had timely initiated a claim to be paid an additional EC $190,210.19 for Change Order work, is Leeward entitled to be paid this money given that Leeward did not

21

make a demand for payment contemporaneous with the payment of its Draft Final Account and given that Leeward did not otherwise submit evidence to substantiate its right to payment?

   Panel's Decision:

From the evidence presented at trial, the Panel finds that Leeward is entitled to the additional EC $190,210.19. Consequently, the Panel grants Leeward's claim for EC $190,210.19.

17.   Controversy:

Is Leeward barred from pursuing its claim to recover EC $19,475.40 for the Whitsuntide Holiday because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on June 1, 2009 and Leeward waited until February 3, 2011 – 21 months later – to commence arbitration?

   Panel's Decision:

The Panel finds that Leeward is not barred from any of its claims based on timeliness. However, claims pertaining to delays in the completion of the Project are subject to the Panel Decisions in *Section VI. (B-14) and (B-15)*, above.

18.   Controversy:

Even if Leeward had commenced arbitration in a reasonable amount of time, is Leeward entitled to EC $19,475.40 in damages for closing the construction site on June 1, 2009 for the Whitsuntide Holiday given that the holiday occurred after the May 14, 2009 deadline for Leeward to complete its work under the Contract Documents?

   Panel's Decision:

No. Refer to the Panel's Decision in *Section VI. (B-14)*, above.

19. <u>Controversy:</u>

Is Leeward barred from seeking payment for an additional EC $162,372.12 in "claims" out of the EC $181,847.52 sought in the Amended Demand for Arbitration because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a Claim no sooner than December 17, 2010 – 14 months later?



<u>Panel's Decision:</u>

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in the Award on page 31.

20. <u>Controversy:</u>

Even if Leeward had timely initiated a claim, is Leeward entitled to recover an additional EC $162,372.12 in "claims" given that Leeward was already paid that precise amount, EC $162,372.12, for these identical "claims," as confirmed by the Draft Final Account submitted by Leeward, certified by the Architect, and paid by AUA?

<u>Panel's Decision:</u>

This Panel finds that Leeward was rightfully paid for extra work, and for the "claims" (adverse weather and holiday) for a total of EC $1,232,008.91 in Change Orders and EC $162,372.12 in 'Claims' paid in the Draft Final Account.

21. <u>Controversy:</u>

Is Leeward barred from seeking EC $1,000,000 allegedly due and owing from the Cash Allowance portion of the Contract Sum because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that

Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a claim no sooner than December 17, 2010 – 14 months later?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in this Award.

22.   Controversy:

Even if Leeward had timely initiated such a claim, is Leeward entitled to recover EC $1,000,000 from the Cash Allowance component of the initial Contract Sum for contingent costs, including craneage, scaffolding and overtime, given that the EC $2,262,166.51 that Leeward billed for and received for such contingent costs includes the EC $1,000,000 allocated to contingent costs in the EC $27,436,824 Contract Sum, which Leeward uses as costs?

Panel's Decision:

This Panel finds that Leeward is not entitled to its claim for Cash Allowance because the evidence received and considered demonstrated to the Panel that, Leeward was paid EC $2,262,166.51 in Cash Allowance, with included the EC $1,000,000.00 claim.

23.   Controversy:

Is Leeward barred from pursuing to recover overhead and profit on the EC $191,090 in Doors and Windows Work deleted by AUA from Leeward's scope of work because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on April 21, 2009 and Leeward waited until February 3, 2011 – 22 months later – to commence arbitration?