Panel's Decision:

This Panel finds that Leeward is barred from pursuing the overhead and profit on the EC $191,090 in Doors and Windows Work deleted by AUA because such work was then given to Leeward under a Separate Contract and, therefore, is not subject to this Arbitration. Refer to the Panel's Decision in Section *V. (2)*.

24.   Controversy:

Even if Leeward had commenced arbitration in a reasonable amount of time on its claim for overhead and profit on the Doors and Windows Work, is Leeward entitled to recover EC $34,396.20 as and for its overhead and profit on this work given that the unit rates contained in the initial Bills of Quantities were "provisional sum rates" and given that Leeward entered into a separate contract with AUA in July 2009 to perform this work?

Panel's Decision:

No. *Refer to Panel's Decision in Controversy number 23, above.*

25.   Controversy:

Is Leeward barred from pursuing its claim to recover overhead and profit on the EC $1,735,589 in Painting Work deleted by AUA from Leeward's scope of work because Leeward failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on April 21, 2009 and Leeward waited until February 3, 2011 – 22 months later – to commence arbitration?

Panel's Decision:

The Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and, therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in this Final Award.

25

26. <u>Controversy:</u>

Even if Leeward had commenced arbitration in a reasonable amount of time on its claim for overhead and profit on the Painting Work, is Leeward entitled to recover EC $312,406.02 as and for its overhead and profit on this work given that Leeward would have incurred more in liquidated damages had the Painting Work not been removed from Leeward's scope of work than it seeks to recover in overhead and profit for this work?

<u>Panel's Decision:</u>

Yes. *Refer to the Panel's Decision in Section VI. (A-7).*

27. <u>Controversy:</u>

Is Leeward barred from seeking to recover monies allegedly due and owing under the Separate Contracts in the arbitration for either of the following separate reasons:

> a) Claims under the Separate Contracts are not arbitrable because AUA did not agree to arbitrate them; **Or**
>
> b) In the event Leeward's payment claims under the Separate Contracts fall within the scope of the arbitration provision (Section 4.6.1 of the General Conditions), because Leeward failed to initiate any claims within 21 days of their accrual in accordance with Section 4.3 of the General Conditions.

<u>Panel's Decision:</u>

Yes. This Panel finds in favor of AUA in that works that were performed under Separate Contracts are not subject to this Arbitration

28. <u>Controversy:</u>

Even if Leeward's claims under the Separate Contracts are subject to arbitration, and even if Leeward had initiated claims timely, has Leeward established that AUA only paid Leeward EC $1,359,035.40, in the aggregate, on the Separate Contracts and owes it an additional EC $202,943 on these contracts based upon the proposed contract amounts, particularly considering the evidence presented by AUA that Leeward was to be paid as per actual work (not the proposed amounts), and that Leeward was paid EC $1,452,261.32 for that work?

Panel's Decision:

No. *See Panel Decisions in Section VI. (A-7 and (B-2).*

29. Controversy:

Is Leeward entitled to an award for the EC $590,083 that AUA holds as retainage given that Leeward has not provided evidence that it satisfied its obligations under Section 9.10.2 of the General Conditions to provide "an affidavit that payrolls, bills for materials and equipment, and other indebtedness connected with the Work for which the Owner or the Owner's property might be responsible or encumbered have been paid or otherwise satisfied."?

Panel's Decision:

This Panel finds that the only issue regarding the retainage is the submittance by Leeward to AUA of the required documents. Therefore, this Panel hereby Orders Leeward to comply with Section 9.10.02 of the General Conditions, as applicable to the particular Project within the term provided in the Award on pages 31-32 and, thereafter, AUA must pay the remaining 2.5% of the Contract Sum equal to EC $590,083.00, without interest, if paid within the time allowed.

30. Controversy:

Should the mutual accounting mistake discovered by AUA on the eve of trial that resulted in Leeward receiving EC $83,059.56 less than was reflected in the Draft Final Account be part of any arbitration award, and potentially subject to the assessment of interest, given that Leeward never notified AUA of the error, or specifically demanded payment, or asserted any claim to recover this amount?

