UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AMERICAN UNIVERSITY OF ANTIGUA –
COLLEGE OF MEDICINE,

        Petitioner,

v.

LEEWARD CONSTRUCTION COMPANY,
LTD.,

        Respondent.
-------------------------------------------------------------x

Case No. 1:14-CV-08410-DLC/GWG

Honorable Denise L. Cote
United States District Judge

---

## AMERICAN UNIVERSITY OF ANTIGUA'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION SEEKING ATTACHMENT AND A PRELIMINARY INJUNCTION

---

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178

LAW OFFICES OF LEONARD A.
SCLAFANI, ESQ.
One Battery Park Plaza, 33rd Floor
New York, New York 10004

*Attorneys for Petitioner
American University of Antigua
College of Medicine*

**Of Counsel and On the Brief:**
James Hirschhorn
Gregory E. Reid
Leonard A. Sclafani

## TABLE OF CONTENTS

                                                                             **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL ARGUMENT ............................................................................................................... 2

    I.      AUA IS ENTITLED TO AN ORDER OF ATTACHMENT PURSUANT TO FED. R. CIV. P. 64 AND C.P.L.R. 6212 AND 7502 ...................................... 2

    II.     IN ADDITION AND IN THE ALTERNATIVE, AUA IS ENTITLED TO A PRELIMINARY INJUNCTION ENJOINING LEEWARD FROM ENFORCING LEEWARD'S JUDGMENT IN VIOLATION OF THE STAY AGREEMENT ........................................................................................ 6

CONCLUSION ......................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Achtman v. Kirby, McInerney & Squire, LLP,*
464 F.3d 328 (2d Cir. 2006)......................................................................................................8

*Epperson v. Entm't Express, Inc.,*
242 F.3d 100 (2d Cir. 2001)......................................................................................................7

*Jenkins v. Weinshienk,*
670 F.2d 915 (10th Cir. 1982) ..................................................................................................9

*K.C. ex rel. Erica C. v. Torlakson,*
762 F.3d 963 (9th Cir. 2014) ....................................................................................................9

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375 (1994)...............................................................................................................7, 9

*Lyndonville Sav. Bank & Trust Co. v. Lussier,*
211 F.3d 697 (2d Cir. 2000)......................................................................................................8

*Matter of Thornton & Naumes, LLP (Athari Law Off.),*
36 A.D.3d 1119 (3d Dept. 2007) ..............................................................................................3

*Nat'l City Mortgage Co. v. Stephen,*
647 F.3d 78 (3d Cir. 2011)........................................................................................................9

*Peacock v. Thomas,*
516 U.S. 349 (1996)...............................................................................................................7, 9

*Promisel v. First Am. Artificial Flowers, Inc.,*
943 F.2d 251 (2d Cir. 1991)......................................................................................................8

*Saferstein v. Wendy,*
137 Misc. 2d 1032 (Sup. Ct. N.Y. Cty. 1987) .........................................................................3

*SG Cowen Sec. Corp. v. Messih,*
224 F.3d 79 (2d Cir. 2000).....................................................................................................3, 4

*UBS Fin. Servs. v. W. Va. Univ. Hosps., Inc.,*
660 F.3d 643 (2d Cir. 2011)....................................................................................................10

*United Mine Workers of America v. Gibbs,*
383 U.S. 715 (1966).................................................................................................................10

*Village of W. Hampton Dunes v. New York,*
14-cv-3299 (ADS) (AKT), 2015 U.S. Dist. LEXIS 24652 (S.D.N.Y. March 2, 2015) ............9

# TABLE OF AUTHORITIES
(continued)

Page

*Warner Vision Entm't. Inc. v. Empire of Carolina, Inc.*,
   101 F.3d 259 (2d Cir. 1996) ................................................................................. 12

*Yusef Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*,
   126 F.3d 15 (2d Cir. 1997) ................................................................................... 11

**FEDERAL STATUTES**

28 U.S.C. § 1367 (a) .................................................................................................. 8

**STATE STATUTES**

CPLR 7502, 7502(c) ......................................................................................... 1, 2, 3

CPLR Article 62, 6212(a) ................................................................................ 1, 2, 3

CPLR Article 63 ............................................................................................... 1, 2, 3