Panel's Decision:

This Panel determines that the ABST error was mutually acknowledged by both parties, and not having it been submitted as a controversy of this Arbitration and having it been discovered and in good faith informed by an AUA representative during the hearings, we conclude that this issue should be resolved outside of the context of this Arbitration.

31.   Controversy:

Is Leeward entitled to an award of interest for any portion of Leeward's EC $6,701,390.33 demand? If so, when should interest begin to run given Leeward's long delay in commencing arbitration on the three claims it actually initiated during the Project (*i.e.*, Additional Preliminaries, Whitsuntide Holiday and Overhead and Profit on the Painting Work and Doors and Windows Work) and given Leeward's failure to identify the remainder of its claims until filing its Amended Demand for Arbitration dated October 14, 2011?

Panel's Decision:

This Panel finds that Leeward is entitled to the claims recognized in this Award as herein stated. These claims shall accrue interest at the rate of 7% per annum, since the date of termination of the Project, October 31, 2009, as determined by the Panel; except for those claims that are specifically without interest.

32.   Controversy:

Did Leeward establish that AUA failed to pay one or more monthly payment applications timely, and if so, then what is the date of each such late payments and is Leeward entitled to an award of interest on any alleged late payments?

Panel's Decision:

Yes. *See Panel's Decision in Controversy **(A-3)** in Section VI.*

28

33. <u>Controversy</u>:

Is Leeward entitled to an award of interest on any allegedly late mobilization payments, or were its claims with respect to this issue settled in January 2009 as set forth in AUA Ex. 67 at AUA 003269?

<u>Panel's Decision</u>:

The Panel finds that the disputes regarding mobilization were resolved with a payment by AUA in December 22, 2009 and a settlement was reached by the parties in January 13, 2009.

34. <u>Controversy</u>:

To the extent Leeward is awarded any interest, should the rate of interest equal the statutory judgment rate in Antigua of 5%, given that the Contract Documents refer to the "legal rate" in Antigua?

<u>Panel's Decision</u>:

The Panel finds that Leeward is entitled to interest on the payments due and unpaid as set forth under Section 13.6.1 of the Contract and General Conditions as of October 3, 2009. However, this Panel finds that the interest shall be calculated at 7% per annum.

35. <u>Controversy</u>:

Is Leeward entitled to recover any of its legal fees and expenses in prosecuting its claims or in defending AUA's counterclaim for Liquidated Damages?

<u>Panel's Decision</u>:

Upon careful consideration and considering that both parties were equally at fault (Leeward 50%- AUA 50%) regarding some of the controversies submitted and in the management of the Contract, the Panel finds no compelling reason to grant attorney's fees, arbitration fees, expenses and compensation as provided under the laws of Antigua or otherwise. Each party shall bear their own attorneys' fees, arbitration expenses and such the like.

36.  Controversy:

Is AUA entitled to an award of Liquidated Damages in the amount of US $117,000.00 based upon Leeward's failure to achieve Substantial Completion within the Contract Time, but instead doing so 78 days later?

Panel's Decision:

After a careful analysis and evaluation of the witness statements as well as the evidence presented to the Panel, we find that both parties shared responsibilities for the project delays and, consequently, Leeward is responsible for 50% of the Liquidated Damages in the amount of EC $ 157,950.00[2], and such amount is hereby granted in favor of AUA.

37.  Controversy:

Is AUA entitled to setoff Liquidated Damages from the retainage it currently holds?

Panel's Decision:

No.  The Panel finds neither spurious allegations in Leeward's claims, nor intentional wrongdoing to award damages to AUA.  Consequently, AUA is denied its claim to setoff Liquidated Damages.

38.  Controversy:

Is AUA entitled to recover any of its legal fees and expenses in defending the claims asserted by Leeward and in prosecuting its counterclaim for Liquidated Damages?