**OTHER AUTHORITIES**

Weinstein, Korn & Miller, 12 N.Y. CIVIL PRACTICE ¶ 6212.02 (2d ed. 2014) ......... 4

Wright, Miller & Kane, 11A *Federal Practice and Procedure: Civil* § 2948, at 133-34
   (2d Ed. 1995) ........................................................................................................ 12

Wright, Miller & Kane, 13 *Federal Practice and Procedure: Juris.* § 3523.2 (3d ed.
   2010) ....................................................................................................................... 9

## PRELIMINARY STATEMENT

Leeward's response to AUA's motion for a pre-judgment attachment and a preliminary injunction is remarkable for what it does not contest. Leeward concedes that it is a defunct business with no assets to satisfy AUA's award in this case other than the First Judgment. Leeward concedes that it has prevented the remainder of the Second Arbitration from going forward by refusing to pay the arbitrators' fees, all the while arguing that the award in this case is not final because the Second Arbitration is not complete. Leeward concedes that AUA has the right to offset any judgment in this action against the First Judgment. Leeward concedes that the only thing keeping it from executing on the First Judgment, disappearing with the proceeds, and thereby rendering a judgment in this action worthless is the *supersedeas* bond in the pending appeal of the First Judgment. In sum, Leeward concedes all of the facts that make it essential for this Court to attach the First Judgment and enforce the Stay Agreement in order to protect and effectuate its eventual judgment in this action.

Having no response to AUA's evidence of the crucial facts, Leeward spends the first 16 pages of its brief rehashing arguments already made as to why the Second Award should not be enforced. Leeward has added nothing to its Memorandum of Law in opposition to AUA's Motion to Enforce and in support of its cross-application to deny, vacate, or modify the award. ECF Nos. 25 and 35. AUA will not burden the Court by repeating the arguments in its own Memorandum of Law and Reply Memorandum in support of its confirmation petition, ECF Nos. 2 and 34, to which the Court is referred.

In opposition to AUA's motion for pre-judgment attachment under CPLR 7502, Leeward argues that AUA must satisfy the standards for a preliminary injunction under CPLR Art. 63. This is the incorrect legal standard. CPLR 7502 requires that the standards of CPLR Art. 62 be

satisfied for a pre-judgment attachment, and the standards of Art. 63 for a pre-judgment injunction. For the reasons stated in its initial Memorandum, AUA has satisfied the standards of Art. 62. In any event, it also satisfies the standards of Art. 63: irreparable injury, substantial issues of law going to the merits, and a balance of hardships decisively in its favor.

In opposition to AUA's motion for a preliminary injunction, Leeward argues that this Court lacks subject matter jurisdiction to enforce the Stay Agreement. Again, Leeward relies on the incorrect legal standard. Supplemental jurisdiction exists where, as here, a preliminary injunction is necessary to protect the Court's ability to render a meaningful final judgment.

For the reasons set forth in AUA's opening Memorandum of Law in support of its motion seeking attachment and a preliminary injunction, and as expounded upon below, AUA is entitled to an order of attachment and/or a preliminary injunction preventing Leeward from enforcing Leeward's Judgment pending resolution of this action and final determination of AUA's claims in the Second Arbitration.

## **LEGAL ARGUMENT**

### I. AUA IS ENTITLED TO AN ORDER OF ATTACHMENT PURSUANT TO FED. R. CIV. P. 64 AND C.P.L.R. 6212 AND 7502

As an initial matter, although it does not change the result, Leeward applies the wrong legal standard to AUA's motion for an order of attachment under CPLR 6212(a) and 7502(c). Leeward's confusion appears to stem from the fact that Section 7502(c) addresses *both* applications for pre-judgment attachment (under article 62) *and* preliminary injunctions (under article 63). CPLR 7502(c) provides as follows:

> Provisional remedies. The supreme court in the county in which an arbitration is pending or in a county specified in subdivision (a) of this section, may entertain

an application for an order of attachment or for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced inside or outside this state, whether or not it is subject to the United Nations convention on the recognition and enforcement of foreign arbitral awards, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of articles 62 and 63 of this chapter shall apply to the application, including those relating to undertakings and to the time for commencement of an action (arbitration shall be deemed an action for this purpose), except that the sole ground for the granting of the remedy shall be as stated above.