Panel's Decision:

Upon careful consideration and considering that both parties were at fault regarding some of the controversies submitted and in the management of the Contract, the Panel finds no compelling reason to grant attorney's fees, arbitration fees, expenses and compensation as

---

[2] As per AUA's counterclaim for Liquidated Damages, the amount was expressed in US dollars and not EC dollars, therefore, considering the current currency conversion, said amount was calculated at $315,900.00 of which 50% is granted to AUA for $157,950.00.

provided under the laws of Antigua or otherwise. Each party shall bear their own attorneys' fees, arbitration expenses and such the like.

## AWARD

Accordingly, we ORDER and AWARD as follows:

1. Within thirty (30) days from the date of issuance of this Final Award Respondent AUA shall pay to Claimant Leeward the following amounts:

| | | |
|---|---|---|
| a) Interest on the Payments Due and Unpaid | EC $44,617.37 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. |
| b) Damages | EC $232,670.13 | This sum shall accrue interest of 7% per annum from the date of issuance of this Final Award. |
| c) Overhead and Profit for work deleted, omitted or modified | EC $802,399.25 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009 |
| d) Additional Preliminaries | EC $477,777.04 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009 |
| e) Change Order Work | EC $190,210.19 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009 |
| f) Retainage | EC $590,083.00 | This sum shall <u>not accrue any interest</u>. Leeward shall submit to AUA all contractually required documentation as set forth in Section 9.10.2 of the General Conditions. Leeward will have a term of not more than 30 calendar days from the date of issuance of this Final Award to submit said documentation. Once Leeward has submitted all required documentation accordingly, AUA shall release the retainage in a term not to exceed 30 calendar days, upon after which such amount shall start accruing interest at the rate of 7% per annum. If Leeward fails to comply with Section 9.10.2, of the General Conditions in the time hereby stated and granted the claim for such amount will be considered |

| | relinquished. Considering that this case is sub-judice, the herein referred notice may be made by counsel for Leeward to counsel for AUA, or by Leeward to AUA. |
|---|---|

2. As per AUA's counterclaim for Liquidated Damages, this Panel grants 50% of such in the amount of EC $157,950.00, which will accrue interest at the rate of 7% per annum from the date of this Final Award.

3. The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling $17,550.00 shall be borne by the parties as incurred. The compensation and expenses of the Panel totaling $151,992.75 shall be borne by the parties as incurred.

4. The terms of this Final Award shall be complied within thirty (30) days from the date of this Final Award.

This Final Award is in full settlement of all claims and counterclaims submitted to this Arbitration.

This Final Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

Per the arbitration clause, the location of the arbitration is Antigua; however, the parties jointly agreed for the Hearings to be held in Isla Verde, Puerto Rico. We hereby certify that, for the purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in Isla Verde, Puerto Rico, on June 22, 2012, amended *nunc pro tunc* on this 8 day of August, 2012.

| | |
|---|---|
| 8/8/2012 | _____ |
| Date | Jorge R. Jiménez, Esq. |
| | Panel Chairman |
| 8/8/2012 | _____ |
| Date | Héctor M. Varela, P.E. |
| | Arbitrator |
| 8/8/2012 | _____ |
| Date | José R. Capó, Esq. |
| | Arbitrator |

State of Puerto Rico        Affidavit # 301
County of San Juan

On this __8__ day of August, 2012 before me personally came and appeared Jorge R. Jiménez, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that he executed the same.

8/8/2012                                    _____
Dated                                       Notary Public

State of Puerto Rico        Affidavit # 302
County of San Juan

On this __8__ day of August, 2012 before me personally came and appeared Héctor M. Varela, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that he executed the same.

8/8/2012                                    _____
Dated                                       Notary Public

State of Puerto Rico        Affidavit # 303
County of San Juan

On this __8__ day of August, 2012 before me personally came and appeared José R. Capó, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that he executed the same.

8/8/2012                                    _____
Dated                                       Notary Public



301

#302

#303