Thus, CPLR 7502(c) provides for two alternative provisional remedies, attachment and preliminary injunction, and it incorporates by reference the CPLR articles governing each. The provisions of article 62 apply to an application for pre-judgment attachment under 7502(c) and the provisions of article 63 apply to an application for a preliminary injunction under 7502(c). Just as article 62's rules governing attachment have no bearing on a motion for a preliminary injunction, article 63's rules governing preliminary injunctions do not apply to an attachment application pursuant to article 62 and section 7502(c).

*SG Cowen Sec. Corp. v. Messih*, 224 F.3d 79 (2d Cir. 2000), and *Saferstein v. Wendy*, 137 Misc. 2d 1032 (Sup. Ct. N.Y. Cty. 1987), on which Leeward relies, both involve preliminary injunctions pending the completion of an arbitration proceeding, rather than attachments. AUA respectfully submits that the legal standard set forth in its opening Memorandum of Law is the correct one: "Thus, under Article 62 and Article 75, AUA may obtain an order of attachment by showing evidence that (1) there is a cause of action; (2) they will probably succeed on the merits; (3) the award would be rendered ineffectual without the attachment; and (4) the amount demanded exceeds all known counterclaims. *See* CPLR §§ 6212(a); 7502(c)." ECF No. 40, AUA Opening Brief at 11. *See, e.g. Matter of Thornton & Naumes, LLP (Athari Law Off.)*, 36 A.D.3d 1119 (3d Dept. 2007).

Leeward only addresses two of the four elements, conceding that there is a cause of

3

action and that the amount demanded exceeds all of Leeward's known claims. As Leeward implicitly acknowledges, at best, if AUA's appeal is unsuccessful, Leeward will have a claim against AUA in the amount of its Judgment from the First Arbitration, $966,026.79 plus 7% interest per annum.[1] The amount demanded from Leeward, $1,344,588.25, exceeds all of Leeward's known claims. Moreover, AUA still has nearly $1 million in Construction Defects Counterclaims pending.

As to the likelihood of success on the merits, as noted above, Leeward merely repeats the same arguments it made in opposition to AUA's motion to confirm the underlying arbitration award. The merits of AUA's confirmation motion have been fully briefed in this case. To avoid repetition, AUA relies on its opening brief and incorporates by reference the briefing in support of its motion to confirm the Award and in opposition to Leeward's cross-motion to deny enforcement, vacate, and modify the Award. *See generally* ECF Nos. 2, 34, and 40. That said, while AUA has shown that it is entitled to ultimate relief on the merits, the required showing here is of a different nature. For one, under 7502(c), "[t]he likelihood of success is thus measured in terms of the likelihood of success *in arbitration*." *SG Cowen*, 224 F.3d at 84 (emphasis in original). AUA has already succeeded on the merits of the underlying arbitration. Second, probability of success on the merits does not mean anticipating and definitely refuting the defenses that may be asserted, rather, the test is "whether the movant's papers demonstrate a *prima facie* case." Weinstein, Korn & Miller, 12 N.Y. CIVIL PRACTICE ¶ 6212.02 (2d ed. 2014) (citations omitted). To the extent AUA must show a likelihood of success in its confirmation action, as opposed to the underlying arbitration, Leeward does not dispute that AUA has carried its burden of demonstrating a *prima facie* case for confirmation of AUA's Award.

---

[1] Leeward's only claim in the Second Arbitration was for approximately $30,000 and has been conclusively, unambiguously, and finally rejected by the arbitration panel.

4

On the only remaining prong—whether AUA's Anticipated Judgment will be rendered ineffectual in the absence of attachment—Leeward does not deny that it is insolvent, no longer in business, and that if given the opportunity, would execute on Leeward's Judgment and dissipate those funds, thereby rendering AUA's Anticipated Judgment ineffectual. Leeward's entire defense rests on the fact that the *supersedeas* bond and stay pending appeal are currently preventing Leeward from inflicting its desired harm. But that holds true only until the pending appeal is decided. If Leeward prevails, the stay is dissolved, Leeward executes on the First Judgment and dissipates the proceeds, and the judgment in this case becomes worthless. Since AUA has appealed only a portion of the First Judgment,[2] the same thing will happen to the balance if AUA prevails on the portion it has appealed. The only way to assure that the First Judgment is available to offset a judgment for AUA in this case is to attach it pending this Court's decision of AUA's motion to confirm.

Lastly, although a balancing of the equities is not a statutory factor in the attachment analysis, Leeward's equitable argument strains credulity. According to Leeward, the balance of equities weighs in Leeward's favor because "[i]f AUA brought its claims in the First Arbitration Proceeding, it would not need an order of attachment now." ECF No. 44, Leeward Opp. Br. at 18. This is simply a recasting of Leeward's *res judicata* argument—an argument that the arbitration panel correctly rejected in ruling that AUA's claims were timely and meritorious.

As set forth in detail in AUA's briefing in support of its motion to confirm the Award and in opposition to Leeward's cross-motion to deny enforcement, vacate, and modify the Award (*see e.g.*, ECF No. 34), none of the issues presented in the First Arbitration were the same as any of the issues presented in the Second Arbitration. None of the claims and none of the defenses in

---

[2] *See* Second Circuit Docket No. 13-1708, docket entry 94.

5

the First Arbitration involved any aspect of ABST or construction defects. The facts underlying the First Arbitration were significantly different than the facts underlying the Second Arbitration. More directly to the equitable point, Leeward does not claim that its ability to present a defense to AUA's claims was prejudiced in any way by this perceived delay.

Curiously, Leeward's equitable argument appears to be based on a hypothetical world where, although not required to do so, AUA brought its ABST and Construction Defects claims in the First Arbitration. In that hypothetical world, apparently, AUA would not need an order of attachment now. For better or worse, we are not in Leeward's hypothetical world. In reality, as Leeward effectively concedes, AUA needs an order of attachment to ensure that Leeward does not obtain a windfall before the resolution of the claims between the parties. AUA stands to lose approximately $1 million that it will never be able to get back. Leeward, on the other hand, is already fully secured by the bond AUA obtained, including interest on Leeward's Judgment for two years. Maintaining the *status quo* pending a determination of the merits will not harm Leeward, and will allow AUA to avoid the harsh consequences of allowing Leeward the unfettered right to attach AUA's assets, with no ability to prevent Leeward from taking those assets to Antigua and dissipating them. Accordingly, the balance of the equities tips heavily in AUA's favor.

## II. IN ADDITION AND IN THE ALTERNATIVE, AUA IS ENTITLED TO A PRELIMINARY INJUNCTION ENJOINING LEEWARD FROM ENFORCING LEEWARD'S JUDGMENT IN VIOLATION OF THE STAY AGREEMENT

Leeward's central argument in opposition to the motion for preliminary injunction is that this Court lacks jurisdiction to enforce the Stay Agreement, and therefore, cannot prevent Leeward from enforcing Leeward's Judgment in violation of the Stay Agreement. Leeward

6

reaches this flawed conclusion by relying on factually inapposite case law regarding federal court jurisdiction when a party **returns** to court to seek enforcement of a settlement agreement arising out of a **previously dismissed case**. *See* Leeward Opp. Br. at 20-22 (discussing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Under those circumstances—a subsequent lawsuit asserting claims with no independent basis for jurisdiction—"a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (citing *Kokkonen*, 511 U.S. at 380-81). The cases relied on by Leeward, therefore, elaborate on the unremarkable principle that "[t]he court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." *Peacock*, 516 U.S. at 355.

This is not a previously dismissed case where a party returns to court to seek enforcement of a settlement agreement. On the contrary, this is a pending case where the threshold jurisdictional power undeniably exists, therefore, the jurisdictional question presented is entirely different. The relevant inquiry here is as follows: May a federal district court currently exercising federal question jurisdiction exercise jurisdiction over a pendent state law claim when necessary to allow it to vindicate its role as a tribunal?

The answer is unequivocally yes. A federal court may exercise ancillary jurisdiction for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 104-05 (2d Cir. 2001) (quoting *Peacock*, 516 U.S. at 354). Here, AUA satisfies both independent bases for ancillary jurisdiction.

7

The first category of claims that the doctrine of ancillary jurisdiction applies to are pendent state law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367 (a). The Second Circuit has held that "disputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotations and citations omitted). In determining whether two disputes arise from a common nucleus of operative fact, the Second Circuit "has traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped . . . *[or] the federal claim necessarily brought the facts underlying the state claim before the court.*'" *Id.* (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (emphasis added).

Here, AUA's petition to confirm the arbitration award necessarily brought the facts underlying enforcement of the Stay Agreement before the Court. When this Court acquired jurisdiction over this case it acquired jurisdiction to render a meaningful decision. In order to do that, it is necessary to determine whether the Stay Agreement precludes Leeward from executing on the Leeward Judgment. Put another way, if the facts underlying enforcement of the Stay Agreement are not before this Court, Leeward will have the power to undermine this Court's authority and render this Court's disposition of the principal issues before it meaningless. Under these circumstance, exercising pendent jurisdiction—a "favored and normal course of action"—is entirely appropriate. *See Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991).

The second category of claims that a federal court can exercise ancillary jurisdiction over, often referred to as "ancillary enforcement jurisdiction," are those claims and actions which are

8

necessary to manage its proceedings, vindicate its authority, and effectuate its own judgments. *Kokkonen*, 511 U.S. at 380; *Peacock*, 516 U.S. at 354; *see Nat'l City Mortgage Co. v. Stephen*, 647 F.3d 78, 85 (3d Cir. 2011), as amended (Sept. 29, 2011) ("Ancillary enforcement jurisdiction is . . . a creature of necessity, . . . giving federal courts the power to enforce their judgments and ensuring that they are not dependent on state courts to enforce their decrees.") (internal citations and quotation marks omitted).

As Judge Spatt explained earlier this month, "[t]he underlying premise of this second category of ancillary jurisdiction is that 'a district court acquires jurisdiction of a case or controversy in its entirety, and, as an incident to the full disposition of the matter, may hear collateral proceedings when necessary to allow it to vindicate its role as a tribunal.'" *Village of W. Hampton Dunes v. New York*, 14-cv-3299 (ADS) (AKT), 2015 U.S. Dist. LEXIS 24652, at *22 (S.D.N.Y. March 2, 2015) (quoting Wright, Miller & Kane, 13 *Federal Practice and Procedure: Juris.* § 3523.2 (3d ed. 2010); *see also K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) ("[T]his less common exercise of non-statutory ancillary jurisdiction 'rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety. Incident to the disposition of the principal issues before it, a court may decide collateral matters necessary to render complete justice.'") (quoting *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982)).

Here, in order to render complete justice, the Court must decide whether Leeward is bound by the Stay Agreement. Leeward has admitted that if the Second Circuit decides the appeal before this Court renders a decision on AUA's confirmation motion, it will grab AUA's property and dissipate those funds, thereby turning these proceedings into an exercise in futility. It is difficult to imagine a scenario that more forcefully calls for the Court to vindicate its

9

authority and role as a tribunal than one in which a party before the Court openly desires to undermine the Court's ability to render a meaningful decision.

Moreover, supplemental jurisdiction's "justification lies in considerations of judicial economy, convenience and fairness to litigants." *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, (1966). Here, all of these underlying considerations support exercising supplemental jurisdiction. As to fairness to litigants, Leeward and AUA expressly agreed that "[t]he Federal and State Courts within the State of New York shall have exclusive jurisdiction over any claim arising from this [Stay] Agreement, and Leeward and AUA each consent and agree to be subject to the jurisdiction of said Courts for the limited purpose of adjudicating any such disputes arising out of this [Stay] Agreement." Stay Agreement, ¶ 11. Further, if the Court declines to exercise supplemental jurisdiction, an action to enforce the Stay Agreement would have to be filed in state court, which would waste judicial resources and contradict the stated purpose of supplemental jurisdiction.

For the foregoing reasons, AUA respectfully submits that this Court has jurisdiction to prevent Leeward from executing on Leeward's Judgment in violation of the Stay Agreement.

Leeward's non-jurisdictional arguments opposing the issuance of a preliminary injunction warrant little discussion here, as they are the same arguments Leeward made opposing attachment. Briefly, it is worth noting that AUA does not have to successfully prove its case on the merits, or even demonstrate a likelihood of success on the merits, in order to obtain a preliminary injunction. All AUA must demonstrate are "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *UBS Fin. Servs. v. W. Va. Univ. Hosps., Inc.*,

660 F.3d 643, 648 (2d Cir. 2011) (citations omitted).  Whether this inquiry is directed at AUA's attempt to confirm the arbitration award or to enforce the Stay Agreement, there can be no meaningful dispute over the fact that there are sufficiently serious questions going to the merits to make them a fair ground for litigation.  Given the deferential standard for confirming arbitration awards, *see Yusef Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) (confirmation of an arbitration award pursuant to the Convention and the FAA is a summary proceeding that merely converts what is already a final arbitration award into an enforceable judgment of the Court), by definition, AUA has carried its burden of showing that a fair ground for litigation exists.  The same is true regarding an attempt to enforce an executed Stay Agreement that was vigorously negotiated at arm's length by counsel for both parties.

As to the irreparable injury prong, Leeward merely repeats the same argument it made in contending that the Anticipated Judgment will not be rendered ineffectual in the absence of attachment.  That is, Leeward concedes that it is insolvent, no longer in business, and that if given the opportunity, would execute on Leeward's Judgment and dissipate those funds, thereby rendering AUA's injury irreparable.  Again, Leeward's entire defense rests on the fact that the *supersedeas* bond and stay pending appeal are currently preventing Leeward from inflicting its desired harm.  But that is little consolation to AUA and offers no protection should the Second Circuit decide the appeal in Leeward's favor before the conclusion of this case.  Moreover, it ignores the fact that the relief sought herein—enforcement of the Stay Agreement—would prevent Leeward from executing on Leeward's Judgment until the Second Arbitration panel rules on AUA's pending Construction Defects Counterclaims.  Further, as stated repeatedly, increasing the amount of a net award that the defunct Leeward cannot pay through a successful appeal of Leeward's Judgment is of no practical value.  Again, AUA would prefer to avoid

11

wasting time, money, and judicial resources on such an appeal, but cannot do so because, in the absence of enforcing the Stay Agreement, the appeal is the only protection AUA has.

Leeward's argument that injunctive relief is unnecessary because of an appeal in a related case collapses under scrutiny. The purpose of a preliminary injunction is to preserve "the court's power to render a meaningful decision after a trial on the merits." *Warner Vision Entm't. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261-62 (2d Cir. 1996). Leeward would have this Court abdicate its responsibility to preserve its power to render a meaningful decision and force AUA to pursue an appeal that, although legally meritorious, is not in AUA's best interest financially. It is patently unfair to AUA, and disrespectful to the Second Circuit, to require AUA to pursue an appeal for the purpose of maintaining the *status quo* and preserving this Court's power to render a meaningful decision on the merits. This Court has the appropriate tools for maintaining the *status quo* pending a determination of the merits—attachment and/or a preliminary injunction. Effectively mandating an appeal that will waste time, money, and judicial resources, as Leeward advocates, is not an appropriate resolution.

Lastly, as stated above and in AUA's opening brief, the balance of hardships strongly weighs in AUA's favor. AUA is simply asking the Court to preserve the *status quo* to ensure that Leeward does not obtain a windfall before the resolution of the claims between the parties. The balance of the equities must be struck to effect substantial justice and tilts in favor of a plaintiff who merely seeks to maintain the *status quo*. *See* Wright, Miller & Kane, 11A *Federal Practice and Procedure: Civil* § 2948, at 133-34 (2d Ed. 1995). Maintaining the *status quo* pending a determination of the merits will not harm Leeward, and will allow AUA to avoid the harsh consequences of allowing Leeward the unfettered right to attach AUA's assets in direct violation of the Stay Agreement, with no ability to prevent Leeward from taking those assets to

Antigua and dissipating them. Accordingly, the balance of the equities tips heavily in AUA's favor, and an injunction should be granted.

## CONCLUSION

AUA is entitled to attachment and/or injunctive relief enjoining Leeward from enforcing Leeward's Judgment in violation of the Stay Agreement. AUA will be severely harmed in the absence of such relief, while Leeward risks, and loses, nothing. For the reasons set forth above, AUA respectfully requests (1) the issuance of an order attaching Leeward's property interest in Leeward's Judgment and related *supersedeas* bond; and (2) the issuance of a preliminary injunction enjoining Leeward from enforcing Leeward's Judgment in violation of the Stay Agreement pending resolution of this action and final determination of AUA's claims in the Second Arbitration.

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.

By: /s/ James Hirschhorn
     JAMES HIRSCHHORN

*Attorneys for Plaintiff*
*American University in Antigua College of Medicine*

Dated: New York, New York
      March 13, 2015